IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, MITCHELL NALLEY, EVA DAVIS, SECOND AMENDMENT FOUNDATION, ILLINOIS STATE RIFLE ASSOCIATION, FIREARMS POLICY COALITION, INC., <br><br>          Plaintiffs <br><br>  v. <br><br>KWAME RAOUL et al., <br><br>          Defendants. | Case No.: 21-cv-00518-DWD |

**DEFENDANTS KENDALL COUNTY STATE'S ATTORNEY ERIC WEIS, KENDALL COUNTY SHERIFF DWIGHT BAIRD, FAYETTE COUNTY STATE'S ATTORNEY JOSHUA MORRISON, AND FAYETTE COUNTY SHERIFF CHRISTOPHER PALMER'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

    Defendants Kendall County State's Attorney Eric Weis, Kendall County Sheriff Dwight Baird, Fayette County State's Attorney Joshua Morrison, and Fayette County Sheriff Christopher Palmer, by their attorneys Benjamin Jacobi and Karen McNaught, request that this court dismiss Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) and in support thereof state as follows.

### INTRODUCTION

    Plaintiffs challenge Illinois legislation that bans 18-to-20-year-olds from carrying handguns outside their homes or automobiles as infringing on their Second Amendment rights. They sued state and county officials in both their individual and official capacities for declaratory and injunctive relief pursuant to § 1983 seeking to enjoin the enforcement of the so-called "18-to-20-Year-Old Carry Ban"—this despite no threat of enforcement by the Kendall County Sheriff and State's Attorney ("Kendall County Defendants") or the Fayette County

Sheriff and State's Attorney ("Fayette County Defendants"), no interactions with the Kendall County and Fayette County Defendants, and without current ownership of handguns by the Plaintiffs (they are permitted to own handguns assuming they have a FOID card, which is an additional condition only two of the three named plaintiffs meet). They also seek nominal money damages and attorneys' fees. The Kendall County and Fayette County Defendants request that this court dismiss the complaint against them for the following reasons:

1. All individual capacity claims should be dismissed because Plaintiffs do not allege that the Defendants personally acted to infringe their constitutional rights.

2. All individual capacity claims are barred by qualified immunity.

3. The individual capacity claims against the State's Attorneys are barred by absolute prosecutorial immunity.

4. The official capacity claims against the State's Attorneys are barred by the Eleventh Amendment and are duplicative of claims against the Illinois Attorney General.

5. The official capacity claims against the Sheriffs should be dismissed because Plaintiffs fail to plead the elements of a *Monell* claim.

6. The Sheriffs and States Attorneys are not proper parties because they do not possess the authority to issue Firearm Concealed Carry licenses to the Plaintiffs.

7. Plaintiffs' claims are not ripe and Plaintiffs lack standing.

## ALLEGATIONS IN COMPLAINT

Plaintiff David Meyer ("Meyer") is a person over the age of 18 but under the age of 21, and is a citizen of Fayette County, Illinois. (Doc. 1 ¶ 21.) Plaintiff Mitchell Nalley ("Nalley") is a person over the age of 18 but under the age of 21, and is a citizen of St. Clair County, Illinois. (Doc. 1 ¶ 22.) Plaintiff Eva Davis ("Davis") is a person over the age of 18 but under the age of 21, and is a citizen of Kendall County, Illinois. (Doc. 1 ¶ 23.)

Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue,

Washington. SAF alleges that it seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control. SAF has thousands of members in Illinois, including allegedly the named Plaintiffs. (Doc. 1 ¶ 24.)

Plaintiff Illinois State Rifle Association ("ISRA") is a nonprofit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA alleges that its purpose is to secure the constitutional right to privately own, possess, and carry firearms in Illinois through education, outreach, and litigation. IRSA has more than 26,000 members in Illinois, including allegedly the named Plaintiffs. ISRA alleges that its members have been "adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, and practices challenged herein." (Doc. 1 ¶ 25.)

Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. FPC alleges that its purpose is to defend and promote the Second Amendment right to keep and bear arms, and that it serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC alleges to have members in Illinois, including the named Plaintiffs. (Doc. 1 ¶ 26.)

Plaintiffs challenge the constitutionality of the "18-to-20-year-old Carry Ban," collectively codified at 720 ILCS 5/24-1(a)(4)(iv), 720 ILCS 5/24-1(a)(10)(iv), 720 ILCS 5/24-1.6(a)(3)(I), and 430 ILCS 66/25(a), which they allege prohibits 18- to 20-year-old individuals from carrying handguns outside their property or automobile, and prohibits 18- to 20-year-old individuals from obtaining a license under the Firearms Concealed Cary Act. (Doc. 1 ¶¶ 7, 10, 38–44.)

Plaintiffs allege that Meyer is 19 years old, desires to carry a handgun for self-defense and other lawful purposes, has a valid Firearm Owners Identification Card ("FOID"), and would acquire a Smith and Wesson Shield handgun if he were free to lawfully carry one through an interfamilial gift. (Doc. 1 ¶¶ 45, 49–51.)

Plaintiffs allege that Nalley is 19 years old, desires to carry a handgun outside the home, has a valid FOID card, and would acquire a Smith and Wesson M&P handgun through private sale if he were free to lawfully carry one. (Doc. 1 ¶¶ 58, 62–64.)

Plaintiffs allege that Davis is 18 years old, desires to carry a handgun outside of the home, has "submitted an application for a FOID card" (though apparently has not been granted a card yet), and would acquire a Beretta Pico handgun through an interfamilial gift if she were free to lawfully carry one. (Doc. 1 ¶¶ 71, 75–77.)

Plaintiffs allege that Defendants, "By their active enforcement of the Illinois 18-to-20-Year-Old Carry Ban, are precluding [each Plaintiff] from obtaining a license to carry and subjecting" each Plaintiff to the Ban's carry restrictions, which criminalizes each Plaintiff's desired conduct to carry a handgun. (Doc. 1 ¶¶ 52, 65, 78.) Plaintiffs allege that, "[a]s a result of Defendants' current enforcement of the Illinois 18-to-20-Year-Old Carry Ban," if any of the Plaintiffs carry a handgun in public, then they will be subjected to arrest and criminal charges. (Doc. 1 ¶¶ 53, 66, 79.) Plaintiffs allege that each Plaintiff "has abstained from carrying a handgun in public for all lawful purposes including self-defense, for the fear of arrest, prosecution, incarceration, and/or fine, pursuant to the 18-to-20-Year-Old Carry Ban, enforced by Defendants, should he carry a handgun in public for all lawful purposes including self-defense." (Doc. 1 ¶¶ 57, 70, 83.)

No plaintiff alleges that he or she has actually been prosecuted or threatened with prosecution by any of the Defendants.

Plaintiffs filed this lawsuit on May 27, 2021 against Kwame Raoul, in his individual capacity and official capacity as Attorney General of Illinois and Brendan Kelly, in his individual capacity and official capacity as the Director of the Illinois State Policy (the "State Defendants"). Plaintiffs also named as Defendants Fayette County State's Attorney Joshua Morrison and Fayette County Sheriff Christopher Palmer (the "Fayette County Defendants"), Kendall County State's Attorney Eric Weis and Kendall County Sheriff Dwight Baird (the "Kendall County Defendants"), and St. Clair County State's Attorney James Gnomic and St. Clair County Sheriff Richard Watson (the "St. Clair County Defendants"). Plaintiffs sue each of the Defendants in his individual and official capacities.

Plaintiffs bring two counts. Count I is brought by all Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983 and alleges that the Defendants' current enforcement of the 18-to-20-Year-Old Carry Ban infringes on their Second and Fourteenth Amendment rights under the United States Constitution to keep and bear arms. Count II is brought by Davis, SAF, ISRA, and FPC against all Defendants and alleges that Defendants' current enforcement of the 18-to-20-Year-Old Carry Ban disproportionately infringes on the rights of females under the Second and Fourteenth Amendments of the United States Constitution to keep and bear arms. Plaintiffs seek a declaration that the 18-to-20-Year-Old Carry Ban is unconstitutional, an injunction prohibiting Defendants from enforcing it against Plaintiffs and their members, and an award of nominal damages and attorneys' fees. (Doc. 1 ¶¶ 111–115.)

**STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true the well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Nixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). The complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction to adjudicate a claim.

**I.   All Individual Capacity Claims Should Be Dismissed Because Plaintiffs Do Not Allege That Defendants Personally Acted to Infringe on Their Constitutional Rights.**

"Section 1983 creates liability only for a defendant's personal acts or decisions." *Vanning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Section 1983 does not authorize "supervisory liability." *Id*. Thus, a plaintiff must plead facts demonstrating a defendant's personal involvement in the allegedly unconstitutional activities. *See id*.

Plaintiffs do not allege any personal acts or decisions by the Kendall County or Fayette County Defendants. They do not allege that the Sheriffs arrested or threatened to arrest anyone or that the State's Attorneys prosecuted or threatened to prosecute anyone, let alone the named Plaintiffs. Without any allegations of personal involvement in the alleged constitutional violations, the "individual capacity" claims against the Kendall County and Fayette County Defendants must be dismissed.

## II.     All Individual Capacity Claims Are Barred by Qualified Immunity.

Qualified immunity protects government officials from liability for civil damages if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Allin v. City of Springfield,* 845 F.3d 858, 862 (7th Cir. 2017). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The court's consideration of the qualified immunity defense involves two distinct steps: (1) the court must determine whether a plaintiff has presented the deprivation of a constitutional right; and (2) the court must consider whether that right was clearly established at the time of the alleged misconduct. *Pearson v, Callahan,* 555 U.S. 223, 232 (2009). The sequence in which the court addresses these two steps is left to the discretion of the court. *Pearson,* 555 U.S. at 236. But, once the qualified immunity defense has been raised, it becomes the plaintiff's burden to defeat it.  *Wheeler v. Lawson,* 539 F.3d 629, 639 (7th Cir. 2008).  Plaintiff's burden is to establish both the existence of a constitutional violation and that the constitutional right was clearly established. *Zorzi v. County of Putman,* 30 F.3d 885 (7th Cir. 1994).

In order to defeat a claim of qualified immunity, plaintiff must identify case law which has articulated the right at issue and applied it in factual circumstances similar to those at hand. *Hardaway v. Meyerhoff* 734 F.3d 740, 744 (7th Cir. 2013) (quoting *Boyd v, Owen,* 481 F.3d 520, 526 (7th Cir. 2007)). Because the question is whether the law was clear in relation to the specific facts, the right at issue must not be defined with a high level of generality. *Volkman v. Ryker,* 736 F.3d 1084, 1090 (7th Cir. 2013). The absence of a bright line test clearly defining the scope of the constitutional right at issue weighs in favor of a finding that the defendants are

protected by qualified immunity. *Hardaway,* 734 F.3d at 745 (holding that in the absence of a "bright-line rule" defendants should not be held liable for incorrectly guessing due to the ambiguity in the parameter of the law). Thus, when a balancing test is applicable, case law must be "very closely analogous" to defeat qualified immunity. *Gregorich v. Lund*, 54 F.3d 410, 414 (7th Cir. 1995). This is because government officials "are not expected to be prescient and are not liable for damages simply because they legitimately but mistakenly believed that the balancing of interests tipped in the State's favor." *Id.* at 415. While a case directly on point is not required, "the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548, 551 (2017). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

      There are no cases from the Seventh Circuit or the United States Supreme Court stating that the 18-to-20-Year-Old-Carry-Ban is unconstitutional. Plaintiffs' complaint cites *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), but neither of those cases clearly establishes that the 18-to-20-Year-Old Carry Ban, as defined by the Complaint, is unconstitutional. The Second Amendment is still very much in flux. One district court in Florida recently found that the Second Amendment does not apply to the purchase of firearms by 18- to 20-year-olds at all, *National Rifle Assoc. of America, Inc. v. Swearingen*, No. 18-CV-137, 2021 WL 2592545, at *19 (N.D. Fl. June 24, 2021), while the Fourth Circuit in a 2 to 1 decision recently struck down a law banning the sale of handguns to 18-to-20-year-olds, *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco, & Explosives*, – F.4th –, 2021 WL 2934468 (4th Cir. July 15, 2021). Because the purported constitutional right is not "clearly established," the Kendall County and Fayette County Defendants have qualified immunity for the claims asserted against them in their "individual capacity" and for claims

seeking money damages. This court should dismiss all "individual capacity" claims and claims for money damages with prejudice.

### III. Individual Capacity Claims Against the Kendall and Fayette County State's Attorneys Are Barred by Absolute Prosecutorial Immunity.

It is well-settled that prosecutors are absolutely immune from a suit for damages under § 1983 for initiating a prosecution and presenting the State's case. *Diestelhorst v. Ryan*, 20 Fed. Appx. 544, 546 (7th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).  The absolute immunity afforded prosecutors performing prosecutorial functions shields the judicial process. *Kalina*, 522 U.S. at 126.  The United States Supreme Court has held that a prosecutor's activities and exercise of professional judgment in connection with the filing of the information and a motion for an arrest warrant are done in her role as an advocate, and are thus protected by absolute prosecutorial immunity. *Id*. at 129–30.

Plaintiffs do not plead how the Kendall County and Fayette County State's Attorneys allegedly violated their constitutional rights, other than by "enforcing" the 18-to-20-Year-Old Carry Ban.  Even if the State's Attorneys had taken some "enforcement action" of the 18-to-20-Year-Old Carry Ban —which they have not—they have absolute prosecutorial immunity for such action.  Inasmuch, the individual capacity claims against the Kendall County State's Attorney and Fayette County State's Attorney must be dismissed with prejudice.

### IV. Official Capacity Claims Against the Kendall and Fayette County State's Attorneys Are Barred by the 11th Amendment and Are Duplicative of Claims against the Illinois Attorney General.

The state's attorney is a state official. *See Hernandez v. Cerda*, 197 F.3d 256, 265 (7th Cir. 1999).  "The Eleventh Amendment prohibits courts from deciding suits brought by private litigants against states or their agencies." *Id*. (upholding the district court's award of Rule 11 sanctions against the plaintiff's attorney for failing to conduct an adequate pre-filing inquiry and

9

for his failure to dismiss the State's Attorney's Office after he was made aware that the claims against them were meritless). Claims under § 1983 against the State's Attorneys in their official capacities for money damages are barred by the Eleventh Amendment. *Goodman v. Carter*, No. 00-CV-948, 2001 WL 755137, at *4 (N.D. Ill. July 2, 2001).

Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Policy*, 491 U.S. 58, 71 (1989). Plaintiffs sued the Illinois Attorney General (the State's chief legal officer) in his official capacity, Ill. Const. (1970) Art. V § 15, which is also a suit against the State. Suits against the State's Attorneys in their official capacities are duplicative of the suit against the Illinois Attorney General in his official capacity. Both suits are against the State.

The suits against the State's Attorneys in their official capacities should be dismissed with prejudice.

V.  **Plaintiffs Fail to State Official Capacity Claims against the Kendall and Fayette County Sheriffs Because They Fail to Plead the Elements of a *Monell* Claim.**

A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent. *Franklin v. Zaruba*, 150 F.3d 682, 684 n.2 (7th Cir. 1998). A local governmental entity, like the Sheriff, may be found liable only where a constitutional violation was caused by an unconstitutional policy, custom, or practice under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Corbier v. Watson*, No. 16-CV-257-SMY-SCW, 2018 WL 4815391, at *4 (S.D. Ill. Oct. 4, 2018); *Stewart v. Lakin*, No. 15-CV-974-JPG-DGW, 2018 WL 1181312, at *4 (S.D. Ill. Mar. 7, 2018) (noting that the sheriff is an independently elected constitutional officer that is not employed by the county). To state a § 1983 claim against a governmental entity, "the complaint must allege that an official policy or

10

custom not only caused the constitutional violation, but was the 'moving force' behind it." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id*. at 515.

Plaintiffs do not plead that they suffered constitutional violations pursuant to either the Kendall County Sheriff's or Fayette County Sheriff's express policy, widespread practice, or action by a person with final policymaking authority. There are no allegations supporting a *Monell* claim against the Sheriffs, and so this court should dismiss the "official capacity" claims against the Kendall County and Fayette County Sheriffs.

## VI. The Sheriffs and States Attorneys Are Not Proper Parties Because They Do Not Have Authority to Grant Concealed Carry Permits.

The gravamen of Plaintiffs' claims is that they are disqualified from a Firearm Concealed Carry license pursuant to 430 ILCS 66/25(1) based on their age. (Doc. 1 ¶¶ 41–44.) The relief they seek is an injunction on the enforcement of that disqualifying factor and the issuance of a Firearm Concealed Carry license to each of them. (Doc. 1 ¶¶ 111–12.) The Kendall County and Fayette County Defendants do not have any authority over the issuance of the Firearm Concealed Carry license; rather, the Illinois State Police possesses that sole authority. 430 ILCS 66/5 (defining "Department" as the Department of State Police) and 430 ILCS 66/25 (requiring that the "Department shall issue a license to an applicant" if certain conditions are met). Plaintiffs cannot obtain the relief that they seek against the Kendall County and Fayette County Defendants because the Kendall County and Fayette County Defendants cannot issue Firearm Concealed Carry licenses to the Plaintiffs. That relief is more properly sought against the

Department of State Police, which is also a defendant to this lawsuit. The Kendall County and Fayette County Defendants are not proper parties and should be dismissed with prejudice.

**VII.    Plaintiffs' Claims Are Not Ripe and the Plaintiffs Lack Standing.**

A claim is not ripe for adjudication if "it rests upon contingent events that may or may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998); *Brandt v. Village of Winnetka, Ill.*, 612 F.3d 647, 650 (7th Cir. 2010). In *Rogers v. Hacker*, No. 20-CV-1116, 2021 WL 2711745, at *3–4 (S.D. Ill. July 1, 2021) (Dugan, J.), this court determined that challenges to the processing time for a Concealed Carry license and the fees charged for the license in Illinois were not ripe because the challenger had not applied for a Concealed Carry license yet. *See also Construction and Gen. Laborers Union No. 330 v. Town of Grand Chute*, 915 F.3d 1120, 1127 (7th Cir. 2019) (finding that potential enforcement of a town ordinance prohibiting aspects of union protest, which had not yet taken place, was not ripe).

Similarly, in this case, the ripeness of Plaintiffs' claims assumes enforcement of the 18-to-20-Year-Old Carry Ban by the Kendall and Fayette County Defendants, but none of the three named Plaintiffs actually own a handgun against which to enforce the Ban. (Doc. 1 ¶¶ 51, 64, 77.) Each Plaintiff indicates that he or she *would* acquire a handgun through "interfamilial gift" or "private sale" *if* permitted to carry it in public, but each Plaintiff could own a handgun now with a valid FOID card, and does not. 18 U.S.C. § 922(x)(1), (5) (making it illegal for individual who is not a licensed dealer to transfer a handgun to person under the age of 18), 430 ILCS 65/4 (authorizing FOID card for individuals under the age of 21 under certain conditions); 720 ILCS 5/24-3.1(a)(1) (making it illegal for a person under the age of 18 to possess a handgun). Also, Plaintiff Davis does not even have a FOID card. (Doc. 1 ¶ 76–77.) The contingent events upon which Plaintiffs' claims rest—lawfully obtaining a FOID card, lawfully obtaining a handgun,

12

obtaining a concealed carry license pursuant to the qualifications set forth in 430 ILCS 66/25, and then carrying a handgun outside the home and automobile—are too speculative. *See Rogers*, 2021 WL 2711745, at *3–4. Counts I and II are not ripe.

Relatedly, Plaintiffs lack standing against the Kendall County and Fayette County Defendants. "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotes omitted). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Id*. (internal quotes omitted) (emphasis in original). The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Id*. (quotes omitted) (emphasis in original). *See Rogers*, 2021 WL 2711745, at *3 (finding that a plaintiff did not have standing to challenge delays in issuing a Concealed Carry license where the challenger had not pled facts sufficient to infer that he was qualified for the license).

Here, Plaintiffs cannot plead that the injury is "certainly impending" where the Plaintiffs do not even own the firearms that they seek to carry in public, and Plaintiff Evans does not have a FOID card. Plaintiffs have not pled that they would qualify for a conceal carry license under 430 ILCS 66/25 if allowed the opportunity to apply for one. Plaintiffs do not plead a history of enforcement by the Kendall County and Fayette County Defendants. *See ACLU v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012) (indicating that recent prosecutions and proclaimed intention to continuing prosecuting supports a finding of impending injury). Though pre-enforcement

13

standing necessarily entails "some element of chance," *Brandt*, 612 F.3d at 649, the uncertainty here is too much and undermines the credibility of the threat of prosecution, *ACLU*, 679 F.3d at 549. *See also Town of Grand Chute*, 915 F.3d at 1127; *Rogers*, 2021 WL 2711745, at *3. There is too much conjecture in this case to establish Article III standing at this time for either Count I or Count II.

## CONCLUSION

This court should dismiss all claims against the Kendall County and Fayette County Defendants with prejudice.

WHEREFORE, Defendants Kendall County State's Attorney Eric Weis, Kendall County Sheriff Dwight Baird, Fayette County State's Attorney Joshua Morrison, and Fayette County Sheriff Christopher Palmer request that this court dismiss all claims against them with prejudice and for any further relief this court deems appropriate.

    JOSHUA C. MORRISON, ERIC WEIS,
    CHRISTOPHER PALMER, and
    DWIGHT A. BAIRD

By: */s/Benjamin M. Jacobi*
    One of their attorneys

Benjamin M. Jacobi, #6296811
Karen L. McNaught,
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
E-mail: bjacobi@okgc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| DAVID MEYER et al., ) | |
| ) | |
| Plaintiffs ) | Case No.: 21-cv-00518-DWD |
| ) | |
| v. ) | |
| ) | |
| KWAME RAOUL et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2021 I electronically filed Defendants' Motion to Dismiss using the CM/ECF system and will send notification of such filing to the following registered CM/ECF participant:

David G. Sigale
Law Firm of David G. Sigale, P.C.
dsigale@sigalelaw.com

Christian D. Ambler
Stone & Johnson, Chtd.
cambler@stonejohnsonlaw.com

Aaron P. Wenzloff/Isaac N. Freilich Jones
Laura K. Bautista
Illinois Attorney General's Office
aaron.wenzloff@illinois.gov
isaac.freilich-jones@illinois.gov
lbautista@atg.state.il.us

David H. Thompson/Peter A. Patterson
 William V. Bergstrom
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

**JOSHUA C. MORRISON, ERIC WEIS,
CHRISTOPHER PALMER, and
DWIGHT A. BAIRD**

By:  *s/Benjamin M. Jacobi*
Benjamin M. Jacobi, #6296811
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
E-mail:  bjacobi@okgc.com