UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID MEYER, MITCHELL NALLEY, EVA DAVIS, SECOND AMENDMENT FOUNDATION, ILLINOIS STATE RIFLE ASSOCIATION, and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 3:21-cv-00518-DWD |
| KWAME RAOUL, BRENDAN F. KELLY, JOSHUA C. MORRISON, JAMES GOMRIC, ERIC WEIS, CHRISTOPHER PALMER, RICHARD WATSON, and DWIGHT A. BAIRD, | ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS, JAMES GOMRIC AND RICHARD WATSON'S,
<u>MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)
AND MEMORANDUM IN SUPPORT THEREOF</u>**

COMES NOW, **Defendants, James Gomric, in his individual capacity and in his office capacity as State's Attorney of St. Clair County, Illinois, and Richard Watson, in his individual capacity and in his official capacity as Sheriff of St. Clair County, Illinois**, by and through their attorneys, BECKER, HOERNER & YSURSA, P.C., and for their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), and Memorandum in Support Thereof state as follows.

**MOTION TO DISMISS**

For its Motion to Dismiss, **Defendants, Sheriff Richard Watson and States Attorney Gomric**, state as follows:

1.       Plaintiffs filed a Complaint naming as Defendants, Kwame Raoul, Attorney

General of Illinois, Brendan F. Kelly, Director of the Illinois State Police, Joshua C. Morrison, State's Attorney of Fayette County, Illinois, James Gomric, State's Attorney of St. Clair County, Illinois, Eric Weis, State's Attorney of Kendall County, Illinois, Christopher Palmer, Sheriff of Fayette County, Illinois, Richard Watson, Sheriff of St. Clair County, Illinois, and Dwight A. Baird, Sheriff of Kendall County, Illinois. (Doc. 1)

      2.     The Complaint challenges the constitutionality of what the Plaintiffs label as a "18-to-20-year-old Carry Ban," pointing to several Illinois statutes. 430 ILCS 66/25(a); see 720 ILCS 5/24-1(a)(4)(iv), 720 ILCS 5/24-1(a)(10)(iv), 720 ILCS 5/24-1.6(a)(3)(I)..

      3.     A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to adjudicate a claim. F.R.C.P. 12(b)(1).  See e.g., *Union Tank Car Co., v. Aerojot-General Corp.*, 2005 WL 2405802 at 2, (NDIL 9/27/05) (issues of justiciability such as ripeness, standing and proper parties for a declaratory action are more appropriately reviewed under Rule 12(b)(1)).

      4.     Sheriff Watson and States Attorney Gomric are not proper parties and should be dismissed because they do not have authority to grant Concealed Carry Permits. See e.g., *Culp v. Raoul*, 921 F.3d 646, 648 (7th Cir. 2019); see *Culp v. Raoul*, et al, 14-cv-3320 CDIL (the Attorney General of Illinois and the Director of the Illinois State Police were proper parties to challenge statutory scheme for license for concealed carry).

      5.     The claims against these Defendants should be dismissed as they are contingent and indirect and are not ripe. See *Rogers v. Hacker*, No. 20-CV-1116, 2021 WL 2711745, at *3–4 (S.D. Ill. July 1, 2021).

      6.     The Plaintiffs do not have standing to present a claim against these

Defendants such that the claims against them should be dismissed. See *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

7.      Federal Rule of Civil Procedure 12(b)(6) calls for dismissal if a Complaint does not state a claim for relief against a defendant.  F.R.C.P. 12(b)(6).

8.      The Complaint fails to state a claim against these Defendants as it does not allege Sheriff Watson or States Attorney Gomric personally acted to infringe upon the rights of any individual Plaintiff and, as such, all claims against them in their individual capacity should be dismissed.  See *Vanning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011).

9.      The Complaint fails to state a claim based on the individual capacity of these Defendants that is not barred by qualified immunity such that claims against these Defendants should be dismissed.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

10.      Additionally, the individual capacity claims against States Attorney Gomric are barred by the absolute prosecutorial immunity and should be dismissed. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

11.      The claims against these Defendants in their official capacity should also be dismissed as failing to state a claim based on official capacity and as duplicative. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Will v. Michigan Dep't of State Policy*, 491 U.S. 58, 71 (1989).

12.      Sheriff Watson and States Attorney Gomric sit in a similar position to the other Sheriffs and States Attorneys and who have been named in the Complaint.  As such, these Defendants hereby incorporate the arguments and request the same relief contained in the Motion to Dismiss filed on behalf of the Sheriffs and States Attorneys of Fayette and Kendall Counties (Doc.47)

13.     Additionally, these Defendants, anticipate that the Attorney General of Illinois, Kwame Raoul, and the Director of Illinois State Police, Brendan Kelly, will seek dismissal of the Complaint and, as no claim can stand against these Defendants absent a claim against those other Defendants, these Defendants hereby incorporate the arguments and request dismissal for the additional reasons they present.

14.     Defendants hereby incorporate their *Memorandum in Support of Motion* to Dismiss.

WHEREFORE, **Defendants, Sheriff Richard Watson and States Attorney Gomric**, respectfully request that this Court dismiss Plaintiff's Complaint in whole and in part and dismissing each of these Defendants individually and as a whole pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and order such other relief as this Court deems just and proper.

## MEMORANDUM IN SUPPORT THEREOF

For their Memorandum in Support, **Defendants, Sheriff Watson and States Attorney Gomric**, state as follows:

### <u>Introduction</u>

Plaintiffs filed a Complaint naming as Defendants, Kwame Raoul, Attorney General of Illinois, Brendan F. Kelly, Director of the Illinois State Police, Joshua C. Morrison, State's Attorney of Fayette County, Illinois, James Gomric, State's Attorney of St. Clair County, Illinois, Eric Weis, State's Attorney of Kendall County, Illinois, Christopher Palmer, Sheriff of Fayette County, Illinois, Richard Watson, Sheriff of St. Clair County, Illinois, and Dwight A. Baird, Sheriff of Kendall County, Illinois.  (Doc. 1)

The Complaint alleges that individual Plaintiffs from three counties fall within this

age range. (Doc. 1, ¶ 21, 23). Plaintiff, Mitchell Nalley ("Nalley"), is a person over the age of 18 but under the age of 21, and is the only individual alleged to be a citizen of St. Clair County, Illinois. (Doc. 1 ¶ 22, 58.)  The Complaint alleges that Nalley is 19 years old, desires to carry a handgun outside the home, has a valid FOID card, and would acquire a Smith and Wesson handgun through private sale if he were free to lawfully carry one. (Doc. 1 ¶¶ 58, 62–64.)

The Complaint is also brought by several non-profit organizations who are named as Plaintiffs. (Doc. 1 ¶ 24, 25, 26).  Plaintiffs challenge the constitutionality of what they call "18-to-20-year-old Carry Ban," pointing to several Illinois statutes. 720 ILCS 5/24-1(a)(4)(iv), 720 ILCS 5/24-1(a)(10)(iv), 720 ILCS 5/24- 1.6(a)(3)(I), and 430 ILCS 66/25(a),

Nalley does not allege that he has been arrested or prosecuted for carrying a firearm or violating the statutes cited in the Complaint.  Similarly, none of the other individual Plaintiffs allege that they have been arrested or prosecuted.

Sheriff Watson and States Attorney Gomric sit in a similar position to the other Sheriffs and States Attorneys and who have been named in the Complaint.  As such, these Defendants hereby incorporate the arguments and request the same relief contained in the Motion to Dismiss filed on behalf of the Sheriffs and States Attorneys of Fayette and Kendall Counties (Doc.47)  Additionally, these Defendants, anticipate that the Attorney General of Illinois, Kwame Raoul, and the Director of Illinois State Police, Brendan Kelly, will seek dismissal of the Complaint and, as no claim can stand against these Defendants absent a claim against those other Defendants, these Defendants hereby incorporate the arguments and request dismissal for the additional reasons they present.

<u>**Legal Standards**</u>

A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction to adjudicate a claim. F.R.C.P. 12(b)(1). "Subject matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir.1998).  Although an action that is not justiciable because it fails to present a case or controversy may be dismissed for failure to state a claim, courts have found that issues such as standing, ripeness and the proper parties for declaratory relief are more appropriately reviewed under Rule 12(b)(1). See e.g., *Union Tank Car Co., v. Aerojot-General Corp*., 2005 WL 2405802 at 2, (NDIL 9/27/05); ESI Environmental, Inc. v. American Intern. Specialty Lines Ins. Co. 2010WL582215, (S.D.Ind. 2010).

A motion under Rule 12(b)(6) calls for dismissal for failure to state a claim. F.R.C.P. 12(b)(1).  A claim will only survive dismissal under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555, 127 S.Ct. at 1965.

I.    **Sheriff Watson and States Attorney Gomric are not proper parties because they do not have authority to grant Concealed Carry Permits**.

The Complaint is premised upon the individual Plaintiffs being disqualified because of their age from being issued a license under the Firearm Concealed Carry Act.

(Doc. 1, ¶¶ 38-44, citing 430 ILCS 66/25(1), 720 ILCS 24-1 et seq).  The Complaint asserts that as a result of the statutory scheme, "the State bans exercise of the right to carry a firearm by law-abiding adults who are 18-20 years of age." (Doc. 1, ¶ 44).  The Complaint requests a declaration that on their face the statutory scheme violates the right of the individual Plaintiffs and those similarly situated by their age to keep and bear arms and requests an injunction against enforcement of criminal laws against the individual Plaintiffs from their not being issued a license that arises from the disqualifying factor of age. (Doc. 1, ¶ 111, 112).

The Department of State Police issues licenses for concealed carry. 430 ILCS 66/10, 430 ILCS 66/25.  Neither Sheriff Watson nor States Attorney Gomric take applications or have authority to issue licenses to carry firearms under the Firearm Concealed Carry Act.  430 ILCS 66/1 et seq.  Neither Sheriff Watson nor States Attorney Gomric can grant the relief requested by Nalley or the other Plaintiffs.

These Defendants, as well as the other States Attorneys and Sheriffs, are not the proper parties to test the constitutionality of the statutory scheme cited in the Complaint. Indeed, the Attorney General of Illinois and the Director of the Illinois State Police have previously been recognized as proper defendants in an action to "challenge the scheme Illinois has enacted to license the concealed carry of firearms."  *Culp v. Raoul*, 921 F.3d 646, 648 (7th Cir. 2019); see *Culp v. Raoul*, et al, 14-cv-3320 CDIL.

As with the other Sheriffs and States Attorneys, Sheriff Watson and States Attorney Gomric are not proper parties and should be dismissed with prejudice.

**II.   The Plaintiffs' allegations against these Defendants fail to establish ripeness and standing.**

    A.   <u>The claims against these Defendants are contingent and indirect and are not ripe</u>.

The Complaint does not present a justiciable claim against these Defendants.  The related concepts of ripeness and standing flow from the requirement of a case or controversy necessary for a matter to be justiciable.  See *Smith v. Wisconsin Dept of Agriculture, Trade and Consumer Protection*, 23 F.3d 1134, 1141 (7th Cir. 1994).  These doctrines bar a plaintiff from asserting that there is an actual injury when that injury depends on future events and contingencies. *Reno v. Catholic Social Services, Inc*. 509 U.S. 43, 72, 113 S.Ct. 2485. 2503 (1993).  The requirement of actual controversy involving a party as a defendant is necessary both for federal jurisdiction and for the issuance of declaratory relief.   28 U.S.C. §§ 2201, 2202For declaratory relief this requires courts to look at "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 770 (2007).  The Complaint does not present an immediate danger of direct injury traceable to Sheriff Watson or States Attorney Gomric.  As such, the Plaintiffs, including Nalley, do not have a ripe claim or standing against these Defendants.

Any claim against these Defendants is indirect. Moreover, this indirectness is compounded by the contingency of the underlying claim.  Neither Nalley nor the other individual Plaintiffs actually own a handgun. (Doc. 1 ¶¶ 51, 64, 77.)  Each Plaintiff indicates that he or she *would* acquire a handgun through "interfamilial gift" or "private

sale" *if* permitted to carry it in public, but each Plaintiff could own a handgun now with a valid FOID card, and does not. 18 U.S.C. § 922(x)(1), (5) (making it illegal for individual who is not a licensed dealer to transfer a handgun to person under the age of 18), 430 ILCS 65/4 (authorizing FOID card for individuals under the age of 21 under certain conditions); 720 ILCS 5/24-3.1(a)(1) (making it illegal for a person under the age of 18 to possess a handgun).

Furthermore, the assertions against these Defendants, as opposed to other law enforcement agencies or prosecutors, is contingent and reliant on speculation. For instance, Mr. Nalley asserts that he is a resident of St. Clair County, but neither the license to concealed carry nor the asserted potential for prosecution is not limited to his residency within St. Clair County. Mr. Nalley's claim stems from his being a citizen of the State of Illinois, not his being a citizen of St. Clair County.  Nor is there any reason why his speculation of enforcement even within St. Clair County would not also apply to other municipal law enforcement agencies within the county.  These contingencies and lack of direct injury traceable to Sheriff Watson or States Attorney Gomric call for these Defendants to be dismissed.

The Plaintiffs do not have a ripe claim against Sheriff Watson or States Attorney Gomric.  This court recently held that a challenge to the processing time and fees for a Concealed Carry license were not ripe as the plaintiff had not yet applied for Concealed Carry license. *Rogers v. Hacker*, No. 20-CV-1116, 2021 WL 2711745, at *3–4 (S.D. Ill. July 1, 2021).  Regarding these Defendants, and the other Sheriffs and States Attorneys, the Complaint is even more contingent as it rests upon the potential for enforcement of laws in a manner that is dependent upon enforcement of laws *after* the claimed potential

future denial of the license by the Director of State Police. See e.g., *Construction and Gen. Laborers Union No. 330 v. Town of Grand Chute*, 915 F.3d 1120, 1127 (7th Cir. 2019) (potential enforcement of a town ordinance was not ripe). The controversy is not directed to these Defendants, but is dependent upon the application process before the Director of State Police. See *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (declaratory action did not present case as underlying controversy was challenge to other potential habeas proceedings).

      B.  <u>The Plaintiffs do not have standing against these Defendants</u>.

For similar reasons, the Plaintiffs, including Nalley, do not have standing to present a claim against these Defendants. As pointed out by the Kendall County and Fayette County Defendants, to have standing to present a claim against another party there must be an injury attributable to that party that is actual or imminent. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). If any of the Plaintiffs have any assertion of actual or imminent injury it is directed at the issuance of the license, something that the Complaint admits does not involve these Defendants. The Plaintiffs, including Nalley, do not have standing to bring a claim against Sheriff Watson or States Attorney Gomric.

The Plaintiffs have neither a ripe claim or standing against Sheriff Watson and States Attorney Gomric and the claims against these Defendants should be dismissed with prejudice.

**III.    The individual capacity claims against Sheriff Watson or States Attorney Gomric should be dismissed.**

      A.  <u>The Complaint does not allege Sheriff Watson or States Attorney Gomric personally acted to infringe upon the rights of any individual Plaintiff</u>.

As noted by the Fayette and Kendall County defendants, Section 1983 does not

authorize supervisory liability and must be premised on a defendant's personal acts. *Vanning-El v. Evans*, 657 F.3d 591, 592 (7ᵗʰ Cir. 2011).  The Complaint does not allege any personal acts or decisions by Sheriff Watson or States Attorney Gomric.  As such, as with the other Sheriffs and States Attorneys, the individual capacity claims against Sheriff Watson and States Attorney Gomric should be dismissed.

      B.  <u>The individual capacity claims are barred by qualified immunity</u>.

As noted by the Fayette and Kendall County defendants, the claims against the Sheriffs and States Attorneys are barred by the doctrine of qualified immunity.  Qualified immunity bars claims unless a plaintiff can identify precedent that clearly articulates the right at issue applied in similar factual circumstances.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Seventh Circuit has made no such pronouncement and decisions from other circuits reveal no such established right of those under 21 to carry concealed firearms. See *National Rifle Association of America, Inc. v. Swearingen*, 2021 WL 2592545, No.18cv137, N.D. Fla. 6/24/21; *Hirschfield v. Bureau of Alcohol, Firearm, Tobacco & Explosives*,.2021 WL 2934468 (4ᵗʰ Cir. 7/15/21).  As such, the doctrine of qualified immunity bars the individual capacity claims including against Sheriff Watson and States Attorney Gomric.

      C.  <u>The individual capacity claims against States Attorney Gomric are barred by the absolute prosecutorial immunity</u>.

Prosecutors are absolutely immune against claims involving the exercise of professional judgment and prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The immunity afforded prosecutors protects against claims based on enforcement of laws. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).  Thus, the claims against the States

Attorneys, including States Attorney Gomric, are barred.

As such, the individual capacity claims against Sheriff Watson and States Attorney Gomric should be dismissed with prejudice.

## IV. The official capacity claims against Sheriff Watson and States Attorney Gomric should be dismissed.

### A. The claims against States Attorney Gomric, if otherwise sustainable, are duplicative.

As discussed above, if the Plaintiffs have any claim it is against the Director of State Police. Nonetheless, as the Complaint also names the Attorney General of Illinois, the naming of States Attorney Gomric are also barred as duplicative. As noted by the Fayette and Kendall County States Attorneys, the claims against the States Attorneys are duplicative and should be dismissed. As the other States Attorneys noted, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Policy*, 491 U.S. 58, 71 (1989). The Complaint names the Illinois Attorney General (the State's chief legal officer) in his official capacity, Ill. Const. (1970) Art. V § 15, which is also a suit against the State. Suits against the State's Attorneys in their official capacities are duplicative of the suit against the Illinois Attorney General in his official capacity. *Will v. Michigan Dep't of State Policy*, 491 U.S. 58, 71 (1989). Moreover, claims under § 1983 against the State's Attorneys in their official capacities for money damages are barred by the Eleventh Amendment. *Goodman v. Carter*, No. 00-CV-948, 2001 WL 755137, at *4 (N.D. Ill. July 2, 2001).

### B. The Complaint does not state a *Monell* claim based on official capacity.

As noted by the Fayette and Kendall County defendants, the Complaint does not

state a claim pursuant to *Monell.  Monell v. Department of Social Services*, 436 U.S. 658 (1978). To state a § 1983 claim against a governmental entity, "the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the 'moving force' behind it." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).  The allegations against Sheriff Watson and States Attorney Gomric are not that they have instituted an express policy or widespread practice, but that they could potentially enforce a law against a person who was not granted a license for concealed carry due to his or her age.  There is no basis for an official capacity claim against either of them and, again, they are improper parties for the Plaintiffs to test their constitutional challenge.

The Complaint is directed to the constitutionality of the statutory scheme and not a policy or custom of these Defendants.  The Director of the Illinois State Police is the proper party that affords the Plaintiffs the opportunity to test the constitutionality of the statutory scheme.  See e.g., *Culp v. Raoul*, 921 F.3d 646, 648 (7th Cir. 2019).  Likewise, no claim against these Defendants can stand in the absence of the Plaintiffs ability to state a claim against the Director of the Illinois State Police and, if he is also deemed a proper party, the Attorney General of Illinois.  The Director of the Illinois State Police is the proper party and these Defendants also incorporate any arguments made on his behalf against the Plaintiff's Complaint.

As such, the official capacity claims against Sheriff Watson and States Attorney Gomric should be dismissed with prejudice.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, **Defendants Sheriff Richard Watson and States Attorney Gomric**, respectfully request that this Court dismiss all claims against them pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction including that they are not proper parties, that any claims against them are not ripe and that the Plaintiffs do not have standing or, alternatively, request that this Court dismiss the Complaint against them in whole or in part pursuant to Rule 12(b)(6).

**BECKER, HOERNER & YSURSA P.C.**

By:     Thomas J. Hunter, Bar No. 6256119

***ATTORNEY FOR DEFENDANTS GOMRIC & WATSON:***

BECKER, HOERNER & YSURSA, P.C.
5111 West Main Street
Belleville, Illinois 62226
Tel: (618) 235-0020
Fax: (618) 235-8558
tjh@bhylaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **<u>August 5, 2021</u>**, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notice of such filing to all attorneys of record.

ATTORNEYS FOR PLAINTIFFS:

Christian D. Ambler – cambler@stonejohnsonlaw.com
William V. Bergstrong – wbergstrom@cooperkirk.com
Peter A. Patterson – ppaterson@cooperkirk.com
David G. Sigale – dsigale@sigalelaw.com
David H. Thompson – dthompson@cooperkirk.com

ATTORNEYS FOR DEFENDANTS: Baird, Morrison, Palmer and Weis

Benjamin Jacobi – bjacobi@okgc.com
Karen L. McNaught – kmcnaught@okgc.com

ATTORNEYS FOR DEFENDANTS: Kelly & Raoul

Laura K. Bautista - lbautista@atg.state.il.us
Issac N. Freilich Jones - isaac.freilich-jones@illinois.gov
Aaron P. Wenzloff - aaron.wenzloff@illinois.gov

s/ Thomas J. Hunter