## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID MEYER, MITCHELL NALLEY,  )
EVA DAVIS, SECOND AMENDMENT  )
FOUNDATION, ILLINOIS STATE  )
RIFLE ASSOCIATION, AND FIREARMS )
POLICY COALITION, INC.,  )
             )
      Plaintiffs,  )
             )
-vs-  )          21-cv-518-DWD
             )
KWAME RAOUL, BRENDAN F. KELLY, )
JOSHUA C. MORRISON, JAMES  )
GOMRIC, ERIC WEIS, CHRISTOPHER  )
PALMER, RICHARD WATSON, and  )
DWIGHT A. BAIRD,  )
             )
      Defendants,  )

### DEFENDANT BRENDAN F. KELLY'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, BRENDAN F. KELLY, in his official capacity,[1] by and through his attorney, Illinois Attorney General Kwame Raoul, and for his answer to Plaintiffs' Complaint, states:

### INTRODUCTION

1.    This is an action to uphold Plaintiffs' right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee[s] the individual right to possess and carry" firearms. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action in relation to the Second Amendment to the United States Constitution.

---

[1] A separate motion to dismiss has been filed to dismiss Kelly in his individual capacity.

2.      In *Heller,* the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry. . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." *Id.* at 584.

**ANSWER:** Defendant admits that Plaintiffs have quoted a portion of the United States Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). Defendant denies all remaining factual allegations contained in paragraph 2.

3.      In *McDonald v. City of Chicago,* 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment.

**ANSWER:** Defendant admits that the United States Supreme Court has held that the Second Amendment to the United States Constitution is incorporated as applicable to the states through the Fourteenth Amendment. Defendant denies all remaining factual allegations contained in Paragraph 3.

4.      "The very enumeration of the right [to keep and bear arms] takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon." *Heller,* 554 U.S. at 634. "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id.* at 634-35.

**ANSWER:** Defendant admits that Plaintiffs have quoted portions of the United States Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). Defendant denies all remaining factual allegations contained in paragraph 4.

5. The Supreme Court in *Heller* held that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller,* 554 U.S. at 592. This right is particularly important when it comes to handguns, as the *Heller* Court recognized that the handgun is "the quintessential self-defense weapon" in the United States, and it identified invalidated bans on carrying handguns as among the most "severe restriction(s)" in our Nation's history. *See Heller,* 554 U.S. at 629 (citing, *e.g., Nunn v. State,* 1 Ga. 243, 251 (1846)).

**ANSWER:** Defendant admits that the Plaintiffs have quoted portions of the United States Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). Defendant further admits that the majority decision in *Heller* found that the operative clause of the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." Defendant denies all remaining factual allegations contained in Paragraph 5.

6. Plaintiffs wish to exercise their fundamental, constitutionally guaranteed right to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense. But they cannot because of the laws, regulations, policies, practices, and customs that Defendants have been enforcing and continue to actively enforce today.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 6, and therefore denies the same.

7. The State of Illinois prohibits a certain class of law-abiding, responsible citizens—namely, adults who have reached the age of eighteen but are not yet twenty-one— from fully exercising the right to keep and bear arms. At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. Yet the State bans such persons

from carrying a handgun outside the home or automobile, even though the State allows all other law-abiding adults to obtain a license to carry firearms in public.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7.

8.      Illinois generally bars the carrying of handguns by ordinary citizens in public for self-defense unless they first acquire a license to carry. 720 Ill. Comp. Stat. 5/241 (a)(4)(iv), (a)(10)(iv).

**ANSWER:** Defendant admits that the State of Illinois has enacted criminal penalties for persons who commit the offense of unlawful use of weapons, which, among other things, includes knowingly carrying a pistol or revolver concealed on or about one's person in certain public places without having been issued a currently valid license under the Firearm Concealed Carry Act. Defendant denies all remaining factual allegations contained in Paragraph 8.

9.      Although 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv) and (a)(10)(iv) establish the possession of a license to carry as an exemption from the criminal penalties set forth therein and by extension an avenue to the legal carriage of a handgun in public—Defendants have prevented a particular class of persons, including Plaintiffs Meyer, Nalley, and Davis, from obtaining a license to carry, and therefore categorically prevented them from any means of lawfully carrying a handgun on their person in public, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendant admits that 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv) and (a)(10)(iv) remove criminal liability under 720 Ill. Comp. Stat. 5/24-1(a) as to weapons that are carried or possessed in accordance with the Firearm Concealed Carry Act by a person who has been issued a currently valid license under the Firearm Concealed Carry Act. Defendant denies the allegations contained in paragraph 9 to the extent they allege a violation of the Second and Fourteenth Amendments to the United States Constitution. Defendant is without knowledge or information

sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 9, and therefore denies the same.

10.     Further, 720 Ill. Comp. Stat. 5/24-1.6 provides no such exemption from criminal liability for individuals under twenty-one years of age who are properly licensed to carry a firearm under 430 Ill. Comp. Stat. 66/1, *et seq.* ("Firearms Concealed Carry Act" or "FCCA"). Accordingly, even if Plaintiffs Meyer, Nalley, Davis and those similarly situated, were to acquire the carry license contemplated in the FCCA, they would still be subject to arrest and criminal prosecution under 720 Ill. Comp. Stat. 5/24-1.6.

**ANSWER:** Defendant admits that one of several factors determining whether a person commits the offense of aggravated unlawful use of a weapon under 720 Ill. Comp. Stat. 5/24-1.6 includes that the "person possessing the weapon was under 21 years of age and in possession of a handgun, unless the person under 21 is engaged in lawful activities…" including under the Wildlife Code or other statutory provisions. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 10, and therefore denies the same.

11.     The statutory provisions of 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv), 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv), 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(I), and 430 Ill. Comp. Stat. 66/25(1) are referred to collectively herein as the "18-to-20-Year-Old Carry Ban."

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 11, and therefore denies the same.

12.     Even though the U.S. Supreme Court in *Heller* declared that to "bear arms" includes the "carry [of a firearm] . . . in a pocket, for the purpose . . . of being armed and ready for offensive

or defensive action in a case of conflict with another person," 554 U.S. at 584, Plaintiffs are prohibited from carrying a handgun in public, pursuant to Illinois' 18-to-20-Year-Old Carry Ban.

**ANSWER:** Defendant admits the Plaintiffs have quoted portions of the United States Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 12, and therefore denies the same.

13.     Throughout American history, arms carrying was a right available to all peaceable citizens. Sometimes, it was even a duty. *See e.g.,* David B. Kopel & Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults,* 43 S. Ill. U. L.J. 495, 573-577, 587 (2019) (listing statutes requiring arms carrying by members of the general public to travel, work in the fields, work on roads and bridges, attend church, and attend court).

**ANSWER:** Defendant denies the allegations contained in the first sentence of Paragraph 13. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 13, and therefore denies the same.

14.     Moreover, young adults between eighteen and twenty-one were fully protected by the Second Amendment at the time of its ratification. Hundreds of statutes from the colonial and founding eras required 18-to-20-year-olds to keep and bear arms. *See generally The Second Amendment Rights of Young Adults,* 43 S. Ill. U. L.J. at 573-577, 587.

**ANSWER:** Defendant denies the allegations contained in the first sentence of Paragraph 14. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 14, and therefore denies the same.

15.     At the time of the Founding, peaceable individuals aged eighteen and above had the right to carry arms for self-defense and other lawful purposes. The tradition of disarming violent and dangerous persons was practiced from medieval England through mid-20th century

America, but there is no tradition of disarming nonviolent people like Plaintiffs Meyer, Nalley, and Davis. *See generally* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms,* 20 WYO. L. REV. 249 (2020).

**ANSWER:** Defendant denies the allegations contained in the first sentence of Paragraph 15. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the first clause of the second sentence, and therefore denies the same. Defendant denies all remaining allegations contained in Paragraph 15.

16.      A violation of 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv) or 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv) is a Class A Misdemeanor punishable by a fine of $2500 and confinement in jail for one year. 720 Ill. Comp. Stat. 5/24-1(b)(1); 730 Ill. Comp. Stat. 5/5-4.5-5.5.

**ANSWER:** Defendant admits that a violation of 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv) or 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv) is a Class A Misdemeanor. Defendant also admits that punishment for a Class A misdemeanor can include a sentence of imprisonment of less than one year and a fine of not more than $2,500. Defendant denies all remaining allegations contained in Paragraph 16.

17.      A first violation of 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(1) is a Class 4 felony punishable by imprisonment of three years. 720 Ill. Comp. Stat. 5/24-1.6(d)(1). A second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment from three to seven years. *Id.*

**ANSWER:** Defendant admits that a first violation of 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(1) is a Class 4 felony. Defendant also admits that punishment for a Class 4 felony can include a sentence of imprisonment of not less than one year and not more than 3 years. Defendant also admits that a second or subsequent violation of 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(1) is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years

and not more than 7 years, with certain statutory exceptions. Defendant denies all remaining allegations contained in Paragraph 17.

18.     Because the 18-to-20-Year-Old Carry Ban prohibits the carriage on or about the person of a handgun in public, the 18-to-20-Year-Old Carry Ban currently restricts Plaintiffs from carrying handguns—even for purposes of self-defense upon the public streets and public property, in direct violation of the Second and Fourteenth Amendments to the United States Constitution, as held by the U.S. Supreme Court in *Heller and McDonald.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18 regarding restrictions on Plaintiffs from carrying handguns, and therefore denies the same. Defendant denies all remaining allegations contained in Paragraph 18.

19.     Indeed, Defendants' laws, regulations, policies, and enforcement practices prevent law-abiding adults such as Plaintiffs Meyer, Nalley, and Davis from exercising their fundamental, individual right to bear loaded, operable handguns outside the home.

**ANSWER:** Defendant denies the allegations contained in paragraph 19.

20.     While the 18-to-20-Year-Old Carry Ban is unconstitutional on its face, it is particularly illegitimate as applied to young women such as Plaintiff Eva Davis. Females between the ages of 18 and 21 commit violent offenses at an exceptionally low rate, and there is absolutely no basis for broadly prohibiting them from carrying firearms in public.

**ANSWER:** Defendant denies the allegations contained in paragraph 20.

## PARTIES

21.     Plaintiff David Meyer is a natural person, over the age of eighteen but under the age of twenty-one, and a citizen of Fayette County, Illinois, and the United States. Mr. Meyer has never been charged with nor convicted of any misdemeanor or felony offense. It is Mr.

Meyer's present intention and desire to be able to lawfully carry a handgun, including for purposes of self-defense, without violating the law. As a result of Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, he is precluded from carrying a handgun for purposes of self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 21, and therefore denies the same.

22. Plaintiff Mitchell Nalley is a natural person, over the age of eighteen but under the age of twenty-one, and a citizen of St. Clair County, Illinois, and the United States. Mr. Nalley has never been charged with nor convicted of any misdemeanor or felony offense. It is Mr. Nalley's present intention and desire to be able to lawfully carry a handgun, including for purposes of self-defense, without violating the law. As a result of Defendants 'active enforcement of the 18-to-20-Year-Old Carry Ban, he is precluded from carrying a handgun for purposes of self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 22, and therefore denies the same.

23. Plaintiff Eva Davis is a natural person, over the age of eighteen but under the age of twenty-one, and a citizen of Kendall County, Illinois, and the United States. Ms. Davis has never been charged with nor convicted of any misdemeanor or felony offense. It is Ms. Davis' present intention and desire to be able to lawfully carry a handgun, including for purposes of self-defense, without violating the law. As a result of Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, she is precluded from carrying a handgun for purposes of self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 23, and therefore denies the same.

24.     Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control. SAF has over 650,000 members and supporters nationwide, including thousands of members in Illinois. SAF brings this action on behalf of itself and its 18-20-year-old members in Illinois, including the named Plaintiffs herein.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 24, and therefore denies the same.

25.     Plaintiff Illinois State Rifle Association ("ISRA") is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. The purposes of ISRA include securing the constitutional right to privately own, possess, and carry firearms in Illinois, through education, outreach, and litigation. ISRA has more than 26,000 members and supporters in Illinois, and many members outside the State of Illinois. ISRA brings this action on behalf of itself and its 18-20-year-old members in Illinois, including the named Plaintiffs herein. These ISRA members have been adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein.

**ANSWER:** Defendant admits the allegations contained in the first sentence of Paragraph 25. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of all remaining allegations contained in paragraph 25, and therefore denies the same.

26.     Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's

rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside Illinois. FPC brings this action on behalf of itself and its 18-20-year-old members in Illinois, including the named Plaintiffs herein. These FPC members have been adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 26, and therefore denies the same.

27. Defendant Kwame Raoul is sued in his individual capacity and in his official capacity as the Attorney General of Illinois. As Attorney General, he is responsible for enforcing the State's laws, *see* 15 Ill. Comp. Stat. 205/4 (requiring that Attorney General "institute and prosecute all actions and proceedings in favor of or for the use of the State, which may be necessary in the execution of the duties of any State officer"), which include the State's general prohibition against 18-to-20-year-olds carrying loaded handguns in public and the State's carry-licensing regime.

**ANSWER:** Defendant admits that Defendant Raoul is the Attorney General of the State of Illinois and that Plaintiffs purport to sue Defendant Raoul in his individual capacity and official capacity. Defendant admits that Defendant Raoul has statutory duties defined in 15 Ill. Comp. Stat. 205/4. Defendant denies all remaining allegations contained in Paragraph 27.

28. Defendant Brendan F. Kelly is sued in his individual capacity and in his official capacity as the Director of the Illinois Department of State Police. As Director, Kelly is responsible for enforcing the State's criminal laws and implementing and administering certain regulatory

programs, *see, e.g.,* 20 Ill. Comp. Stat. 2610/1-2, including the State's general prohibition against 18-to-20-year-olds carrying loaded handguns in public and the State's carry-licensing regime. *See, e.g.,* 430 Ill. Comp. Stat. 66/25.

**ANSWER:** Defendant admits that Defendant Kelly is the Director of the Illinois Department of State Police and that Plaintiffs purport to sue Defendant Kelly in his individual capacity and official capacity. Defendant admits that Defendant Kelly has statutory duties, including those found in 20 Ill. Comp. Stat. 2610/1-2. Defendant denies all remaining allegations contained in Paragraph 28.

29.    Defendant Joshua C. Morrison is sued in his individual capacity and in his official capacity as State's Attorney for Fayette County, Illinois. As State's Attorney, he has a duty "No commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned," including violations of the 18-to-20-Year-Old Carry Ban. 55 Ill. Comp. Stat. 5/3-9005. Defendant Morrison's ongoing enforcement of the Ban against Fayette County residents places Plaintiff Meyer under imminent threat of arrest and prosecution should he violate the 18-to-20-Year-Old Carry Ban, preventing him from carrying a handgun in public.

**ANSWER:** Defendant admits that Defendant Morrison is the State's Attorney for Fayette County, Illinois and that Plaintiffs purport to sue Defendant Morrison in his individual capacity and official capacity. Defendant admits that Defendant Morrison has statutory powers and duties under 55 Ill. Comp. Stat. 5/3-9005. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 29, and therefore denies the same.

30.    Defendant James Gomric is sued in his individual capacity and in his official capacity State's Attorney for St. Clair, County, Illinois. As State's Attorney, he has a duty "[t]o

commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned," including violations of the 18-to-20-Year-Old Carry Ban. 55 Ill. Comp. Stat. 5/3-9005. Defendant Gomric's ongoing enforcement of the Ban against St. Clair County residents places Plaintiff Nalley under imminent threat of arrest and prosecution should he violate the 18-to-20-Year-Old Carry Ban, preventing him from carrying a handgun in public.

**ANSWER:** Defendant admits that Defendant Gomrik is the State's Attorney for St. Clair County, Illinois and that Plaintiffs purport to sue Defendant Gomrik in his individual capacity and official capacity. Defendant admits that Defendant Gomrik has statutory powers and duties under 55 Ill. Comp. Stat. 5/3-9005. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 30, and therefore denies the same.

31.     Defendant Eric Weis is sued in his individual capacity and in his official capacity as State's Attorney for Kendall County, Illinois. As State's Attorney, he has a duty "[no commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned," including violations of the 18-to-20-Year-Old Carry Ban. 55 Ill. Comp. Stat. 5/3-9005. Defendant Weis's ongoing enforcement of the Ban against Kendall County residents places Plaintiff Davis under imminent threat of arrest and prosecution should she violate the 18-to-20-Year-Old Carry Ban, preventing her from carrying a handgun in public.

**ANSWER:** Defendant admits that Defendant Weis is the State's Attorney for Kendall County, Illinois and that Plaintiffs purport to sue Defendant Weis in his individual capacity and official capacity. Defendant admits that Defendant Weis has statutory powers and duties under 55 Ill. Comp. Stat. 5/3-9005. Defendant is without knowledge or information sufficient to form a

belief as to the truthfulness of the remaining allegations contained in paragraph 31, and therefore denies the same.

32.     Defendant Christopher Palmer is sued in his individual capacity and in his official capacity as Sheriff of Fayette County, Illinois. As sheriff, "he has the duty to prevent crime and keep the peace and order in his county, and he has the authority to arrest offenders and bring them to the proper court." *Gibbs v. Madison Cnty. Sheriffs Dep 't*, 326 Ill. App. 3d 473, 478 (2001). Defendant Watson's ongoing enforcement of the Ban against Fayette County residents places Plaintiff Meyer under imminent threat of arrest should he violate the 18-to-20-Year-Old Carry Ban, preventing him from carrying a handgun in public.

**ANSWER:** Defendant admits that Defendant Palmer is Sheriff of Fayette County, Illinois and that Plaintiffs purport to sue Defendant Palmer in his individual capacity and official capacity. Defendant admits that Defendant Palmer has statutory and common law powers and duties. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 32, and therefore denies the same.

33.     Defendant Richard Watson is sued in his individual capacity and in his official capacity as Sheriff of St. Clair County, Illinois. As sheriff, "he has the duty to prevent crime and keep the peace and order in his county, and he has the authority to arrest offenders and bring them to the proper court." *Gibbs,* 326 Ill. App. 3d 473 (2001). Defendant Watson's ongoing enforcement of the Ban against St. Clair County residents places Plaintiff Nalley under imminent threat of arrest should he violate the 18-to-20-Year-Old Carry Ban, preventing him from carrying a handgun in public.

**ANSWER:** Defendant admits that Defendant Watson is Sheriff of St. Clair County, Illinois and that Plaintiffs purport to sue Defendant Watson in his individual capacity and official capacity. Defendant admits that Defendant Watson has statutory and common law powers and duties.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 33, and therefore denies the same.

34.     Defendant Dwight A. Baird is sued in his individual capacity and in his official capacity as Sheriff of Kendall County, Illinois. As sheriff, "he has the duty to prevent crime and keep the peace and order in his county, and he has the authority to arrest offenders and bring them to the proper court." *Gibbs,* 326 Ill. App. 3d 473 (2001). Defendant Baird's ongoing enforcement of the Ban, including 720 Ill. Comp. Stat. 5/24-1.6, against Kendall County residents places Plaintiff Davis under imminent threat of arrest should he violate the 18-to-20-Year-Old Carry Ban, preventing her from carrying a handgun in public.

**ANSWER:** Defendant admits that Defendant Baird is Sheriff of Kendall County, Illinois and that Plaintiffs purport to sue Defendant Baird in his individual capacity and official capacity. Defendant admits that Defendant Baird has statutory and common law powers and duties. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 34, and therefore denies the same.

## JURISDICTION AND VENUE

35.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

**ANSWER:** Defendant admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 as to Defendant in his official capacity. Defendant denies that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 as to Defendant in his individual capacity. Defendant denies that the Court has jurisdiction pursuant to 28 U.S.C. § 1343. Defendant also denies that the Court has jurisdiction because Plaintiffs lack standing under Article III of the United States Constitution.

36.     This action for violation of Plaintiffs' constitutional rights is brought under 42 U.S.C. § 1983 and seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as nominal damages pursuant to 28 U.S.C. § 1983 and attorneys' fees pursuant to 42 U.S.C. § 1988.

**ANSWER:** Paragraph 36 states the legal basis by which Plaintiffs purport to sue and their requested relief to which no answer is required. Additionally, Defendant has moved to dismiss the individual capacity claims against him, which, if granted, would bar recovery of nominal damages. To the extent a response is deemed necessary, Defendant denies the allegations purporting to provide Plaintiffs a cause of action under 42 U.S.C. § 1983 and also denies that Plaintiffs are entitled to the relief requested.

37.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Southern District of Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 37, and therefore denies the same.

## THE LAWS AT ISSUE

38.     Under 720 Ill. Comp. Stat. 5/24-1.6(a), Illinois law is violated when a person knowingly:

> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or
>
> (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein,

for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

. . .

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun, unless the person under 21 is engaged in lawful activities under the Wildlife Code or described in subsection 24-2(b)(1), (b)(3), or 24-2(f).

**ANSWER:** Defendant admits the allegations contained in paragraph 38.

39. Only lawful activities under the Wildlife Code, 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(1); *id. §* 24-2(b)(3), and shooting at established target ranges, *id. §* 24-2(b)(1), (f), are exempt from this general criminal ban.

**ANSWER:** Defendant admits that various statutory provisions either exempt activities from criminal liability under 720 Ill. Comp. Stat. 5/24-1.6(a) or render 720 Ill. Comp. Stat. 5/24-1.6(a) inapplicable to certain individuals, including 720 Ill. Comp. Stat. 5/241.6(a)(3)(1) and provisions under 720 Ill. Comp. Stat. 5/24-2(b). Defendant denies the remaining allegations contained in paragraph 39.

40. Moreover, 720 Ill. Comp. Stat. 5/24-1(a)(4) and (a)(10) generally prohibit the knowing carry of a functioning, loaded, and immediately accessible pistol, revolver, stun gun or taser or other firearm, "in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person, as an invitee with that person's permission," *id.,* 5/24-1(a)(4), or "upon any public street, alley, or other public lands within the corporate limits of a city, village, or incorporated town, except when an invitee thereon, or therein," *id.,* 5/24-1(a)(10).

**ANSWER:** Defendant admits the allegations contained in paragraph 40.

41.     Only "a currently valid license under the Firearm Concealed Carry Act" exempts a person from this general criminal ban. *See id.,* 5/24-1(a)(4)(iv), (a)(10)(iv).

**ANSWER:** Defendant denies the allegations contained in paragraph 41 in that there are statutory provisions that render 720 Ill. Comp. Stat. 5/24(a)(4) and (a)(10) inapplicable to various categories of individuals who are not required to maintain a currently valid license under the Firearm Concealed Carry Act in order to engage in activity otherwise prohibited by 720 Ill. Comp. Stat. 5/24(a)(4) and (a)(10).

42.     But, under the Firearm Concealed Carry Act, no license shall be issued to anyone under twenty-one years of age. 430 III. Comp. Stat. 66/25(1).

**ANSWER:** Defendant admits the allegations contained in paragraph 42.

43.     As a shall-issue state, "The Department shall issue a license to an applicant ... if the person . . . is at least 21 years of age ...[2] *Id.*

**ANSWER:** Defendant admits the allegations contained in paragraph 43.

44.     Accordingly, even if Illinois allows law-abiding adults twenty-one years of age or older to exercise their rights to keep and bear arms outside the home, the State bans exercise of the right to carry a firearm by law-abiding adults who are 18-20 years of age.

**ANSWER:** Defendant denies the allegations contained in paragraph 44.

## STATEMENT OF FACTS RELATING TO

## DAVID MEYER

45.     Plaintiff David Meyer is a 19-year-old resident of Fayette County, Illinois.

---

[2] "Department" means the Department of State Police, 430 Ill. Comp. State. 66/5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 45, and therefore denies the same.

46.     Meyer works full-time in construction, including electrical, plumbing and HVAC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 46, and therefore denies the same.

47.     Meyer is a responsible citizen not disqualified from exercising his Second Amendment rights.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 47, and therefore denies the same.

48.     Meyer is a member of Plaintiff's SAF, ISRA, and FPC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 48, and therefore denies the same.

49.     Meyer desires to carry a handgun for self-defense and other lawful purposes. Meyer frequently drives his work truck to and from job sites alone, and in the possession of high-dollar tools and other equipment.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 49, and therefore denies the same.

50.     Meyer has a valid Firearm Owners Identification Card (FOID).

**ANSWER:** Defendant admits the allegations contained in paragraph 50.

51.     Meyer would acquire a Smith and Wesson Shield handgun if he were free to lawfully carry one. Meyer would lawfully acquire the handgun through an interfamilial gift.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 51, and therefore denies the same.

52.     Defendants, however, by their active enforcement of the Illinois 18-to-20-Year-Old Carry Ban, are precluding Meyer from obtaining a license to carry and subjecting Meyer to the Ban's carry restrictions, which criminalize Meyer's desired conduct to lawfully carry a handgun for the purpose of self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 52, and therefore denies the same.

53.     As a result of Defendants' current enforcement of the Illinois 18-to-20-Year-Old Carry Ban, if Meyer attempts to carry a handgun in public for all lawful purposes including self-defense, he will be subjected to arrest and criminal charges.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 53, and therefore denies the same.

54.     Thus, although Meyer can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for federal and state militia service and even be held fully accountable before the law for criminal matters to the point of being executed *(see* 18 U.S.C. § 3591), Defendants' enforcement of the 18-to-20-Year-Old Carry Ban prevents him from carrying a handgun in public throughout this State.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 54, and therefore denies the same.

55.     Meyer is a responsible, peaceable citizen who is not disqualified from exercising his Second Amendment rights and who has no history of violent behavior or other conduct that would suggest he poses any threat or danger.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 55, and therefore denies the same.

56.      Meyer desires to obtain a license to carry and to be able to carry a loaded handgun for his self-defense. Apart from the age restriction Plaintiff Meyer is not otherwise disqualified from eligibility for a carry permit, and if the 18-to-20-Year-Old Carry Ban is invalidated or repealed he will apply for a license to carry forthwith.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 56, and therefore denies the same.

57.      Meyer has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to the 18-to-20-Year-Old Carry Ban, enforced by Defendants, should he carry a handgun in public for all lawful purposes including self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 57, and therefore denies the same.

## STATEMENT OF FACTS RELATING TO
## MITCHELL NALLEY

58.      Plaintiff Mitchell Nalley is a 19-year-old resident of St. Clair County, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 58, and therefore denies the same.

59.      Nalley is a full-time student and member of the ROTC program. Nalley has received training on the safe operation of the M249 machinegun, M240 machinegun, and has been trained on, and qualified with the M4 rifle.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 59, and therefore denies the same.

60.      Nalley is a responsible citizen not disqualified from exercising his Second Amendment rights.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 60, and therefore denies the same.

61.    Nalley is a member of Plaintiffs SAF, ISRA, and FPC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 61, and therefore denies the same.

62.    For self-defense and other lawful purposes, Nalley desires to carry a handgun outside of the home. Nalley is concerned about the growing trend of church shootings and active shooter situations at areas where large amounts of people congregate, such as Walmart and Target stores.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 62, and therefore denies the same.

63.    Nalley has a current and valid Firearm Owners Identification Card.

**ANSWER:** Defendant admits the allegations contained in paragraph 63.

64.    Nalley would acquire a Smith and Wesson M&P handgun if he were free to lawfully carry one. Nalley would lawfully acquire the handgun through a private sale.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 64, and therefore denies the same.

65.    Defendants, however, by their active enforcement of the Illinois 18-to-20-Year-Old Carry Ban, are precluding Nalley from obtaining a license to carry and therefore subjecting Nalley to the carry restrictions found therein, which criminalize Nalley's desired conduct to lawfully carry a handgun for the purpose of self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 65, and therefore denies the same.

66.     As a result of Defendants' current enforcement of the 18-to-20-Year-Old Carry Ban, if Nalley carries a handgun in public for all lawful purposes including self-defense, he will be subjected to arrest and criminal charges.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 66, and therefore denies the same.

67.     Thus, although Nalley can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for federal and state militia service and even be held fully accountable before the law for criminal matters to the point of being executed *(see* 18 U.S.C. § 3591), Defendants' enforcement of the 18-to-20-Year-Old Carry Ban prevents him carrying a handgun in public throughout this State.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 67, and therefore denies the same.

68.     Nalley is a responsible, peaceable citizen who is not disqualified from exercising his Second Amendment rights and who has no history of violent behavior or other conduct that would suggest he poses any threat or danger.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 68, and therefore denies the same.

69.     Nalley desires to obtain a license to carry and to be able to carry a loaded handgun for his self-defense. Apart from the age restriction Plaintiff Nalley is not otherwise disqualified from eligibility for a carry permit, and if the 18-to-20-Year-Old Carry Ban is invalidated or repealed he will apply for a license to carry forthwith.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 69, and therefore denies the same.

70.     Nalley has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to the 18-to-20-Year-Old Carry Ban, enforced by Defendants, should he carry a handgun in public for all lawful purposes including self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 70, and therefore denies the same.

## STATEMENT OF FACTS RELATING TO
## EVA DAVIS

71.     Plaintiff Eva Davis is an 18-year-old resident of Kendall County, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 71, and therefore denies the same.

72.     Davis is a full-time student. She has been shooting firearms since the age of 12 and participates in competitive trap and skeet shotgun shooting. For both 2019 and 2020, Davis was ranked the Top Overall Female Shooter in Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 72, and therefore denies the same.

73.     Davis is a responsible citizen not disqualified from exercising her Second Amendment rights.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 73, and therefore denies the same.

74.     Davis is a member of Plaintiffs SAF, ISRA, and FPC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 74, and therefore denies the same.

75.     For self-defense and other lawful purposes, Davis desires to carry a handgun outside of the home. Although still a high school senior, Davis takes college courses at a local community college in the afternoons and evenings. In recent semesters, her schedule has included classes that ended between 9 p.m. and 10 p.m. at night and required Davis to walk alone to her vehicle in the dark.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 75, and therefore denies the same.

76.     Davis has submitted an application for a Firearm Owners Identification Card. Her application includes the required parental affidavit.

**ANSWER:** Defendant admits that Plaintiff Davis has submitted an application for a Firearm Owners Identification Card, but Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 76, and therefore denies the same.

77.     Upon issuance of her FOID card, Davis would acquire a Beretta Pico handgun. Davis would lawfully acquire the handgun through an interfamilial gift.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 77, and therefore denies the same.

78.     Defendants, however, by their active enforcement of the Illinois 18-to-20-Year-Old Carry Ban, are precluding Davis from obtaining a license to carry and therefore subjecting Davis to the carry restrictions found therein, which criminalize Davis's desired conduct to lawfully carry a handgun for the purpose of self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 78, and therefore denies the same.

79.     As a result of Defendants' current enforcement of the 18-to-20-Year-Old Carry Ban, if Davis carries a handgun in public for all lawful purposes including self-defense, she will be subjected to misdemeanor or felony criminal charges.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 79, and therefore denies the same.

80.     Thus, although Davis can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join the armed forces, and even be held fully accountable before the law for criminal matters to the point of being executed *(see* 18 U.S.C. § 3591), Defendants' enforcement of the 18-to-20-Year-Old Carry Ban prevents her from carrying a handgun in public throughout this State.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 80, and therefore denies the same.

81.     Davis is a responsible, peaceable citizen who is not disqualified from exercising her Second Amendment rights and who has no history of violent behavior or other conduct that would suggest she poses any threat or danger.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 81, and therefore denies the same.

82.     Davis desires to obtain a license to carry to be able to carry a loaded handgun for her self-defense. Apart from the age restriction Plaintiff Davis is not otherwise disqualified from eligibility for a carry permit, and if the 18-to-20-Year-Old Carry Ban is invalidated or repealed she will apply for a license to carry forthwith.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 82, and therefore denies the same.

83.     Davis has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to the 18-to-20-Year-Old Carry Ban, enforced by Defendants, should she carry a handgun in public for all lawful purposes including self-defense.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 83, and therefore denies the same.

## HISTORY AND EFFECTS OF PUBLIC CARRY

84.     On May 8, 1792, mere months after ratification of the Second Amendment, Congress mandated that "every free able-bodied white male citizen . . . *who is or shall be of the age of eighteen years,* and under the age of forty-five years (except as is herein after excepted) shall severally and respectively be enrolled in the militia." 1 Stat. 271 ("Militia Act") (emphasis added).

**ANSWER:** Defendant admits that Plaintiffs have quoted a portion of the Second Militia Act of 1792, which was passed on May 8, 1792. Defendant also admits that the Second Amendment to the United States Constitution was ratified on December 15, 1791. Defendant denies all remaining factual allegations contained in paragraph 84.

85.     In the individual States, males aged 18 were enrolled.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 85, and therefore denies the same.

86.     Individuals within Plaintiffs' 18-20-year-old age group pose a lesser risk of perpetrating violent crime compared to their older counterparts. For example,18-to-20-year-olds were arrested for 41,250 violent crimes in 2019, compared to 58,850 violent-crime arrests for 21-to-24-year-olds, Off. of Juvenile Justice & Delinquency Programs, *Estimated number of*

*arrests by offense and age group, 2019, Gender: All,* U.S. Dep't of Just. (Nov. 16, 2020), https://bit.ly/3e0U8G1.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 86, and therefore denies the same.

87. Only 320.8 out of every 100,000 18-to-20-year-olds were arrested for violent crimes in 2019, compared to 338.9 out of every 100,000 21-to-24-year-olds. Off. of Juvenile Justice & Delinquency Programs, *Arrest Rates by offense and age group, Gender: All,* U.S. Dep't of Just. (Nov. 16, 2020), https://bit.ly/3gWR4KP.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 87, and therefore denies the same.

88. Female individuals within the 18-to-20 age group pose a minimal risk of perpetrating violent crime of any kind compared to their male counterparts.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 88, and therefore denies the same.

89. In 2019, 18-20-year-old women were arrested for fewer than one-twelfth as many murders and nonnegligent manslaughters as 21-24-year-old men. *Compare Estimated number of arrests by offense and age group, 2019, Gender: Males,* Law Enforcement & Juvenile Crime, *supra,* https://bit.ly/3reYudS (1,620 homicides or negligent manslaughters); *with id., Gender: Females,* https://bit.ly/3fcZwoF (120 murders or nonnegligent manslaughters). Overall, 21-24-year-old men are roughly four times likelier than 18-20-year-old women to be arrested for a violent crime of any sort. *Compare Arrest rates by offense and age group: 2019, Gender: Males,* Law Enforcement & Juvenile Crime, *supra,* https://bit.ly/31yvZ0h (0.51 percent of 21-24-year-old men arrested for violent crimes in 2019); *with Arrest rates by offense and age group: 2019,*

*Gender: Females, id.,* https://bitly/3mbxA65  (0.13 percent of 18-20-year-old  women arrested for violent crimes in 2019).

**ANSWER:** Defendant is without knowledge or information  sufficient to form a belief as to the truthfulness of the allegations  contained in paragraph 89, and therefore denies the same.

90.     In 2018, women perpetrated only 17.6 percent of violent  incidents,  whereas men perpetrated 86.3 percent,[3] and women were victims  of 57.7 percent of violent  incidents.  *Criminal Victimization, 2018 — Supplemental Tables,* Bureau of Just. Stats., Off. of Just. Progs., U.S. Dep't of Just. 1 tbl. 12a. (July 2020),  https://bitly/31J8ISA.

> *Criminal Victimization, 2018 — Supplemental Tables,* Bureau of Just.
>
> Stats., Off. of Just. Progs., U.S. Dep't of Just. 1 tbl. 12a. (July 2020),
>
> https://bitly/31J8ISA.

**ANSWER:** Defendant is without knowledge or information  sufficient to form a belief as to the truthfulness of the allegations  contained in paragraph 90, and therefore denies the same.

## COUNT I: ILLINOIS' 18-TO-20-YEAR-OLD CARRY BAN IS UNCONSTITUTIONAL FACIALLY AND AS APPLIED PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS
### *(All Plaintiffs  v. Defendants)*

91.     The foregoing  paragraphs are hereby incorporated  herein as if set forth in full.

**ANSWER:** The Defendant's answers to paragraphs 1–90 are hereby incorporated  by reference as his answer to paragraph 91 as if fully set forth herein.

92.     The Second Amendment of the United States Constitution  provides  that "the right of the people to keep and bear arms shall not be infringed."

---

[3] Only female offenders committed 13.7 percent of violation  incidents;  only male offenders committed 82.4 percent; both male and female offenders committed  3.9 percent.  *Criminal Victimization, 2018 – Supplemental Tables,* Bureau of Just. Stat., Off. Of Just. Progs., U.S. Dep't of Just. 1tbl. 12a. (July 2020), https://bit.ly/3IJ81SA.

**ANSWER:** Defendant denies that this is the complete and accurate quotation of the text of the Second Amendment to the United States Constitution.

93. The Supreme Court has held that the right to keep and bear arms, for self-defense and other lawful purposes, is a fundamental right. *Heller,* 554 U.S. at 581.

**ANSWER:** Defendant admits that the United States Supreme Court held in *Heller* that individuals have a right to keep and bear arms for self-defense in the home. Defendant denies all remaining allegations contained in Paragraph 93.

94. In *Heller,* the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

**ANSWER:** Defendant admits that Plaintiffs have quoted a portion of the United States Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). Defendant denies all remaining factual allegations contained in paragraph 94.

95. In *McDonald,* the Supreme Court held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment. 561 U.S. at 791; *id.* at 806 (Thomas, J., concurring in the judgment).

**ANSWER:** Defendant admits the allegations contained in paragraph 95.

96. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

**ANSWER:** Defendant admits that 42 U.S.C. § 1983 creates a civil cause of action creating liability for state actors who deprive another person of a constitutional right and are not otherwise immune from suit. Defendant denies all remaining factual allegations contained in paragraph 96.

97.     Plaintiffs David Meyer, Mitchell Nalley, and Eva Davis, along with similarly situated members of SAF, ISRA, and FPC, are law-abiding, peaceable citizens of Illinois and the United States that lawfully own, possess, and utilize firearms, and who wish to be able to carry handguns on public streets and public property throughout this State without being subjected to criminal prosecution simply because Defendants contend they are ineligible for any license to carry a handgun.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 97, and therefore denies the same.

98.     Defendants have violated Plaintiffs' right to keep and bear arms by precluding them from being able to carry a handgun on the public streets and public property — even for purposes of self-defense — because Defendants enforce 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(I)'s ban against Plaintiffs and because Defendants refuse to issue licenses to carry a handgun to Plaintiffs.

**ANSWER:** Defendant denies the allegations contained in paragraph 98.

99.     Defendants' enforcement of 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv), 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv) and 430 Ill. Comp. Stat. 66/25(1), as well as 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(I), and the regulations, customs, practices, and policies related thereto, is an infringement and an impermissible burden on Plaintiffs' right to keep and bear arms pursuant to the Second and Fourteenth Amendments of the U.S. Constitution, especially in light of the fact that it prevents Plaintiffs from "wear[ing], bear[ing], or carry[ing a firearm] . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller,* 554 U.S. at 584.

**ANSWER:** Defendant denies the allegations contained in paragraph 99.

100.     Even if the 18-to-20-Year-Old Carry Ban were subject to means-end scrutiny, prohibiting 18-to-20-year-old adults from carrying handguns does not substantially advance a government interest in public safety. That is because the available data show that 18-to-20-year-old adults commit *fewer* violent crimes than those who are 21-to-24-years-old. *See* Off. of Juvenile Justice & Delinquency Programs, *Estimated number of arrests by offense and age group, 2019, Gender: All,* U.S. Dep't of Just. (Nov. 16, 2020) (showing that 18-to-20-year-olds were arrested for 41,250 violent crimes in 2019, compared to 58,850 violent-crime arrests for 21-to-24-year-olds), https://bit.ly/3eOU8GI;Off. Of Juvenile Justice & Delinquency Programs, *Arrest Rates by offense and age group, Gender: All,* U.S. Dep't of Just. (Nov. 16, 2020) (showing that 320.8 out of every 100,000 18-to-20-year-olds were arrested for violent crimes in 2019, comparted to 338.9 out of every 100,000 21-to-24-year-olds). https://bit.ly/3gWR4KP. Because 18-to-20-year-old adults pose a lesser threat to public safety than individuals who are only marginally older than them, the 18-to-20-Year-Old Carry Ban's prohibition on 18-20-year-olds carrying handguns cannot withstand any potentially applicable level of constitutional scrutiny.

**ANSWER:** Defendant denies the allegations contained in the first and last sentences of paragraph 100. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the remainder of paragraph 100, and therefore denies the same.

101.     Defendants' current enforcement of 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv), 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv) and 430 Ill. Comp. Stat. 66/25(1), as well as 720 Ill. Comp. Stat. 5/24-1.7(a)(3)(I), and the regulations, customs, practices, and policies related thereto forces Plaintiffs to either comply with the unconstitutional mandate—thereby being prevented from

defending themselves and their loved ones in public places—or be subjected to criminal prosecution.

**ANSWER:** Defendant denies the allegations contained in paragraph 101.

102.    Therefore, as a direct and proximate result of the above infringement and impermissible burden on Plaintiffs' Second and Fourteenth Amendment rights, Plaintiffs have suffered—and continue to suffer—from an unlawful deprivation of their fundamental constitutional right to keep and bear arms.

**ANSWER:** Defendant denies the allegations contained in paragraph 102.

### COUNT II: ILLINOIS' 18-TO-20-YEAR-OLD CARRY BAN IS UNCONSTITUTIONAL AS APPLIED TO 18-TO-20-YEAR-OLD WOMEN UNDER THE SECOND AND FOURTEENTH AMENDMENTS
### *(Plaintiff Eva Davis, SAF, ISRA, FPC v. Defendants)*

103.    Plaintiff incorporates by reference the allegations of the preceding paragraphs.

**ANSWER:** The Defendant's answers to paragraphs 1–102 are hereby incorporated by reference as his answer to paragraph 103 as if fully set forth herein.

104.    As detailed above, 720 Ill. Comp. Stat. 5/24-1(a)(4)(iv), 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv) and 430 Ill. Comp. State. 66/25(1), as well as 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(I), ban law-abiding adults between the ages of eighteen and twenty-one from carrying handguns in public.

**ANSWER:** Defendant denies the allegations contained in paragraph 104 in that there are statutory provisions that render 720 Ill. Comp. Stat. 5/24(a)(4) and (a)(10), as well as 720 Ill. Comp. Stat. 5/24-1.6, inapplicable to various categories of individuals who are not required to maintain a currently valid license under the Firearm Concealed Carry Act in order to engage in activity otherwise prohibited by 720 Ill. Comp. Stat. 5/24(a)(4), 5/24(a)(10), or 720 Ill. Comp. Stat. 5/24-1.6. Defendant denies any remaining allegations contained in paragraph 104.

105.    Even if constitutional on its face, this ban violates the Second Amendment rights of Plaintiff Davis and all other similarly situated female members of SAF, ISRA, and FPC in Illinois between the ages of eighteen and twenty-one.

**ANSWER:** Defendant denies the allegations contained in paragraph 105.

106.    Female individuals within this age group pose a relatively minimal risk of perpetrating violent crime of any kind compared to their male counterparts. In 2019, 18-20-year-old women were arrested for *fewer than one-twelfth* as many murders and nonnegligent manslaughters as 21-24-year-old men. *Compare Estimated numbers of arrests by offense and age group, 2019, Gender: Males,* Law Enforcement & Juvenile Crime, *supra,* https://bit.ly/3reYudS (1,620 homicides or negligent manslaughters); with *id., Gender: Females,* https://bit.ly/3fZwoF (120 murders or nonnegligent manslaughters). Overall, 21-24-year-old men are roughly *four time likelier* than 18-20-year-old women to be arrested for a violent crime of any sort. *Compare Arrest rates by offense and age group: 2019 Gender: Males,* Law Enforcement & Juvenile Crime, *supra,* https://bit.ly/31yvZ0h (0.51 percent of 21-24-year-old men arrested for violent crimes in 2019); *with Arrest rates by offense and age group: 2019, Gender: Females, id.,* https://bit.ly/3mbxA65 (0.13 percent of 18-20-year-old women arrested for violent crimes in 2019.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 106, and therefore denies the same.

107.    In 2018, women perpetrated only 17.6 percent of violent incidents, whereas men perpetrated 86.3 percent,[4] and women were victims of 57.7 percent of violent incidents. *Criminal Victimization, 2018, supra*, at 1 tbl. 12a.

---

[4] Only female offenders committed 13.7 percent of violent incidents; only male offenders committed 82.4 percent; both male and female offenders committed 3.9 percent. *Criminal*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 107, and therefore denies the same.

108.    Only *0.13 percent* of 18-to-20-year-old women were arrested for *any violent crime* at all in 2019, *see Arrest rates by offense and age group, 2019, Gender: Females*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/3173Kph.    In 2018, the rate was 0.15 percent, *see Arrest rates by offense and age group, 2018, Gender: females, id.*, https://bit.ly/2ORyCb9, and in 2017, it was 0.15 percent, *see Arrest rates by offense and age group, 2017, Gender: Females, id.*, https://bit.ly/3cdULsP.    The near-total majority 18-to-20-year-old women pose no threat to public safety.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 108, and therefore denies the same.

109:    The State has not provided and cannot provide any legitimate justification for denying law-abiding, 18-to-20-year-old women the right to lawfully exercise their fundamental right to carry handguns in public for self-defense and other lawful purposes.

**ANSWER:** Defendant denies the allegations contained in paragraph 109.

110:    Without any legitimate justification, much less one of a "compelling" or "substantial" nature as required to survive heightened scrutiny, to the extent a scrutiny analysis applies, Illinois' 18-to-20-Year-Old Carry Ban is unconstitutional, void, and invalid as applied to women between the ages of 18 and 21.  Defendants' active enforcement of it constitutes an actionable violation of 42 U.S.C. §1983 redressable through the relief Plaintiff's seek in this Complaint.

**ANSWER:** Defendant denies the allegations contained in paragraph 110.

---

*Victimization, 2018, supra,* at 1 tbl. 12a.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests [sic] that this Honorable Court enter judgment in their favor and against Defendants, as follows:

111.    Declare that the 18-to-20-Year-Old Carry Ban consisting of 720 Ill. Comp. State. 5/24-1.6(a)(3)(I), 720 Ill. Comp. State. 5/24-1(a)(4)(iv), 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv), 430 Ill. Comp. State 66/25(1), and all related laws, regulations, policies, and procedures, violates—facially, as applied to otherwise qualified 18-20-year-olds, or as applied to otherwise qualified 18-20-year-old women—the right of Plaintiffs and Plaintiffs' similarly situated members to keep and bear arms guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

**ANSWER:** Paragraph 111 states a request for relief to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiffs are entitled to the relief requested.

112.    Enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing, against Plaintiffs and Plaintiffs' similarly situated members, the 18-to-20-Year-Old Carry Ban consisting of 720 Ill. Comp. Stat. 5/24-1.6(a)(3)(I), 720 Ill. Comp. State. 5/24-1(a)(4)(iv), 720 Ill. Comp. Stat. 5/24-1(a)(10)(iv), 430 Ill. Comp. State. 66/25(1), and all related laws, regulations, policies, and procedures that would impede or criminalize Plaintiffs and Plaintiffs' similarly situated members' exercise of their right to keep and bear arms;

**ANSWER:** Paragraph 112 states a request for relief to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiffs are entitled to the relief requested.

113.   Award Plaintiffs nominal damages for constitutional injuries caused by Defendants' enforcement of the 18-to-20-year-Old Carry Ban and resulting deprivation of Plaintiffs' Second and Fourteenth Amendment rights;

**ANSWER:** Paragraph 113 states a request for relief to which no answer is required. Additionally, Defendant has separately moved to dismiss Plaintiffs' individual capacity claims which, if granted, would bar recovery of nominal damages. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiffs are entitled to the relief requested.

114.   Pursuant to 42 U.S.C. §1988, award costs and attorney fees and expenses to the extent permitted; and

**ANSWER:** Paragraph 114 states a request for relief to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiffs are entitled to the relief requested.

115.   Grant any and all other equitable and/or legal remedies this Court may see fit.

**ANSWER:** Paragraph 115 states a request for relief to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiffs are entitled to relief.

Defendant denies each and every allegation in Plaintiffs' Complain not previously admitted or otherwise qualified.

## JURY DEMAND

Defendant demands a trial by jury in this matter for any and all claims that can be tried by jury.

## RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant, Brendan F. Kelly, in his official capacity, by and through his attorney, Illinois

Attorney General Kwame Raoul, and for his affirmative defenses to Plaintiffs' Complaint, states:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing. The individual Plaintiffs lack standing because they have not

alleged that they suffered an injury in fact from any of Defendant's alleged acts, including

allegations of any actual, impending, or threatened criminal enforcement actions against

Plaintiffs. Additionally, Plaintiff Eva Davis lacks standing because she does not possess a valid

Firearm Owner Identification Card, which precludes her from legally possessing a firearm in

Illinois even if the statutes she challenges in this lawsuit were invalid; thus she has failed to

allege any injury caused by the statutes she challenges. The organizational Plaintiffs lack

standing because they have not asserted any injury against them as organizations and because

they have not identified even a single member of each organizational Plaintiff who has standing

in his or her own right and for whom the organizational Plaintiffs could assert associational

standing.

### SECOND AFFIRMATIVE DEFENSE

The Eleventh Amendment prohibits Plaintiffs from recovering any money judgment

against Defendant for actions undertaken in his official capacity. Because all acts or omissions

allegedly attributable to Defendant in this case were undertaken in his official capacity as an

officer of the State of Illinois, Plaintiffs' claims, nominally brought against Defendant are, in

fact, a suit against the State of Illinois and could operate to control the State or subject it to liability in violation of the Eleventh Amendment.

WHEREFORE, for the above and foregoing reasons, Defendant Brendan Kelly, in his official capacity, respectfully requests this honorable Court deny Plaintiffs any relief in this matter whatsoever and enter judgment in Defendant's favor.

Respectfully submitted,

Dated: August 12, 2021

KWAME RAOUL,
Illinois Attorney General

Attorney for Defendant Brendan Kelly,

By:    /s/ Aaron P. Wenzloff
       Aaron P. Wenzloff, #6329093
       Assistant Attorney General
       100 West Randolph Street, 11th Floor
       Chicago, IL 60601
       (312) 814-3000
       aaron.wenzloff@illinois.gov

Laura K. Bautista #6289023
Deputy Bureau Chief, General Law-Springfield
500 South Second Street
Springfield, IL 60701
Phone: (217) 782-5819
Fax: (217) 524-5091
laura.bautista@illinois.gov

Isaac Freilich Jones
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph Street, 11th Floor
Chicago, Illinois 60601
(312) 814-3000
isaac.freilich-jones@illinois.gov

*Meyer, et al., v. Raoul, et al.* **No. 21-CV-518-DWD**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2021, I electronically filed the foregoing, ***Defendant's Answer to Plaintiff's Complaint***, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David G. Sigale | dsigale@sigalelaw.colm |
| David H. Thompson | dthompson@cooperkirk.com |
| Peter A. Patterson | ppatterson@cooperkirk.com |
| Christian D. Ambler | cambler@stonejohnsonlaw.com |
| Benjamin Jacobi | bjacobi@okgc.com |
| Karen L. McNaught | kmcnaught@okgc.com |
| Thomas R. Ysursa | try@bhylaw.com |

and I hereby certify that on August 12, 2021, I mailed by United States Postal Service the document to the following non-registered participant:

NONE

/s/ Aaron P. Wenzloff
Aaron P. Wenzloff, #6329093
Assistant Attorney General
100 West Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000

(217) 782-5819 Phone
(217) 524-5091 Fax
Email: laura.bautista@illinois.gov