UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, MITCHELL NALLEY, EVA DAVIS, SECOND AMENDMENT FOUNDATION, ILLINOIS STATE RIFLE ASSOCIATION, AND FIREARMS POLICY COALITION, INC., <br><br>    Plaintiffs, <br><br>-vs- <br><br>KWAME RAOUL, BRENDAN F. KELLY, JOSHUA C. MORRISON, JAMES GOMRIC, ERIC WEIS, CHRISTOPHER PALMER, RICHARD WATSON, and DWIGHT A. BAIRD, <br><br>    Defendants. | 21-cv-518-DWD |

### REPLY IN FURTHER SUPPORT OF STATE'S MOTION TO DISMISS

Exceptional circumstances warrant filing this reply under SDIL-LR 7.1(c) because Plaintiffs misstate the case law regarding the Eleventh Amendment and associational standing. *See Eagle Forum v. Phyllis Schlafly's Am. Eagles*, No. 3:16-CV-946-NJR, 2020 U.S. Dist. LEXIS 11073, *9-10 (S.D. Ill. Jan. 23, 2020) (clarifying legal inaccuracies in a response is an exceptional circumstance warranting a reply).[1]

In their Brief in Opposition ("Opp.") Plaintiffs have agreed "to dismiss all individual capacity claims against Defendants" (Opp., ECF 55, at 5 n.2) and withdraw all claims for nominal damages (*id.* at 12 n.4). But Plaintiffs continue to insist they have properly stated claims against the Attorney General in his official capacity, and have stated claims by the Association Plaintiffs on their own behalf (in addition to the claims asserted on behalf of their members). Plaintiffs are

---

[1] All capitalized terms not defined in this Reply are defined in the State's Motion to Dismiss.

wrong on both counts. Plaintiffs' claims against the Attorney General are barred by the Eleventh Amendment because their claims are based on the Attorney General's general enforcement authority, not any allegation that the Attorney General has enforcement authority, or has brought or threatened to bring any enforcement action against a Plaintiff. And the Association Plaintiffs do not have standing because they do not allege any injuries to themselves as organizations.

**I.      Plaintiffs Cannot Overcome the Attorney General's Eleventh Amendment Immunity.**

Plaintiffs ask this Court to allow the Attorney General to be made a defendant in this action in violation of the Constitution. Plaintiffs do not dispute that the Eleventh Amendment bars suits against a state Attorney General that lacks "any special relation to the particular statute alleged to be unconstitutional" and was "not expressly directed to see to its enforcement." *Ex parte Young*, 209 U.S. 123, 157 (1908). Plaintiffs also do not contest that to "satisf[y] the requirements of *Ex parte Young*" they must sufficiently allege the Attorney General "threatened [Plaintiffs] with prosecution" or has "authority to do so." *Sherman v. Cmty. Consol. Sch Dist. 21*, 980 F.2d 437, 440–41 (7th Cir. 1992).

Plaintiffs' argument is instead that they meet the requirements from *Ex parte Young* and *Sherman* because Article V of the Illinois Constitution names the Attorney General "the legal officer of the State" with the generalized duty to appear as the State's lawyer in court. Opp., ECF 55, at 11–12. But this ignores the Supreme Court's clear holding that a state Attorney General cannot be named a defendant merely because the Attorney General "might represent the state in litigation involving the enforcement of its statutes." *Ex parte Young*, 209 U.S. at 157; *see also* Motion to Dismiss, ECF 53, at 11–12. As Plaintiffs themselves admit in their Opposition, their sole basis for suing the Attorney General is his "general enforcement authority." Opp., ECF 55, at 11. Plaintiffs' argument fails for this reason alone, as the Seventh Circuit ruled in *Sherman* and as

2

a District Court ruled in *Haebler v. Madigan*, No. 12 C 6193, 2013 WL 5405679 (N.D. Ill. Sept. 24, 2013).

Plaintiffs' strained attempts to distinguish *Sherman* and *Haebler* fall flat. Plaintiffs claim the Attorney General is a proper defendant because the Attorney General may someday be involved in litigating any penalty for violations of the Challenged Statutes based on his role as the State's legal officer. Opp., ECF 55, at 11. But Plaintiffs' argument on this point is incoherent. In opposing the arguments advanced by the County Defendants, they say the "duty" to "commence and prosecute . . . prosecutions" has been assigned to States' Attorneys, and that "the Attorney General *lacks the power to take exclusive charge* of the prosecution of those cases over which the State's Attorney shares authority." Opp. at 12 (quoting *People v. Buffalo Confectionary Co.*, 401 N.E.2d 546, 549 (Ill. 1980) (emphasis added)). The case law Plaintiffs cite reads (in a passage Plaintiffs conspicuously fail to quote) "the Attorney General *lacks the authority to initiate an action* under [statutes whose enforcement is assigned to State's Attorneys] to the exclusion of the State's Attorney." *Buffalo Confectionery*, 401 N.E.2d at 549 (emphasis added). Plaintiffs seek to have it both ways, insisting the Attorney General has the authority to initiate prosecutions, while citing cases saying he does not.

Plaintiffs also say the Attorney General's authority is distinguishable because "enforcement [of the Challenged Statutes] is not specifically delegated to someone other than the Attorney General." Opp., ECF 55, at 11. But Plaintiffs fail to address that enforcement of the Challenged Statutes *is* specifically delegated to another official—ISP Director Brendan Kelly. *See*,

3

*e.g.*, 430 ILCS 65/6. The specific delegation of enforcement authority to Director Kelly requires that the claims against the Attorney General be dismissed as well.[2]

## II. The Association Plaintiffs Allege No Injury To Themselves, And Therefore Lack Standing To Bring This Case On Their Own Behalf.

Plaintiffs do not dispute the State's arguments that the Association Plaintiffs fail to allege the predicates required to have standing to bring a claim on their own behalf. Opp., ECF 55, at 9–10. Instead, Plaintiffs say *Ezell v. Chicago*, 651 F.3d 684, 696 n.7 (7th Cir. 2011) stands for the proposition that a court "need not address" whether one party has standing to sue on its own behalf if a plaintiff has standing to bring claims on behalf of others. *Id.*

Plaintiffs miss the point. It is well settled that a court must separately evaluate an association's standing to bring (a) claims on its own behalf, and (b) claims on behalf of its members, and must reject claims by an association to the extent it is attempting to bring a type of claim it lacks standing to bring. In *Milwaukee Police Ass'n v. Flynn*, the Seventh Circuit considered an action by an association that attempted to state claims on its own behalf, and on behalf of its members. 863 F.3d 636, 639 (7th Cir. 2017). The Seventh Circuit ruled "[b]ecause the [plaintiff association] does not plead that it suffered injury, it does not have standing on behalf of itself." *Id.* At the same time, the Seventh Circuit observed that the *Flynn* plaintiff association *did* have standing to bring claims on behalf of its members. *Id.* at 639–40. The language Plaintiffs quote from *Ezell* merely reflects the unremarkable fact that after a court has dismissed parties or claims where standing is lacking, it proceeds to consider those portions of a case for which standing does exist. *See Ezell*, 651 F.3d at 696.

---

[2] Plaintiffs' central case in support of their position is *Entertainment Software Ass'n v. Blagojevich*, 469 F.3d 641 (7th Cir. 2006). But as the State Defendants explained in their initial Motion to Dismiss, *Entertainment Software* is distinguishable because the Attorney General admitted an enforcement role in the statute at issue there. *See* Mot. to Dismiss, ECF 53, at 12 n.5.

4

Just so here. The Seventh Circuit's ruling in *Flynn* shows that the Court must independently evaluate claims brought by the Association Plaintiffs on their own behalf, and reject those claims because the Association Plaintiffs have failed to plead any injuries to themselves as organizations. *Flynn*, 863 F.3d at 639–40l; State Defendants' Motion to Dismiss, ECF 53, at 14–16 (showing Plaintiffs have failed to plead that the Association Plaintiffs have themselves experienced any harm). This will not prevent the Court from considering claims the Association Plaintiffs have brought on behalf of their members—indeed, Director Kelly has filed an answer to those claims. The ruling in *Ezell* does not change this result.

## CONCLUSION

Plaintiffs say that if the State and County Defendants' motions to dismiss are granted, it will "leave these Plaintiffs without legal recourse." Opp., ECF 55, at 1. But ISP Director Kelly has filed an answer to *all* claims brought against him in his official capacity by the Individual Plaintiffs, as well as *all* claims brought against him in his official capacity by the Association Plaintiffs on behalf of their members. *See* ECF 54. Plaintiffs will plainly have the opportunity to pursue their claims. Conversely, denying the portions of the Motion to Dismiss remaining after Plaintiffs withdrew their individual capacity claims would subvert the fundamental balance between state and federal sovereignty, and expand the jurisdiction of this Court far beyond its proper constitutional bounds. For these reasons, and for the reasons stated in their initial Motion to Dismiss, the State Defendants therefore respectfully request that that the Court grant their Motion To Dismiss.


Dated: September 23, 2021

Laura K. Bautista #6289023
Assistant Chief Deputy Attorney General
500 South Second Street
Springfield, IL 62701
Phone: (217) 782-5819
laura.bautista@ilag.gov

Aaron P. Wenzloff, #6329093
Assistant Attorney General
100 West Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000
aaron.wenzloff@ilag.gov

Respectfully submitted,

KWAME RAOUL, Attorney General of the State of Illinois,

Attorney for Defendants Attorney General Kwame Raoul and Director Brendan Kelly,

By: */s/ Isaac Freilich Jones*
   Isaac Freilich Jones, #6323915
   Assistant Attorney General
   Office of the Illinois Attorney General
   100 W. Randolph Street, 11th Floor
   Chicago, Illinois 60601
   (312) 814-3000
   isaac.freilichjones@ilag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I caused the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

By: */s/ Isaac Freilich Jones*

Laura K. Bautista #6289023
Assistant Chief Deputy Attorney General
500 South Second Street
Springfield, IL 62701
Phone: (217) 782-5819
Fax: (217) 524-5091
laura.bautista@ilag.gov

Isaac Freilich Jones, #6323915
Assistant Attorney General
Office of the Illinoi Attorney General
100 W. Randolph Street, 11th Floor
Chicago, Illinois 60601
(312) 814-3000
isaac.freilichjones@ilag.gov

Aaron P. Wenzloff, #6329093
Assistant Attorney General
100 West Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000
aaron.wenzloff@ilag.gov