UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| David Meyer, Mitchell Nalley, Eva Davis, Second Amendment Foundation, Illinois State Rifle Association, and Firearms Policy Coalition, Inc., <br><br>　　Plaintiffs, <br><br>　　v. <br><br>Kwame Raoul, Brendan F. Kelly, Joshua C. Morrison, James Gomric, Eric Weis, Christopher Palmer, Richard Watson, and Dwight A. Baird, <br><br>　　Defendants. | 21-cv-518-DWD |

**MOTION PURSUANT TO FED. R. CIV. P. 56
TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

Plaintiffs have moved for summary judgment while three motions to dismiss remain pending, without engaging in routine pretrial case management, before discovery has commenced, before Attorney General Raoul and the six County Defendants have had a chance to answer, and just weeks after Defendant Kelly filed an Answer disputing most of Plaintiffs' material factual allegations. Plaintiffs' premature motion is a transparent attempt to prevent Defendants from collecting and presenting evidence in support of their positions, despite Plaintiffs' assertion that Defendants have the burden of presenting *that very evidence*. But under the two-part test governing Second Amendment challenges such as this, Defendants must be given an opportunity to submit evidence about (a) the historical understanding of the scope of the Second Amendment at the Founding and whether the statutes being challenged fall within that scope and (b) the public benefits of those statutes. Federal courts in Illinois and elsewhere routinely (indeed, near universally) permit fact and expert discovery before summary judgment briefing. Plaintiffs have not sought expedited relief, nor is there anything else about this case that warrants the unusual and prejudicial approach Plaintiffs have pursued. Accordingly, the State respectfully requests the Court

to enter an order under Fed. R. Civ. P. 56(d) continuing Plaintiffs' motion for summary judgment and setting an appropriate schedule for this case.

## BACKGROUND

**Plaintiffs' action**

On May 27, 2021, Plaintiffs filed this action challenging the constitutionality of 430 ILCS 66/25(1), 720 ILCS 5/24-1.6(a)(3)(I), 720 ILCS 5/24-1(a)(4)(iv), and 720 ILCS 5/24-1(a)(10)(iv) (collectively, the "Challenged Statutes"), which together place certain restrictions on the ability of persons under age 21 to be issued concealed carry licenses, and impose certain criminal penalties on persons unlawfully carrying a concealed firearm. Plaintiffs name two state officials and six county officials as defendants, all in their individual and official capacities: Illinois Attorney General Kwame Raoul and Illinois State Police ("ISP") Director Brendan Kelly (collectively the "State"); and Fayette County State's Attorney Joshua Morrison, St. Clair County State's Attorney James Gomric, Kendall County State's Attorney Eric Weis, Fayette County Sheriff Christopher Palmer, St. Clair County Sheriff Richard Watson, and Kendall County Sheriff Dwight Baird (collectively the "County Defendants").

Plaintiffs allege the age-based restrictions imposed by the Challenged Statutes (a) do not fall within the scope of what would have been viewed as acceptable regulations consistent with the Second Amendment as it was understood at the time of ratification, and (b) fail to meet the appropriate level of constitutional scrutiny. Compl., ECF 1, ¶¶ 84–90. Plaintiffs therefore claim the Challenged Statutes and "all related laws, regulations, policies, and procedures" are unconstitutional violations of the rights secured by the Second and Fourteenth Amendments to the Constitution. *Id.* ¶¶ 111–114.

**Defendants' Answer and Motions to Dismiss**

On July 29, 2021 and August 5, 2021, the County Defendants moved to dismiss all claims. ECF 47 and 52. On August 12, 2021, the State moved to dismiss (a) all claims against Attorney General Kwame Raoul in his official capacity and his individual capacity; (b) all claims against ISP Director Brendan Kelly in his individual capacity; (c) all claims for money damages; and (d) the claims brought by the Association Plaintiffs on their own behalf. *See* ECF 53. ISP Director Kelly separately answered the claims against him in his official capacity by the Individual Plaintiffs, and the claims against him in his official capacity by the Association Plaintiffs on behalf of their members (but not on their own behalf). ECF 54.

On September 13, 2021, Plaintiffs filed an opposition to the State's motion to dismiss. ECF 55. Plaintiffs agreed "to dismiss all individual capacity claims against Defendants" (*id*. at 5 n.2) and withdraw all claims for nominal damages (*id.* at 12 n.4). Otherwise, Plaintiffs opposed Defendants' motions to dismiss.

**Plaintiffs' Premature Motion for Summary Judgment**

On September 17, 2021, Plaintiffs moved for summary judgment. ECF 56. As Plaintiffs explain, after the Supreme Court's ruling in *District of Columbia v. Heller*, 554 U.S. 570 (2008), a court must conduct a two-step inquiry to resolve Second Amendment challenges ("*Heller* Step 1" and "*Heller* Step 2"). In *Heller* Step 1, the court conducts a "textual and historical inquiry" to determine whether "the regulated activity falls within the scope of the Second Amendment." *Ezell v. City of Chicago*, 846 F.3d 888, 892 (7th Cir. 2017). "[I]if the historical evidence is inconclusive or suggests that the regulated activity is not categorically unprotected" then a court must inquire "into the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights" under the appropriate level of constitutional scrutiny. *Id.* Plaintiffs assert that Defendants bear the burden of proof as to both *Heller* steps, and say that Defendants

cannot bear that burden in light of the factual record Plaintiffs purport to introduce. *See*, *e.g.*, ECF 56, at 6, 13–15, 17.

Defendants' motions to dismiss remain pending, and the parties have not participated in a Rule 26(f) conference, exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), or discussed or filed the reports required by Local Rule 16.2(a) and Fed. R. Civ. P. 26.

## LEGAL STANDARD

A motion for summary judgment should be continued if the non-moving party shows it needs additional time for discovery by filing a motion and declaration under Fed. R. Civ. P. 56(d) ("Rule 56(d)").[1] *Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*; *see also Hartford Cas. Ins. Co. v. Juneau Assocs., P.C.*, No. 14-cv-0826-MJR-PMF, 2015 U.S. Dist. LEXIS 116197, at *3 (S.D. Ill. Sep. 1, 2015); Rule 56(d).

In the Seventh Circuit, after a party files a proper Rule 56(d) motion and declaration, it is generally an abuse of discretion to deny that motion if discovery has not yet closed, the party seeking discovery has done so with "diligence," and additional discovery would not be "futile." *Smith*, 933 F.3d at 861, 866–871. Consistent with this approach, if a party seeks summary judgment before discovery commences, a district court should grant the Rule 56(d) motion unless "the issues at stake are purely legal such that no facts could make a difference in the outcome of the case." *Hillshire Brands Co. v. Travelers Cas. & Sur. Co.*, No. 15 C 06859, 2016 U.S. Dist. LEXIS 162386,

---

[1] "Before the 2010 amendments to the Federal Rules of Civil Procedure, Rule 56(d) was 56(f). Because no substantive changes were made to this portion of the rule, cases that analyzed the old Rule 56(f) remain applicable." *Smith*, 933 F.3d at 871.

4

at *4 (N.D. Ill. Nov. 23, 2016). The Seventh Circuit has observed that it is proper to file a Rule 56(d) motion to allow the completion of expert discovery. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).[2]

## ARGUMENT

The State has submitted as Exhibit 1 to this motion the Declaration of Jordan Adams pursuant to Rule 56(d) (the "Adams Declaration") setting out the specific reasons discovery should be allowed to proceed, and the specific discovery the State is seeking. Under Rule 56(d) Defendants must be given adequate time to complete discovery before being forced to brief Plaintiffs' summary judgment motion because the State seeks discovery that is directly relevant to the *Heller* test and necessary to address arguments in Plaintiffs' motion, and the State has been diligent in seeking discovery. *See Smith*, 933 F.3d at 865. Moreover, immediate briefing of Plaintiffs' summary judgment motion would prejudice the parties that have moved to dismiss all claims against them. The State therefore respectfully requests that the Court enter an order pursuant to Rule 56(d) continuing Plaintiffs' motion for summary judgment, and providing a reasonable discovery schedule consistent with typical practice and the needs of this case.

**I.     The Discovery The State Seeks Is Not "Futile"—It Is Central To This Case.**

    **A.  The State Seeks Discovery Central To The *Heller* Analysis.**

The State seeks the opportunity to present evidence that is plainly relevant under the *Heller* framework. *Heller* itself requires trial courts to consider the right to keep and bear arms as it was

---

[2] In *Farmer v. Brennan* the Seventh Circuit discussed, but did not adopt, a five-part Rule 56(d) test used in the First Circuit under which a court decides Rule 56(d) motions by considering authoritativeness, timeliness, good cause, utility, and materiality of the discovery sought. 81 F.3d 1444, 1450 (7th Cir. 1996); *see also Pac. Emplrs. Ins. Co. v. Clean Harbors Envtl. Servs.*, No. 08 C 2180, 2009 U.S. Dist. LEXIS 101565, at *8 (N.D. Ill. Oct. 29, 2009) (noting the Seventh Circuit never adopted the First Circuit's test). While the Seventh Circuit's decision in *Smith* confirms that the First Circuit test is not the law in the Seventh Circuit, for the reasons discussed below the State's motion would also prevail under the First Circuit test.

understood by "ordinary citizens in the founding generation." *District of Columbia v. Heller*, 554 U.S. 570, 577 (2008). The Seventh Circuit has also confirmed that in defending a firearm regulation the government may supply "empirical evidence" to justify its law based on public safety. *Ezell v. City of Chicago*, 651 F.3d 684, 709 (7th Cir. 2011) ("*Ezell I*"). Reflecting the ongoing consensus across federal appellate courts, in *Ezell I* the Seventh Circuit implicitly admonished government defendants facing Second Amendment challenges to "present[] data or expert opinion to support" firearm regulations. *Id.*; *see also Ezell v. City of Chicago*, 846 F.3d 888, 896 (7th Cir. 2017) ("*Ezell II*"); *accord*, *e.g.*, *District of Columbia v. Heller*, 670 F.3d 1244, 1253 (D.C. Cir. 2011). Indeed, the Seventh Circuit faulted the government defendant in *Ezell I* for "produc[ing] no empirical evidence" to support that defendant's position. *Ezell I*, 651 F.3d at 709; *Ezell II*, 846 F.3d at 896. The law could not be clearer—the State must be allowed to collect and present this evidence, which is directly relevant to both *Heller* Step 1 and *Heller* Step 2.

      Plaintiffs' own motion clearly shows that the State is entitled to complete expert discovery before being forced to brief summary judgment. Plaintiffs cannot plausibly argue this discovery is "futile"—in Plaintiffs' own motion for summary judgment they repeatedly assert that the State is *obligated* to present the evidence the State is seeking to collect in order to prevail in this case. For example, Plaintiffs assert "the government bears the burden" at *Heller* Step 1, which they admit involves an "historical inquiry." ECF 56, at 6. Plaintiffs also say the *Heller* Step 2 "burden . . . rests entirely on the State," and that this burden "*necessarily involves marshalling significant evidence*." ECF 56, at 13 (emphasis added). Plaintiffs go on to contend the State "must show that it seriously undertook to address the problem with less intrusive tools readily available to it, or, at a minimum, that it considered different methods that other jurisdictions have found effective." *Id.* at 16 (internal citations and quotation marks omitted). Plaintiffs also demand the State provide

6

"some reference to . . . academic studies, or other empirical data" if it is to prevail in the *Heller* analysis. ECF 56, at 13 (quoting *Tyler v. Hillsdale Cnty. Sheriff's Dept.*, 837 F.3d 678, 694 (6th Cir. 2016)). This "historical inquiry" and "evidence" is precisely what the State seeks to provide through additional discovery, and precisely what Plaintiffs seek to foreclose through their premature motion for summary judgment.

Moreover, Plaintiffs rely on (a profoundly flawed analysis of) empirical and scholarly evidence in support of their favored interpretation of the law, and the State is entitled to assemble the materials required to address these arguments before briefing the summary judgment motion. At *Heller* Step 1, Plaintiffs attempt to introduce two law review articles into the record through their complaint.[3] *See* Compl., ECF 1, ¶¶ 13–15. At *Heller* Step 2, Plaintiffs rely on a variety of empirical datasets and academic sources they say supports their position, including at least four datasets published by the United States Department of Justice,[4] two law review articles,[5] and statistics relating to drunk driving in the early 1970s. ECF 56, at 13–18. Plaintiffs' complaint also

---

[3] Plaintiffs rely on: David B. Kopel & Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495, 573–577, 587 (2019); Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 WYO. L. REV. 249 (2020). The State notes, however, that these unsworn materials were included with no indication that they can be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The State reserves the right to object to such inadmissible evidence at the summary judgment stage should Plaintiffs' summary judgement motion be considered by the Court.

[4] Plaintiffs rely on: Off. Of Juvenile Justice & Delinquency Programs, *Arrest rates by offense and age group, 2019, Gender: Females*, U.S. DEP'T OF JUST.; Off. Of Juvenile Justice & Delinquency Programs, *Arrest rates by offense and age group, 2019, Gender: Males*, U.S. DEP'T OF JUST.; Off. Of Juvenile Justice & Delinquency Programs, *Arrest rates by offense and age group, 2019, Gender: All*, U.S. DEP'T OF JUST.; Off. of Juvenile Justice & Delinquency Programs, *Easy Access to NIBRS Victims, 2016: Most serious offense against victim by Sex of victim for all reporting states, 18 to 20*, U.S. DEP'T OF JUST. *See* ECF 56, at 13–18

[5] Michael P. O'Shea, *The Steepness of the Slippery Slope: Second Amendment Litigation in the Lower Federal Courts and What It Has to Do with Background Recordkeeping Legislation*, 46 CONN. L. REV. 1381, 1433 & n.259 (2014); Philip J. Cook et al., *Gun Control after Heller: Threats & Sideshows from a Social Welfare Perspective*, 56 U.C.L.A. L. REV. 1041, 1082 (2009).

refers to at least one additional large dataset not cited in their summary judgment motion.[6] ECF 1, ¶¶ 90, 107. Plaintiffs use these sources to assert that (a) "[h]istory . . . proves 18-year-olds were included within the Second Amendment's protections" at the time of the Founding (ECF 56, at 13), (b) "there is no evidence that a ban on issuing carry licenses to 18-to-20-year-olds is reasonably connected to" the problem of crime committed by 18-to-20-year-olds (*id.* at 14) and (c) that "the immaturity of individuals under 21" cannot be used to justify the Challenged Statutes. ECF 56, at 13–14.

The State intends to present expert testimony relevant under the *Heller* framework, including evidence to rebut Plaintiffs' arguments. Adams Declaration, Ex. 1, ¶¶ 2–5. The Adams Declaration provides a detailed description of the specific evidence the State will seek in discovery, as well as the reasons for seeking that discovery.

*First*, the State intends to present the expert report and testimony of Dr. Saul Cornell, the Paul and Diane Guenther Chair in American History at Fordham University. Dr. Cornell is an expert in the history of gun regulation, and is expected to provide expert testimony regarding the Challenged Statutes in relation to the scope of the Second Amendment right as it was understood at relevant historical moments, including the time of the ratification of the Bill of Rights. This evidence is directly relevant to *Heller* Step 1. Adams Declaration, Ex. 1, ¶ 6.

*Second*, the State intends to present the expert report and testimony of Dr. John J. Donohue III, the C. Wendell and Edith M. Carlsmith Professor of Law at Stanford University. Dr. Donohue holds a Ph.D. in Economics, as well as a JD. An expert in the use of empirical analytic techniques to evaluate and determine the impact of law and public policy in a wide range of areas, including

---

[6] *Criminal Victimization, 2018 – Supplemental Tables*, Bureau of Just. Stats., Off. of Just. Progs., U.S. Dep't of Just. 1 tbl. 12a.

the regulation of firearms, Dr. Donohue is expected to report and testify that the Challenged Statutes promote public health and safety, including by generating meaningful reductions in violent crime and gun theft. This evidence is directly relevant to *Heller* Step II. *Id.*, Ex. 1, ¶ 7.

*Third*, the State intends to present the expert report and testimony of Dr. Laurence Steinberg, a Distinguished University Professor and the Laura H. Carnell Professor of Psychology at Temple University. Dr. Steinberg is an expert in developmental psychology with a particular expertise in development between ages 10 and 20. Dr. Steinberg is expected to provide expert testimony that limitations on the concealed carry of firearms by those under 21 is supported by well-established scientific consensus, including the scientific consensus relating to psychological development and brain development during ages 10 to 20. This evidence is directly relevant to *Heller* Step II. Adams Declaration, Ex. 1, ¶ 8.

### B. The State Seeks Discovery on Plaintiffs' Standing.

Additional discovery is also needed on whether Plaintiffs have standing to bring this action. In their complaint, and in their motion for summary judgment, Plaintiffs provide sworn declarations of Brandon Combs (as President of Plaintiff Firearms Policy Coalition); Plaintiff Eva Davis; Richard Pearson (as Executive Director of Plaintiff Illinois State Rifle Association); Alan Gottlieb (as Executive Vice President of Plaintiff Second Amendment Foundation); Plaintiff Richard Nalley; and Plaintiff David Meyer. Each of these declarations contain numerous assertions of fact relating to Plaintiffs' standing to bring this action, including assertions relating to the organizational purposes of the Association Plaintiffs, the criminal histories of the individual Plaintiffs, the status of the individual Plaintiffs as members of the association Plaintiffs, the firearms that the individual Plaintiffs seek to possess, the individual Plaintiffs' eligibility for Illinois Firearm Owner Identification Cards. ECF 56 at Exs. 2–7. When discovery commences, the

State intends to seek discovery from the Plaintiffs and/or the individuals who provided declarations on behalf of Plaintiff associations, including discovery relating to standing. Adams Declaration, Ex. 1, ¶ 9.

## II.     The State Has Been Diligent In Seeking Discovery.

Because discovery has not yet commenced, the State cannot be accused of having failed to diligently pursue discovery. "Courts are generally lenient in granting Rule 56(d) motions when the party has been diligent during any previous discovery and especially so when discovery has not yet commenced." *Hillshire Brands Co.*, 2016 U.S. Dist. LEXIS 162386, at *4. As one district court ruled in a case that was older than this one when summary judgment was sought, "[t]his is not an instance in which the Rule 56(f) motion should be denied because of the plaintiff's lack of diligence, given that the case is only five months old." *Howard v. Securitas Sec. Servs.*, Case No. 08-cv-2746, 2008 U.S. Dist. LEXIS 106690, at *8 (N.D. Ill. Oct. 20, 2008). And as the Seventh Circuit has made clear, "[a]ppellate courts often remand a denial of additional time for discovery when the motion for summary judgment is filed before the close of discovery." *Smith*, 933 F.3d at 865 (collecting cases). The overwhelming consensus in the Seventh Circuit, and across other appellate courts, is that where discovery has not yet commenced, a continuance under Rule 56(d) so that discovery can take place as to relevant issues of fact is required. *See id.*; *Farmer*, 81 F.3d at 1450-51; *accord CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Burlington Northern Santa Fe Railroad Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003); *Wichita Falls v. Banc One*, 978 F.2d 915, 920 (5th Cir. 1992).

## III.    Immediate Briefing Of Plaintiffs' Summary Judgment Motion Would Prejudice Defendants With Pending Motions To Dismiss.

While Director Kelly has moved to dismiss some claims and answered others, Attorney General Raoul and all six County Defendants have moved to dismiss all claims against them that

remain pending before this Court. Plaintiffs' approach would force these defendants to brief Plaintiffs' summary judgment motion immediately, and prematurely, before their motions to dismiss are decided by the Court, and before Attorney General Raoul and the six County Defendants have had a chance to answer, assert affirmative defenses, and engage in necessary discovery. Given the extensive factual development required in this case—including extensive expert discovery—briefing is likely to be costly to whatever governmental defendants remain in the case after the resolution of the pending motions. Plaintiffs' attempt to force all Defendants to brief summary judgment before their motions to dismiss have been decided and before they have filed answers violates the most basic goal of the rules of civil procedure: that the rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Finally, continuing briefing on Plaintiffs' summary judgment motion will allow the parties to exchange initial disclosures, confer pursuant to Rule 26(f), and propose a sensible case management order as contemplated by the Federal Rules of Civil Procedure—an approach that is consistent with the typical manner in which courts handle Second Amendment cases such as this. *See, e.g.*, Scheduling Order, ECF 25, *Miller v. Smith*, Case No. 18-cv-3085 (C.D. Ill., Aug. 15, 2019); Case Management Order, ECF 55, *Johnson, et al. v. Lyon*, Case No. 17-cv-124 (W.D. Mich., Nov. 6, 2018). Without discovery, the record is unfairly limited to Plaintiffs' Complaint and Defendant Kelly's Answer, which denies the vast majority of the facts alleged. Requiring summary judgment briefing now, on the truncated record that exists to date, makes it nearly certain that this exercise will need to be repeated again, after the parties conduct the discovery that is fairly required to decide this case.

**CONCLUSION**

For these reasons, the State respectfully requests the Court grant the State's motion, exercise its inherent authority to manage its dockets and courtrooms, and its authority pursuant to Rule 56(d), and enter a Rule 56(d) order as in the proposed order submitted to the Court's proposed documents email address that provides for the following:

1. Continuing Plaintiffs' Motion for Summary Judgment, ECF 56.

2. Ordering that within 21 days of the Court's ruling on the pending motions to dismiss (ECF 47, ECF 52, ECF 53), any parties that may remain in the case shall meet and confer and provide the Court with a proposed scheduling order pursuant to Rule 26.

3. Requiring pursuant to Rule 56(d) that any proposed case scheduling orders must comply with the following scheduling framework, which provides an appropriate amount of time to complete discovery and resolve dispositive motions consistent with the needs of this case, with deadlines no earlier than the following:

    a. Monday, May 2, 2022 for the parties to disclose experts and provide expert reports.

    b. Friday, July 1, 2022 for the close of fact and expert discovery.

    c. Monday, August 1, 2022 for the filing of dispositive motions.

    d. Monday, October 3, 2022 for responses to dispositive motions (including motions for summary judgment). The Court will not consider summary judgment motions before this date.

| | |
|---|---|
| Dated: September 23, 2021 | Respectfully submitted, |
| | |
| Laura K. Bautista #6289023<br>Assistant Chief Deputy Attorney General<br>500 South Second Street<br>Springfield, IL 62701<br>Phone: (217) 782-5819<br>Fax: (217) 524-5091<br>laura.bautista@ilag.gov | KWAME RAOUL, Attorney General of the State of Illinois,<br><br>Attorney for Defendants Attorney General Kwame Raoul and Director Brendan Kelly,<br><br>By: */s/ Isaac Freilich Jones*<br>　　Isaac Freilich Jones, #6323915<br>　　Assistant Attorney General<br>　　Office of the Illinois Attorney General<br>　　100 W. Randolph Street, 11th Floor<br>　　Chicago, Illinois 60601<br>　　(312) 814-3000<br>　　isaac.freilichjones@ilag.gov |
| Aaron P. Wenzloff, #6329093<br>Assistant Attorney General<br>100 West Randolph Street, 11th Floor<br>Chicago, IL 60601<br>(312) 814-3000<br>aaron.wenzloff@ilag.gov | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I caused the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

Laura K. Bautista #6289023
Assistant Chief Deputy Attorney General
500 South Second Street
Springfield, IL 62701
Phone: (217) 782-5819
laura.bautista@ilag.gov

Aaron P. Wenzloff, #6329093
Assistant Attorney General
100 West Randolph Street, 11th Floor
Chicago, IL 60601
(312) 814-3000
aaron.wenzloff@ilag.gov

  /s/ Isaac Freilich Jones
Isaac Freilich Jones, #6323915
Assistant Attorney General
Office of the Illinoi Attorney General
100 W. Randolph Street, 11th Floor
Chicago, Illinois 60601
Phone: (312) 814-3000
isaac.freilichjones@ilag.gov