# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| David Meyer, Mitchell Nalley, Eva Davis, Second Amendment Foundation, Illinois State Rifle Association, and Firearms Policy Coalition, Inc., <br><br>    Plaintiffs, <br><br>    v. <br><br>Kwame Raoul, Brendan F. Kelly, Joshua C. Morrison, James Gomric, Eric Weis, Christopher Palmer, Richard Watson, and Dwight A. Baird, <br><br>    Defendants. | 21-cv-518-DWD |

## DECLARATION OF JORDAN ADAMS

In accordance with 28 U.S.C. § 1746, I, Jordan Adams, make the following declaration:

1. I am employed by the Illinois Department of State Police ("ISP") as an attorney. In that role, I am assigned as the liaison to the Attorney General's Office in the matter of *Meyer et al. v. Raoul, et al.*, Case No. 21-cv-518-DWD (S.D. Ill.). As such, I communicate on behalf of ISP and Director Kelly with the Attorney General's Office, and for the purposes of this litigation am responsible for representing the interests of the State of Illinois, ISP, and Director Kelly in his official capacity as Director of ISP (collectively, the "State").

2. On behalf of the State, I submit this declaration pursuant to Fed. R. Civ. P. 56(d) because the State cannot present facts essential to justify its opposition to Plaintiffs' Motion for Summary Judgment (the "MSJ"), and cannot adequately respond to the MSJ, without additional discovery. In addition, I submit this declaration pursuant to Fed. R. Civ. P. 56(d) to provide the Court with the specific reasons why the State requires additional discovery in order to respond to the MSJ.

3. On May 27, 2021, the *Meyer* plaintiffs filed suit challenging the constitutionality of 430 ILCS 66/25(1), 720 ILCS 5/24-1.6(a)(3)(I), 720 ILCS 5/24-1(a)(4)(iv), and 720 ILCS 5/24-

1

1(a)(10)(iv) (collectively, the "Challenged Statutes"), which together place certain restrictions on the ability of persons under the age of 21 to be issued licenses to carry concealed firearms, and impose certain criminal penalties on persons unlawfully carrying a concealed firearm. I understand that on September 17, 2021, the *Meyer* plaintiffs filed a Motion For Summary Judgment (the "MSJ") "on all claims against all Defendants in their official capacities."

4. I understand that discovery has not yet commenced in this case, and that the parties have not participated in a Rule 26(f) conference, exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), or discussed the reports to the Court required by Local Rule 16.2(a) and Fed. R. Civ. P. 26.

5. The State intends to introduce expert testimony from three experts, and requires additional time to finalize and disclose their expert reports before ISP can respond to Plaintiffs' pending motion for summary judgment.

6. First, the State intends to present the expert report and testimony of Dr. Saul Cornell, the Paul and Diane Guenther Chair in American History at Fordham University. Dr. Cornell is an expert in the history of gun regulation, and is expected to provide expert testimony regarding the Challenged Statutes in relation to the scope of the Second Amendment right as it was understood at relevant historical moments, including the time of the ratification of the Bill of Rights. Specifically, I expect Dr. Cornell will testify that the Challenged Statutes are consistent with the requirements and scope of the Second Amendment right as it was understood at relevant historical moments, including the time of the ratification of the Bill of Rights. I expect that Dr. Cornell will present evidence and testify that the requirements of the Challenged Statutes, including restrictions on lawful carry of concealed carry of firearms by those ages 18-20 under most circumstances, resemble historical regulations placed on the possession and use of firearms

persons ages 18-20 and are consistent with the original understanding of the Second Amendment right as it was understood at the time of the ratification of the Bill of Rights and the Fourteenth Amendment by the people of the United States. I believe Dr. Cornell will provide this testimony based on my understanding of the contents of his extensive publications on the history of gun regulation, and based on previous cases in which his work has been cited. Dr. Cornell is the only scholar I am aware of who has the expertise and availability to provide this necessary expert testimony in this action. In addition, a core element of Plaintiffs' argument is that "history . . . proves" that 18-20-year-olds were included within the Second Amendment's protections at the time of the Founding, and that the Challenged Statutes restrict rights under the Second Amendment as it was understood by the people of the United States at that time. MSJ, ECF 56, at 8. Dr. Cornell's expert report and testimony is necessary to address this argument. Because discovery in this action has not even commenced yet, the State cannot immediately present Dr. Cornell's testimony and report.

7. Second, the State intends to present the expert report and testimony of Dr. John J. Donohue III, the C. Wendell and Edith M. Carlsmith Professor of Law at Stanford University. Dr. Donohue holds a Ph.D. in Economics from Yale University, and a JD from Harvard Law School, and is an expert in the use of empirical analytic techniques to evaluate and determine the impact of law and public policy in a wide range of areas, including the regulation of firearms. Dr. Donohue is expected to report and testify that the Challenged Statutes promote public health and safety, including by generating meaningful reductions in violent crime and gun theft. I believe Dr. Donohue will provide this testimony based on my understanding of the contents of his extensive publications. Dr. Donohue is the only scholar I am aware of who has the expertise and availability to provide this necessary expert testimony in this action. In addition, a core element of Plaintiffs'

argument is that "even if the Defendants could demonstrate that crime by 18-to-20-year-olds is a serious problem warranting government action, there is no evidence that a ban on issuing carry licenses to 18-to- 20-year-olds is reasonably connected to that problem." MSJ, ECF 56, at 14. Dr. Donohue's expert report and testimony is necessary to address this argument. Because discovery in this action has not even commenced yet, the State cannot immediately present Dr. Donohue's testimony and report.

8. Third, the State intends to present the expert report and testimony of Dr. Laurence Steinberg, a Distinguished University Professor and the Laura H. Carnell Professor of Psychology at Temple University. Dr. Steinberg is an expert in developmental psychology with a particular expertise in development between ages 10 and 20. Specifically, I expect that Dr. Steinberg will provide expert testimony that limitations on the concealed carry of firearms by those under 21 is supported by well-established scientific consensus relating to psychological and brain development. I believe Dr. Steinberg will provide this testimony based on my understanding of the contents of his extensive publications. Dr. Steinberg is the only scholar I am aware of who has the expertise and availability to provide this necessary expert testimony in this action. In addition, as a core element of Plaintiffs' argument, they present quantitative data on violent crime published by the United States Department of Justice, and say that arguments relating to the "immaturity" of persons aged 18-20 are somehow invalidated by these data. MSJ, ECF 56, at 13. Dr. Steinberg's expert report and testimony is necessary to address this argument. Because discovery in this action has not even commenced yet, the State cannot immediately present Dr. Steinberg's testimony and report.

9. Finally, additional discovery is also needed from the *Meyer* plaintiffs relating to whether they have standing to bring this action. In their complaint, and in their MSJ, Plaintiffs

assert numerous allegations designed to support their standing to bring this case, and provide sworn declarations of Brandon Combs (as President of Plaintiff Firearms Policy Coalition); Plaintiff Eva Davis; Richard Pearson (as Executive Director of Plaintiff Illinois State Rifle Association); Alan Gottlieb (as Executive Vice President of Plaintiff Second Amendment Foundation); Plaintiff Richard Nalley; and Plaintiff David Meyer. Each of these declarations contain numerous assertions of fact relating to Plaintiffs' standing to bring this action, including assertions relating to the organizational purposes of the plaintiff organizations, the criminal histories of the individual plaintiffs, the members of the individual plaintiffs in the association plaintiffs, the firearms that the individual plaintiffs seek to possess, the individual plaintiffs' eligibility for Illinois Firearm Owner Identification Cards. When discovery commences, the State intends to seek discovery from the Plaintiffs and/or the individuals who provided declarations on behalf of the plaintiff organizations relating to their standing to bring this action, including discovery relating to the above-mentioned factual allegations. This additional information relating to Plaintiffs' standing is, to my knowledge, only known to the *Meyer* plaintiffs, and is necessary in order to allow the State to evaluate and respond to the MSJ.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on September 23, 2021.

                                        */s/Jordan Adams*_____
                                        Jordan Adams