IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al., | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:21-cv-00518-DWD ) |
| KWAME RAOUL, et al., | ) ) ) |
|     Defendants. | ) |

**RESPONSE IN OPPOSITION TO THE STATE DEFENDANTS'
MOTION PURSUANT TO FED R. CIV. P. 56**

This case presents the questions of whether the State of Illinois constitutionally may prohibit 18-to-20-year-old citizens generally and 18-to-20-year-old women particularly from carrying firearms in public for self-defense. These questions implicate the fundamental rights of the Individual Plaintiffs and the Associational Plaintiffs, and those rights are irreparably harmed every day the challenged carry ban remains in place. For these reasons, Plaintiffs have promptly moved for summary judgment in an effort to get an expeditious resolution of their constitutional claims. Defendants Attorney General Kwame Raoul and Illinois State Police Director Brendan F. Kelly (collectively the "State Defendants" or the "State"), however, have filed a motion for relief under Rule 56(d). *See* Mot. Pursuant to Fed. R. Civ. P. 56 to Continue Mot. for Summ. J., Doc. 60 (Sept. 23, 2021) ("State Mot."). Despite the fundamental nature of the rights being asserted in this case and the irreparable harm being inflicted by the challenged ban, the State seeks a continuation of summary judgment briefing for a full year—until October 2022. *See* State Mot. 12. In support of the State's motion, an attorney with the Illinois State Police has filed a declaration. *See* Decl. of Jordan Adams, Doc. 60-1 (Sept. 23, 2021) ("Adams Decl."). But the State has failed to show "specified reasons" it "cannot present facts essential to justify its opposition" to summary

1

judgment. Indeed, the State could not possibly do so. The evidence that will be relevant to the disposition of Plaintiffs' claims is found in historical and empirical sources that are publicly available to all—as demonstrated by the sources cited in Plaintiffs' summary judgment motion. What is more, many of the relevant issues have been thoroughly aired in litigation in other courts, including the Fourth and Fifth Circuits. The briefing and judicial opinions in those cases are available to all the parties and extensively cover historical and empirical issues at the heart of this case. There is nothing that the State needs from *Plaintiffs* to address these issues. The only information in Plaintiffs' possession that possibly could be relevant to the State's response is information that goes to standing. And there is absolutely no reason to delay resolution of this case for a year for the very limited discovery that would be appropriate to confirm Plaintiffs' standing. Indeed, much of the information the State claims to need is already in its possession.

Plaintiffs respectfully request this Court deny the State's motion. *See* FED. R. CIV. P. 56(d). In the alternative, in light of the ongoing harm suffered by Plaintiffs, the Court should grant the State no more than an additional 60 days to complete its response and any jurisdictional discovery it proposes to do. If it does not, and if the State continues to insist on its extended schedule, Plaintiffs may be forced to move for a preliminary injunction.

## Argument

### I. The Court Should Deny the State's Rule 56(d) Motion.

Under Rule 56(d), the Court may provide relief to a nonmovant when, "for specified reasons, it *cannot* present facts *essential* to justify its opposition" to a motion for summary judgment. *See* FED. R. CIV. P. 56(d) (emphasis added). The burden is the nonmovant's to "state the reasons why [it] cannot adequately respond to the summary judgment motion without further discovery." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). Rule 56(d) motions should be denied where "the issues at stake are purely legal such that no facts could make a

2

difference in the outcome of the case." *Hillshire Brands Co. v. Travelers Cas. & Sur. Co.*, No. 15 C 06859, 2016 WL 6892885, at *2 (N.D. Ill. Nov. 23, 2016). This is just such a case.

The State's motion fails to adequately demonstrate that it "cannot" justify its opposition to Plaintiffs' summary judgment motion without discovery. *See* FED. R. CIV. P. 56(d). "The mere fact that discovery is incomplete is not enough to prevent summary judgment." *Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). To succeed on a Rule 56(d) motion, a party needs to identify the "specific evidence which [it] might have obtained from [the moving party] that would create a genuine issue" for summary judgment. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005); *see also Smith*, 933 F.3d at 866 (requiring a demonstration that "facts essential to opposing a motion for summary judgment" are unavailable).[1] The State has failed to allege a single fact relevant to the merits of the case that it might obtain from Plaintiffs through discovery, let alone facts "essential" to its opposition to that motion. Instead, the State identifies three expert witnesses from whom it intends to introduce expert reports and explains it "requires additional time to finalize and disclose their expert reports." Adams Decl. ¶¶ 5–8. But information regarding those planned expert reports is not in the possession of Plaintiffs. Rule 56(d) motions are most appropriate where an "informational disparity" between the parties renders the nonmovant "unable to adequately respond to [a] motion." *Est. of Todashev v. United States*, 815 F. App'x 446, 453 (11th Cir. 2020); *see, e.g.*, *Franklin v. Express Text, LLC*, 727 F. App'x 853, 856 (7th Cir. 2018) (Nonmovant "could not dispute that fact properly with no access to discovery.") Here, the State cannot point to any facts related to the merits of Plaintiffs' motion that

---

[1] *Davis* applied Rule 56(f), the predecessor to Rule 56(d). "When Rule 56 was rewritten in 2010, those provisions [in subdivision (f)] were moved to a new subdivision (d), without any substantial change. Thus, precedent prior to 2010 citing Rule 56(f) is fully applicable to current Rule 56(d)." 10B WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2740 (4th ed. 2021).

it must seek through discovery. It merely requests time to allow its experts to research the issues presented by Plaintiffs' lawsuit.

The only case the State cites to suggest that a Rule 56(d) motion is appropriate where all that is required is time for experts to complete their reports is *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). In that case, after "protracted" litigation "marked by numerous discovery disputes," Deere had sought to extend the deadline for it to depose Ohio Gear's experts and respond to Ohio Gear's motion for summary judgment due to the experts' scheduling conflicts, but the district court denied that motion as moot and ruled on the summary judgment motion without any response from Deere. *Id.* at 704–05. This was inappropriate in part because "the court had previously determined" the expert discovery sought "was a predicate to Deere's response to the summary judgment motion." *Id.* at 707. In other words, it was a paradigmatic case where asymmetric access to the information sought would prejudice one party at the expense of another if discovery were not permitted. Here, Plaintiffs have not relied on experts they are seeking to shield from discovery by Defendants. Instead, Plaintiffs' summary judgment motion relies on publicly available historical and empirical information that the State can assess without any discovery at all.

It is particularly incredible that the State suggests it cannot brief the issue of whether age-based restrictions on gun rights are constitutional when it frequently, including one case just last week, acts as the lead party on amicus briefs in cases dealing with this very issue, *see* Br. of Amici Curiae Illinois, et al., *Lara v. Comm'r of the Penn. State Police*, No. 21-1832 (3d Cir. Sept. 29, 2021); Br. of Amici Curiae Illinois, et al., *Hirschfeld v. BATFE*, No. 19-2250 (4th Cir. Sept. 3, 2021), and also often participates as amicus in other Second Amendment litigation, *see* Br. for the State of California, et al., *N.Y. State Rifle & Pistol Ass'n v. Bruen*, No. 20-843 (U.S. Sept. 21,

2021); Br. for the District of Columbia, et al., *Duncan v. Becerra*, No. 19-55376 (9th Cir. Sept. 8, 2020); Br. of Amici Curiae Illinois, et al., *Mitchell v. Atkins*, No. 20-35827 (9th Cir. Mar. 5, 2021).

While the State asserts that Plaintiffs' motion for summary judgment is "premature," State Mot. 3, its frequent amicus participation demonstrates a deep familiarity with these cases and with the practice of filing motions for summary judgment well before the close of discovery. The State did not move to dismiss the Complaint in full and in fact did not move to dismiss at all as to Director Kelly, so it has known from the beginning it would be litigating the merits of Plaintiffs' challenge. While it is unusual to find that a party has failed to justify its Rule 56(d) motion for lack of diligence at this admittedly early stage in the litigation, there is no reason for the Court to credit the State's assertion that, just because discovery has not opened, it cannot reasonably be expected to have assembled its planned expert defenses. *See* State Mot. 10.

Furthermore, the State has failed to show that the "discovery" it purports to seek is "essential" to justify its opposition to Plaintiffs' motion for summary judgment. FED. R. CIV. P. 56(d). Here, the nature of Plaintiffs' claims and Seventh Circuit precedent compels that conclusion. Ultimately, the only adjudicative facts in the possession of Plaintiffs go to standing. *See Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011).

The Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), illustrates why additional time for discovery is unnecessary. In that case, district courts granted motions to dismiss in two cases challenging Illinois's law generally banning law-abiding citizens from carrying firearms outside the home. The Seventh Circuit reversed, but rather than remanding the case for discovery, summary judgment, and (if necessary) trial, it ordered judgment entered for the plaintiffs. The court acknowledged that "the usual consequence of reversing the dismissal of a suit . . . is to remand the case for evidentiary proceedings preparatory to the filing of motions for

summary judgment and if those motions fail to an eventual trial." 702 F.3d at 942. But, the court concluded, "there are no evidentiary issues in these two cases" because "the constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial." *Id.* Instead, the case turned on "legislative facts," *i.e.*, "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of parties in a particular case." *Id.*

The same reasoning applies here, where once again Illinois is defending the constitutionality of a law restricting carriage of firearms outside the home against a facial challenge (and an alternative as-applied challenge that likewise does not require development of any adjudicative facts) under the *Heller* framework. "Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law[s]." *Id.* That is why, even though the State bears a burden to present evidence to justify the Carry Ban under Seventh Circuit precedent, it does not follow that the State needs to take discovery to present that evidence. *See* State Mot. 6. Carrying its burden involves the State undertaking a "textual and historical inquiry" and justifying the restriction under an applicable level of constitutional scrutiny (if any). *Ezell v. City of Chicago* ("*Ezell II*"), 846 F.3d 888, 892 (7th Cir. 2017). These are essentially legal issues that are appropriately addressed through briefing, not expert reports and testimony. Notably in *Moore*, the parties and amici submitted "hundreds of pages of argument . . . [t]he main focus of [which was] history" and which also included significant discussions of statistics and studies regarding the effects of gun ownership and carriage. 702 F.3d at 935, 938. Indeed, *Moore* is typical in this regard. It is common in cases of this type for courts and parties to engage directly with the history and statistics for which the State asserts it needs expert testimony. *See, e.g. Hirschfeld v. BATFE*, 5 F.4th 407, 444–47 (4th Cir. 2021), *vacated as moot*, No. 19-2250,

2021 WL 4301564 (4th Cir. Sept. 22, 2021); *Nat'l Rifle Ass'n of Am., Inc. v. BATFE*, 700 F.3d 185, 209–11 (5th Cir. 2012).

With respect to the jurisdictional discovery it discusses, the State has not shown any reason to doubt Plaintiffs' claims regarding their standing. Information regarding the organizational purposes of the Associational Plaintiffs is publicly available on their websites, information about the criminal histories (or lack thereof) of the Individual Plaintiffs is available to the State, and the other factual discovery the State claims to need—Plaintiffs' eligibility and information about the firearms the Plaintiffs' seek to carry—are just vague and unsubstantiated assertions that discovery might uncover something, somewhere, that could help their case. That is no basis for a Rule 56(d) motion. *See Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (rejecting a 56(d) motion for a "fishing expedition where a [party] merely hopes to uncover some possible evidence").

The State's need for discovery relevant to standing is further undercut by the fact that Individual Plaintiffs all hold or have applied for FOID cards. *See* Compl., Doc. 1 ¶¶ 50, 63, 76 (May 27, 2021). The State—and the Illinois State Police specifically—therefore has extensive information about the backgrounds of all three individual plaintiffs, has or soon will conduct the necessary background check (Plaintiff Davis's application has been pending for well over the 30 days allowed by statute, *see* Decl. of Eva Davis, Doc. 56-3 ¶ 3 (Sept. 17, 2021); 430 ILCS 65/5(a)), and has access to information enabling it to continually monitor whether disqualifying events occur, *see* 430 ILCS 65/8.1.

Finally, immediate briefing of a summary judgment motion would in no way prejudice the Defendants' pending motions to dismiss. The Federal rules have *long* provided for the contemporaneous consideration of motions to dismiss and for summary judgment. Since 1946, the Federal Rules have placed no restrictions on the timing of initial proceedings and the consideration

of a summary judgment motion; the 2009 amendments to Rule 56 ensured that a party can "move for summary judgment *at any time*, even as early as the commencement of the action." FED. R. CIV. P. 56(b); *Id.* advisory committee note to 2009 amendments (emphasis added). Since motions to dismiss must generally be filed at the outset of litigation, FED. R. CIV. P. 12(b), far from "violat[ing] the most basic goal of the rules of civil procedure," State Mot. 11, this posture was specifically contemplated by the drafters of the Rules. Accordingly, with the possible exception of those few who may have practiced law before June 1946, there is not a single party litigating in this country today that has not faced the prospect of contemporaneous considerations of motions to dismiss and summary judgment in federal court. And in any event, the "harm" the State alleges is illusory. As discussed above, no "extensive factual development" or "extensive expert discovery" is necessary in this case. *See* State Mot. 11.

**II.     In The Alternative, The Court Should Grant Only Brief Discovery.**

In cases where all relevant information has been produced—as it has here, with the exception of limited information related to standing—courts have occasionally provided "brief period[s] of discovery . . . to allow [the discovery's] significance [to] be addressed." *Pactiv Corp. v. Multisorb Techs., Inc.*, 823 F. Supp. 2d 844, 844 (N.D. Ill. 2011). Plaintiffs would not object to providing the State a reasonable but limited extension of time in which to respond to their motion for summary judgment, especially given the onerous burden the State bears to survive that motion. But the State has not requested a limited extension; it has sought to delay completion of the briefing of Plaintiffs' motion for a full year, until October 3, 2022, with a discovery period ending over 13 months after the filing of the Complaint, even though the State cannot point to any issue on which it will seek discovery other than the Plaintiffs' standing. State's Mot. 12. Even if this Court grants the State additional time, it should not grant it anywhere near as much time as it requests.

Plaintiffs have alleged that "the very existence" of the State's ban on 18-to-20-year-olds exercising their right to keep and bear arms "stands as a fixed" and irreparable "harm" to their Second Amendment rights. *Ezell*, 651 F.3d at 698–99. The loss of that freedom, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.); *accord Ezell*, 651 F.3d at 699. Under the State's proposed schedule, before a fully briefed motion will even be ready for the Court's decision, nearly half of the three-year period that the Plaintiffs are subject to the Carry Ban will have been spent awaiting their chance to have their day in court. Such a schedule would undoubtedly be preferable for the State but it would needlessly extend the denial of Plaintiffs' rights. This Court should not countenance the State's efforts to unnecessarily delay resolution of Plaintiff's legal claims on the merits.

Indeed, given the necessarily brief window in which any individual plaintiff can challenge the Carry Ban, Gladstone's aphorism, that "justice delayed is justice denied," holds true here. Very recently, the Fourth Circuit vacated its opinion in *Hirschfeld*, 5 F.4th at 410, which had held (on July 13, 2021) that laws restricting the sale of handguns by federally licensed firearms dealers to 18-to-20-year-olds were unconstitutional under the Second Amendment. After the opinion was published but before the mandate issued, the last remaining Plaintiff under 21 aged out so that the restriction no longer applied to her, rendering the case—which like this one sought declaratory and injunctive relief—moot on September 22, 2021. *Hirschfeld*, 2021 WL 4301564, at *2. The case had been filed almost three years earlier, on October 26, 2018, *see* Compl., *Hirschfeld v. BATFE*, No. 18-cv-103, Doc. 1 (W.D. Va. Oct. 26, 2018). Even without any expert reports or discovery undertaken by the defendants, and without a similar Rule 56(d) objection raised to the plaintiffs' motion for summary judgment, which the court considered at the same time as the defendant's motions to dismiss, *see* Minute Entry, *Hirschfeld,* No. 18-cv-103, Doc. 47 (Sept. 20, 2019), a year

elapsed before the district court issued its opinion on the motions on October 4, 2019, *Hirschfeld v. BATFE*, 417 F. Supp.3d 747 (W.D. Va. 2019). That timeline, far more expeditious than the State's proposal here, still could not prevent the case from being mooted out before the mandate issued.

One result of the slow pace of litigation in *Hirschfeld* is that the caselaw that was developed over nearly three years of litigating these constitutional issues was vacated and, although "the legal community as a whole will still retain some benefit from the panel opinion," 2021 WL 4301564, at *2 (quotations and citations omitted), litigants in the Fourth Circuit have been denied binding precedent on an issue with direct bearing on the constitutional rights of all law-abiding 18-to-20-year-old citizens. The other result, of course, is that the individual Plaintiffs in *Hirschfeld* were denied their Second Amendment rights for three full years—almost all of which they spent fighting, to no avail, to vindicate them.

This case is unlike *Hirschfeld* in that Plaintiffs include several associations who have sued on behalf of their 18-to-20-year-old members and so even if litigation lasts longer than the Individual Plaintiffs remain under 21 years old, the claims presented in the complaint will not be mooted. But like *Hirschfeld*, if the State is allowed the lengthy discovery and briefing periods it seeks, then the Individual Plaintiffs in this case will almost certainly be deprived their Second Amendment rights until they turn 21. Plaintiffs have, until now, chosen to forego seeking a preliminary injunction in the hopes of accelerating the process of reaching a final decision on the merits, but if the State is given anything like the schedule it seeks, Plaintiffs will have to reassess that strategic decision. If the Court is inclined to grant the State additional time to respond or to conduct jurisdictional discovery, it should grant no more than 60 days.

## **Conclusion**

For the foregoing reasons, the Court should deny the State's motion under Rule 56(d).

Dated: October 7, 2021

Respectfully submitted,

s/David H. Thompson

| | |
|---|---|
| Christian D. Ambler<br>STONE & JOHNSON, CHTD.<br>111 West Washington Street<br>Suite 1800<br>Chicago, Illinois 60602<br>(312) 332-5656<br>cambler@stonejohnsonlaw.com<br><br>David G. Sigale (Atty. ID# 6238103)<br>LAW FIRM OF DAVID G. SIGALE, P.C.<br>430 West Roosevelt Road<br>Wheaton, Illinois 60187<br>(630) 452-4547<br>dsigale@sigalelaw.com | David H. Thompson*<br>Peter A. Patterson*<br>William V. Bergstrom*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com<br><br>*Admitted *pro hac vice* |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I caused the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

|  |  |
|---|---|
| Christian D. Ambler<br>STONE & JOHNSON, CHTD.<br>111 West Washington Street<br>Suite 1800<br>Chicago, Illinois 60602<br>(312) 332-5656<br>cambler@stonejohnsonlaw.com<br><br>David G. Sigale (Atty. ID# 6238103)<br>LAW FIRM OF DAVID G. SIGALE, P.C.<br>430 West Roosevelt Road<br>Wheaton, Illinois 60187<br>(630) 452-4547<br>dsigale@sigalelaw.com | s/David H. Thompson<br>David H. Thompson*<br>Peter A. Patterson*<br>William V. Bergstrom*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com<br><br>*Admitted *pro hac vice* |

*Attorneys for Plaintiffs*