IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, MITCHELL NALLEY, EVA DAVIS, SECOND AMENDMENT FOUNDATION, ILLINOIS STATE RIFLE ASSOCIATION, FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs <br><br> vs. <br><br> KWAME RAOUL et al., <br><br> Defendants. | Case No.: 21-cv-00518-DWD |

**COUNTY DEFENDANTS' JOINT MOTION TO STAY RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COME NOW the defendants Kendall County State's Attorney Eric Weis; Kendall County Sheriff Dwight Baird; Fayette County State's Attorney Joshua Morrison; and Fayette County Sheriff Christopher Palmer; by and through their counsel, O'Halloran Kosoff Geitner & Cook, LLC, and St. Clair County State's Attorney James Gomric and St. Clair County Sheriff Richard Watson, by and through their counsel, Becker, Hoerner & Ysursa, P.C., and pursuant to Rules 6(b) and 12(g) of the Federal Rules of Civil Procedure, hereby request a stay of the time to respond to the motion for summary judgment until after the Court has ruled on the motions to dismiss [Docs. 47, 52]. In support thereof, the following statements are made.

**INTRODUCTION**

Plaintiffs filed a complaint for damages, injunctive and declaratory relief, and attorney's fees pursuant to 42 U.S.C. §1983 to challenge Illinois legislation that bans

persons between the ages of 18 and 21 from carrying handguns on their person and in public.  The county defendants filed motions to dismiss [Docs. 47, 52], on the bases that they have no personal involvement in any alleged unconstitutional activities against plaintiffs; they do not have the authority to grant concealed carry permits; they have not attempted enforcement of the any laws against plaintiff's attempt to carry a concealed weapon; plaintiff's claims are not ripe, because they do not own the handguns they seek to carry as a concealed weapon in public; and plaintiffs lack standing, because they have not pleaded any facts that they qualify for a concealed-carry license.  The States' Attorneys also moved to dismiss the individual capacity claims on the basis of absolute prosecutorial immunity and the official capacity claims on the basis they are barred by 11th Amendment immunity.  The sheriffs moved to dismiss the official capacity claims, because *Monell* claims had not been pleaded.

The county defendants also moved to dismiss the damages claim [Doc. 1, ¶113] on the basis of qualified immunity [Doc. 47, pp. 7-9; Doc. 52, ¶9].  In responding to the motions to dismiss, plaintiffs agreed to dismiss the individual capacity claims against the defendants and withdraw the claims for nominal damages.  [Doc. 55, fn. 1; fn. 4] but this Court has not yet ruled on any issues discussed in the motions to dismiss and the plaintiff did not file a stipulation or notice of dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Defendants should not be required to expend any additional resources in defending this case until a cause of action survives against them.  The State defendants have moved to continue plaintiff's motion for summary judgment [Doc. 60] until the

Court has ruled on the motions to dismiss. In their motion, the State defendants seek discovery. [Doc. 60, pp. 5-10]. Because the Supreme Court has held that qualified immunity should be determined at the earliest possible time, this Court should stay any requirement to respond to plaintiff's motion for summary judgment until the parties are at issue and a reasonable time is afforded for discovery.

## ISSUES AND ARGUMENTS

### I. THIS COURT SHOULD STAY THE PROCEEDINGS UNTIL THE MOTIONS TO DISMISS ARE RESOLVED

A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is "unlikely to produce facts necessary to defeat the motion," or where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing. *Duneland Dialysis LLC v. Anthem Ins. Cos., Inc.*, 409-CV-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010) (citations omitted); *Bilal v. Wolf,* No. 06 C 6978, 2007 WL 1687253, at * 1 (N.D.Ill. June 6, 2007); *Builders Association of Greater Chicago v. City of Chicago,* 170 F.R.D. 435, 437 (N.D.Ill.1996). The following factors are considered when deciding whether a stay is proper: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether the stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Stokes v. Aging & In-Home Services of Northeast, Indiana, Inc.*, 2009 WL 5177149, at *1 (N.D. Ind. 2009).

In this case, a stay is appropriate because the motions to dismiss filed by the county defendants are potentially dispositive of the case. Plaintiffs responded to the motions to

dismiss prior to filing their motion for summary judgment. Thus, plaintiff have demonstrated that they do not need the additional evidence incorporated in their motion for summary judgment to respond to the issues raised in the counties' motion to dismiss. Plaintiffs will not be prejudiced by a stay, because the motions to dismiss have been fully briefed. Further, a stay will simplify the issues in this case. All defendants' motions have the potential to eliminate parties to the action. Additionally, a stay will reduce the burden of litigation on the parties and on this Court by conserving the time and resources of all, especially if other disputes, such as discovery conflicts, arise. For these reasons, this Court should impose a stay on responding to plaintiff's motion for summary judgment. Should any issues survive against the county defendants, they should then be provided with the opportunity to conduct any necessary discovery and respond to the plaintiff's motion for summary judgment.

## II. QUALIFIEDIMMUNITY SHOULD BE DECIDED AT THE FIRST INSTANCE

Because qualified immunity "is an immunity from suit rather than a mere defense to liability," the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). A determination of whether a government official is entitled to qualified immunity is premised upon the concern for "protecting government's ability to perform its traditional functions" (*Wyatt v. Cole,* 504 U.S. 158, 167 (1992)) and "to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit" (*Siegert v. Gilley,* 500 U.S. 226,

232 (1991)).

District courts have discretion in determining whether a stay should be imposed when qualified immunity has been raised in a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), the Supreme Court commended the lower courts for granted a stay after the defendants raised the defense of qualified immunity. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007)(in the context of discovery issues), the Supreme Court was concerned with a defendant having to bear the expense of litigation where the plaintiff's claim was groundless. Since *Twombly,* Seventh Circuit courts have taken this concern seriously, staying discovery in antitrust litigation and other complex cases. *Id.* at 3 (relying on *Twombly* in granting defendants' motion to stay discovery pending the outcome of their motion to dismiss in an antitrust litigation); *see Coss v. Playtex Prod., LLC,* No. 08 C 50222, 2009 WL 1455358, at *4–5 (N.D. Ill. May 21, 2009) (granting a general stay based on the rationale of *Twombly* but ordering very focused discovery that the defendant agreed would not be burdensome); *Bodnar v. John Hancock Funds, Inc .,* No. 2:06 cv 87, 2007 WL 1577914, at *3 (N.D.Ind. May 30, 2007) (granting motion to stay pending motion to dismiss in an ERISA case with numerous plaintiffs because discovery of facts was unnecessary in response to a motion to dismiss); *cf. Limestone Dev. Corp.*, 520 F.3d at 802–804 (finding that RICO cases, like antitrust cases, were "likely to be more than usually costly" and indicating that burdensome discovery in RICO cases during the pendency of a motion to dismiss is inappropriate).

In this case, the county defendants should not have to bear any additional expense in defending this action until the qualified immunity issues have been decided. For these

reasons, additional proceedings should be stayed. If the county defendants are not dismissed, the stay may be lifted to provide the defendants with the opportunity to conduct any necessary discovery and respond to the plaintiff's motion for summary judgment.

WHEREFORE for the above and foregoing reasons, defendants, respectfully request this honorable Court to stay any response to plaintiffs' motion for summary judgment. If any claims survive the counties' motions to dismiss, stay may be lifted to provide the defendants with the opportunity to conduct any necessary discovery and respond to the plaintiff's motion for summary judgment.

Respectfully submitted,

| | |
|---|---|
| JOSHUA MORRISON, ERIC WEIS, CHRISTOPHER PALMER, and DWIGHT A. BAIRD, | JAMES GOMRIC and RICHARD WATSON, |
| Defendants. | Defendants. |
| By:  /s Karen L. McNaught<br>One of their attorneys | By:/s Thomas J. Hunter w/consent<br>Thomas J. Hunter |

Karen L. McNaught, #6200462
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile:  (847) 291-9230
E-mail:  kmcnaught@okgc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Case No.: 21-cv-00518-DWD |
| ) | |
| KWAME RAOUL et al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed *County Defendants' Joint Motion To Stay Response to Plaintiff's Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following participant(s):

David G. Sigale
Law Firm of David G. Sigale, P.C.
dsigale@sigalelaw.com

Thomas J. Hunter
Becker, Hoerner & Ysursa, P.C.
tjh@bhylaw.com

Christian D. Ambler
Stone & Johnson, Chtd.
cambler@stonejohnsonlaw.com

Aaron P. Wenzloff/Isaac N. Freilich Jones
Laura K. Bautista
Illinois Attorney General
aaron.wenzloff@illinois.gov
isaac.freilich-jones@illinois.gov
lbautista@atg.state.il.us

David H. Thompson/Peter A. Patterson
William V. Bergstrom
Cooper & Kirk, PLLC
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
dthompson@cooperkirk.com

By:  *s/Karen L. McNaught*
One of Defendant's Attorneys

O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone:  847/291-0200
Fax:  847/291-9230
Email: kmcnaught@okgc.com