IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:21-cv-00518-DWD ) |
| KWAME RAOUL, et al., | ) ) ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO THE COUNTY DEFENDANTS'
MOTION PURSUANT TO FED R. CIV. P. 6(B) AND 12(G)**

Defendants Eric Weis, Dwight Baird, Joshua Morrison, Christopher Palmer, James Gomric, and Richard Watson (collectively the "County Defendants"), following the lead of Attorney General Kwame Raoul and Illinois State Police Director Brendan F. Kelly (collectively the "State Defendants" or the "State"), have filed a motion for a stay of these proceedings (although on different grounds than the State Defendants). *See* Cnty. Defs.' Joint Mot. to Stay Resp. to Pls.' Mot. for Summ. J., Doc. 62 (Oct. 12, 2021) ("County Mot."). As with the State's motion under Rule 56(d), entertaining these dilatory tactics entails significant cost. Granting a stay of summary judgment briefing will increase the risk of the Individual Plaintiffs suffering the deprivation of their Second Amendment rights for the full three years that they are subject to Illinois' Carry Ban because, as the Fourth Circuit's recent decision in *Hirschfeld v. BATFE*, No. 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), demonstrates, even relatively speedy litigation, involving simultaneous consideration of motions to dismiss and for summary judgment, often lasts too long for effective relief to arrive within a three-year window. On the other hand, proceeding with litigation here is unusually straightforward and not burdensome. The Plaintiffs have no interest in taking discovery from any of the Defendants and believe the case can and should be resolved on a

1

record consisting of their own declarations and publicly available historical and statistical records. The *only* cost remaining to the County Defendants is the cost of filing a single response brief in opposition to Plaintiffs' motion for summary judgment. A stay is inappropriate under these circumstances.

## Argument

The County Defendants claim to bring their motion for a stay of summary judgment briefing under Federal Rules of Civil Procedure 6(b) and 12(g). Those rules, which deal with extensions of time to respond to a motion and limitations on making multiple Rule 12 motions, respectively, do not provide a basis for the County Defendants' stay and the County Defendants never explain their choice of those rules. Further confusing things, the cases they principally rely on involve stays of *discovery* pending consideration of a motion to dismiss, based on Rule 26. *See Duneland Dialysis LLC v. Anthem Ins. Cos., Inc.*, 4:09-cv-36, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010) ("Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope . . . of discovery."); *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253 (N.D. Ill. June 6, 2007) (granting stay "pursuant to Rule 26(c)"); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("Rules 26(c) and (d) do give the court authority to stay discovery."). These cases have no application here, since Plaintiffs have sought no discovery from the County Defendants (and indeed, have moved for summary judgment specifically because they believe no discovery will make a difference to the outcome of this case).

Instead, the County Defendants seek to stay briefing on Plaintiffs' motion for summary judgment. Ordinarily motions to stay consideration of summary judgment must be made, as the State did, based on Rule 56(d) and, among other things, must be accompanied by an affidavit explaining in detail the need for a stay. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir.

2

2006). The County Defendants have made no such motion and have not complied with any of the requirements under Rule 56(d). That alone is reason enough to deny their motion.

Even assuming that there is some basis on which the County Defendants could move for a stay, none of the factors they urge the Court to consider weigh in favor of delaying consideration of Plaintiffs' motion for summary judgment. The first, "whether a stay will unduly prejudice or tactically disadvantage the non-moving party," County Mot. 3 (quoting *Stokes v. Aging & In-Home Servs. of Ne. Ind., Inc.*, 2009 WL 5177149, at *1 (N.D. Ind. 2009), weighs decisively in Plaintiffs' favor. As explained in Plaintiffs' response to the State's Rule 56(d) motion, time is of the essence in determining whether Plaintiffs are suffering an ongoing deprivation of their Second Amendment rights; a stay of any length substantially risks that the Individual Plaintiffs will not be afforded effective relief. *See* Pls.' Resp. in Opp'n to the State Defs.' Mot. Pursuant to Fed. R. Civ. P. 56, Doc. 61 at 9–10 (Oct. 7, 2021) ("Pls.' Resp."). The County Defendants, confusingly, ignore the harms Plaintiffs have alleged they continue to suffer and suggest "Plaintiffs will not be prejudiced by a stay, because the motions to dismiss have been fully briefed." County Mot. 4. That is irrelevant.

The second factor, "whether the stay will simplify the issues in question and streamline the trial" also weighs in favor of Plaintiffs. County Mot. 3 (quoting *Stokes*, 2009 WL 5177149, at *1). That a motion to dismiss has been filed and could possibly reduce the number of claims or defendants in a case is not a reason to halt litigation. *See Fields v. Alcon Labs., Inc.*, No. 3:13-cv-197, 2013 WL 12173239, at *1 (S.D. Ill. June 24, 2013). In fact, this case will be *significantly* streamlined by simultaneous consideration of Plaintiffs' motion for summary judgment and Defendants' motions to dismiss. While it is possible, if the Court considers only the motions to dismiss, that those motions *could* remove some Defendants or some claims from the case, that

alone is no basis to put the rest of the case on hold. And if that motion is denied the further clarification that will be provided by a ruling on Plaintiffs' summary judgment motion will be needlessly delayed.

"Summary judgment need not await discovery when the material facts are undisputed," *Walsh v. Heilman*, 472 F.3d 504, 505 (7th Cir. 2006), and it need not await a ruling on a motion to dismiss either. Simultaneous consideration of such motions is commonplace, *see, e.g.*, *Collins v. Yellen*, 141 S. Ct. 1761, 1775 (2021) (citing *Collins v. FHFA*, 254 F. Supp. 3d 841 S.D. Tex. 2017); *Hirschfeld v. BATFE*, 417 F. Supp.3d 747, 750 (W.D. Va. 2019), *rev'd*, 5 F.4th 407 (4th Cir. 2021), *vacated as moot*, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), and specifically contemplated by the Federal Rules of Civil Procedure, FED. R. CIV. P. 56(b); *id.* advisory committee note to 2009 amendments (noting possibility of motion for summary judgment "as early as the commencement of the action"). In this case, as discussed at length in Plaintiffs' opposition to the State's motion, *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) establishes that the issues presented by Plaintiffs' complaint are purely legal and amenable to resolution on early summary judgment. Pls.' Resp. 5–6. Simultaneous consideration of dispositive motions from all parties is the most streamlined way to resolve this case.

For the same reasons, the third factor, "whether a stay will reduce the burden of litigation on the parties and on the court" favors Plaintiffs. County Mot. 3 (quoting *Stokes*, 2009 WL 5177149, at *1). Courts have denied similar motions where the burden of litigation would weigh much more heavily on the movant. In *Fields*, for example, the court declined to enter a stay, writing:

> Neither the novelty of Plaintiff's theories nor the fact that discovery is expensive warrants a stay in this matter. Defendants argue that 'hundreds if not thousands of hours' o[f] attorney and client time will be devoted to discovery in addition to time

4

> that will be spent litigating the scope of discovery. None of these points are particularly unique to this case.

2013 WL 12173239, at *1. *This* case, however, *is* unique in that regard. It requires no discovery at all, so the burden of litigation is unusually low. In fact, all that the County Defendants need to do is file a single response brief opposing Plaintiffs' motion for summary judgment, and their work in this Court will effectively be done. All three factors therefore favor denying the request for a stay.

Perhaps aware of the weakness of their motion, the County Defendants raise the issue of qualified immunity and argue that the presence of that defense should push this Court to halt proceedings until it has decided whether qualified immunity bars some of the claims in this action. The main problem with this argument is that there are no claims to which immunity could attach remaining in this case. The County Defendants act as though there are, despite acknowledging that Plaintiffs "agreed to dismiss the individual capacity claims against the defendants and withdraw the claims for nominal damages." County Mot. 2; Br. in Opp'n to Defs.' Mots. to Dismiss, Doc. 55 at 5 n.1 (Sept. 13, 2021). Nothing more is required to remove those issues from the case. *See Weiler v. Household Fin. Corp.*, 1995 WL 452977, at *9 (N.D. Ill. July 27, 1995), *aff'd* 101 F.3d 519 (7th Cir. 1996) (Plaintiff "states in her response brief, 'At this time, Plaintiff has agreed to dismiss Counts II and III . . . respectively.' Accordingly, the said Counts are hereby dismissed pursuant to agreement.") (citations omitted). The County Defendants suggest that Plaintiffs should have dismissed the claims under Rule 41, but Rule 41 only allows dismissal of an entire *action*, not individual *claims*. *See* FED. R. CIV. P. 41; *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). Plaintiffs therefore could not have acted under Rule 41 to dismiss their individual capacity claims, and there was no need to in any event given their concession to the claims being dismissed in response to the motion to dismiss. There are, therefore, no claims remaining to which qualified

5

immunity could possibly attach; even if the County Defendants' assertions regarding stays related to qualified immunity were correct, they have no impact on this case.

In any event, Plaintiffs have sought summary judgment only on claims from which the County Defendants cannot claim immunity. *See* Pls.' Mot. for Summ. J., Doc. 56 at 18 (Sept. 17, 2021) ("Plaintiffs respectfully move pursuant to Federal Rule of Civil Procedure 56 for summary judgment on all claims against all Defendants *in their official capacities*.") (emphasis added). Even if there were qualified immunity issues *in the case* (and there no longer are), those issues are not implicated by the summary judgment motion, and therefore qualified immunity provides no basis to delay resolution of that motion.

As Plaintiffs have explained, what *does* have impact on this case is the passage of time. Plaintiffs will not reiterate in full here what they said in their response to the State's Rule 56(d) motion, but the Defendants' attempts to defer consideration of the merits in this case is not harmless. Any delay in considering Plaintiffs' motion lengthens the ongoing deprivation of the Individual Plaintiffs' rights, *see Ezell v. City of Chicago*, 651 F.3d 684, 698–99 (7th Cir. 2011), and makes it increasingly likely that they will never reap the benefit of any ruling in their favor, *Hirschfeld*, 2021 WL 4301564, at *1.

## Conclusion

For the foregoing reasons, the Court should deny the County Defendants' motion for a stay.

Dated: October 15, 2021

Respectfully submitted,

s/David H. Thompson

| | |
|---|---|
| Christian D. Ambler | David H. Thompson* |
| STONE & JOHNSON, CHTD. | Peter A. Patterson* |
| 111 West Washington Street | William V. Bergstrom* |
| Suite 1800 | COOPER & KIRK, PLLC |
| Chicago, Illinois 60602 | 1523 New Hampshire Avenue, N.W. |
| (312) 332-5656 | Washington, D.C. 20036 |
| cambler@stonejohnsonlaw.com | (202) 220-9600 |

| | |
|---|---|
| | (202) 220-9601 (fax) |
| David G. Sigale (Atty. ID# 6238103) | dthompson@cooperkirk.com |
| LAW FIRM OF DAVID G. SIGALE, P.C. | ppatterson@cooperkirk.com |
| 430 West Roosevelt Road | wbergstrom@cooperkirk.com |
| Wheaton, Illinois 60187 | |
| (630) 452-4547 | *Admitted *pro hac vice* |
| dsigale@sigalelaw.com | |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I caused the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

Christian D. Ambler
STONE & JOHNSON, CHTD.
111 West Washington Street
Suite 1800
Chicago, Illinois 60602
(312) 332-5656
cambler@stonejohnsonlaw.com

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, Illinois 60187
(630) 452-4547
dsigale@sigalelaw.com

s/David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*