## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of Illinois, et al.,<br><br>   Defendants. | No. 3:21-cv-00518-SMY<br><br>Hon. Staci M. Yandle |

### FAYETTE AND KENDALL COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

 January 6, 2023

 Bhairav Radia #6293600
 Joseph D. Bracey, Jr. #6322428
 OKGC Law, LLC
 650 Dundee Road, Suite 475
 Northbrook, IL 60062
 Phone: 847-291-0200
 bradia@okgc.com; jbracey@okgc.com

 *Attorneys for defendants Brenda Mathis, Fayette County State's Attorney; Ronnie Stevens, Fayette County Sheriff; Eric Weiss, Kendall County State's Attorney; and Dwight Baird, Kendall County Sheriff; each in his or her official capacity*

## **TABLE OF CONTENTS**

Introduction ...................................................................................................................................3

County Defendants' Undisputed Material Facts ............................................................................4

Argument .......................................................................................................................................5

    I.       Plaintiffs' claims against the Fayette County defendants are moot. ............................5

    II.      Plaintiffs' claims against the Kendall County defendants fail because there is no case or controversy between these parties. ..................................................................6

Certificate of Service .....................................................................................................................9

**Introduction**

Plaintiffs David Meyer and Eva Davis (collectively, the "Individual Plaintiffs") along with Plaintiffs Second Amendment Foundation ("SAF"), Illinois State Rifle Association ("ISRA"), and Firearms Policy Coalition ("FPC") (collectively, the "Organizational Plaintiffs") challenge four statutes (720 ILCS 5/24-1(a)(4)(iv); 720 ILCS 5/24-1(a)(10)(iv); 720 ILCS 5/24-1.6(a)(3)(I); and 430 ILCS 66/25(1)) (collectively, the "Challenged Statutes") that they allege prohibit 18-to-20 year old's from carrying firearms outside of the home, in violation of the Second Amendment. Plaintiffs bring suit against Kwame Raoul, in his official capacity as Attorney General of Illinois, Brendan Kelly, in his official capacity as Director of the Illinois State Police (collectively, the "State Defendants"), and the State's Attorneys and Sheriffs from Fayette and Kendall Counties, each in his or her official capacity (collectively, the "County Defendants").[1]

The County Defendants filed a motion to dismiss plaintiffs' original complaint because, among other reasons, the County Defendants are not proper parties and there is no case or controversy between plaintiffs and them. ECF #47. Plaintiffs have since filed an amended complaint in which they no longer raise any individual capacity claims, do not seek compensatory or nominal damages, and instead, only seek prospective declaratory and injunctive relief against the defendants in their official capacities, as well as costs and attorney's fees. ECF #88 at 20-21, ¶¶ 86-89. However, the County Defendants are entitled to summary judgment because (I) plaintiffs' claims against the Fayette County defendants are moot and (II) plaintiffs' claims against the Kendall County defendants fail because there is no case or controversy between the parties.

---

[1] Brenda Mathis is the current State's Attorney for Fayette County and Ronnie Stevens is the current Sheriff for Fayette County. As such, they are automatically substituted in place of former State's Attorney Joshua Morrison and former Sheriff Christopher Palmer. *See* Fed. R. Civ. P. 25(d).

Further, to the extent the Court finds any of the County Defendants are proper parties, they hereby adopt and incorporate the State Defendants' arguments regarding the limits of the Organizational Plaintiffs' standing and the merits of the constitutional challenge. State Defs.' Brief, ECF #__, Argument §§ II-III.

## County Defendants' Undisputed Material Facts (CD UMF)

1-45. The County Defendants hereby adopt and incorporate the State Defendants' Undisputed Material Facts and all exhibits in support thereof. *See* State Defs.' Brief, ECF #__ at 2-9, ¶¶ 1-45.

46. Employees or agents of the County Defendants' respective offices cannot issue a Firearm Owners Identification Card under the Firearm Owners Identification Card Act, 430 ILCS 65/0.01 *et seq*. Pls.' Resp. to County Defs.' First Req. for Admission, ECF #95, ¶¶ 1, 6, 11, 16.

47. Employees or agents of the County Defendants' respective offices cannot issue a "license" to carry a concealed handgun under the Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq*. ECF #95, ¶¶ 2, 7, 12, 17.

48. Employees or agents of the County Defendants' respective offices have not arrested, detained, threatened to prosecute, or criminally charged the Individual Plaintiffs for any alleged violation of unlawful use of a weapon pursuant to 720 ILCS 5/24-1. ECF #95, ¶¶ 3, 8, 13, 18.

49. Employees or agents of the County Defendants' respective offices have not arrested, detained, threatened to prosecute, or criminally charged the Individual Plaintiffs for any alleged violation of aggravated unlawful use of a weapon pursuant to 720 ILCS 5/24-1.6. ECF #95, ¶¶ 4, 9, 14, 19.

50. Employees or agents of the County Defendants' respective offices have not arrested, detained, threatened to prosecute, or criminally charged the Individual Plaintiffs for any alleged violation of unlawful possession of firearms and firearm ammunition pursuant to 720 ILCS 5/24-3.1. ECF #95, ¶¶ 5, 10, 15, 20.

## Argument

The Court should grant summary judgment in favor of the County Defendants because (I) plaintiffs' claims against the Fayette County defendants are moot and (II) plaintiffs' claims against the Kendall County defendants fail because there is no case or controversy between the parties. Further, to the extent the Court finds any of the County Defendants are proper parties, they hereby adopt and incorporate the State Defendants' arguments regarding the limits of the Organizational Plaintiffs' standing and the merits of the constitutional challenge. State Defs.' Brief, ECF #__, Argument §§ II-III.

### I. Plaintiffs' claims against the Fayette County defendants are moot.

Federal courts have no authority to decide questions that cannot affect the rights of parties. *N.J. by Jacob v. Sonnabend*, 37 F.4th 412, 421 (7th Cir. 2022). As such, an actual controversy must exist through all stages of the litigation and when a suit becomes moot there is no longer a case or controversy. *Id*. During the pendency of this litigation, individual plaintiff David Meyer turned 21 and plaintiffs concede his claims are now moot. Pls.' Brief, ECF #99 at 3 ("Plaintiffs Meyer and Nalley have turned 21, rendering their claims moot . . . ."), at 4 ("In light of *Bruen* and the mootness of Plaintiff Nalley's claims, Plaintiffs amended their Complaint to drop Plaintiff Nalley (Plaintiff Meyer has since turned 21 as well) . . . "). Judicial admissions have "the effect of withdrawing" a question of fact from contention for purposes of summary judgment. *See Crest*

*Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005). Therefore, the Court should enter summary judgment in favor of the Fayette County defendants.

### II. Plaintiffs' claims against the Kendall County defendants fail because there is no case or controversy between the parties.

Article III of the U.S. Constitution allows federal courts to consider only justiciable cases or controversies. Art. III, § 2, cl. 1. Standing is the "core component" and an "irreducible constitutional minimum" of the case or controversy requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to demonstrate the "well established" elements for Article III standing, plaintiffs must show "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by the requested relief." *Fed. Election Comm'n v. Cruz*, (2022) (citing *Lujan*, 504 U.S. at 560-61). As the parties invoking federal jurisdiction, plaintiffs bear the burden of establishing these elements by setting forth specific facts or other evidence in response to the defendants' summary judgment motion. *Lujan*, 504 U.S. at 561 (citing Fed. R. Civ. P. 56(e)).

Here, plaintiffs cannot demonstrate an injury in fact or causation by the Kendall County defendants. An alleged injury must be "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560-61. A particularized injury "affect[s] the plaintiff in a personal and individual way," *id*. at 560 n.1, whereas a concrete injury exists and is "real," rather than "abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 856 (2016). While the concept of an injury in fact is somewhat more elastic under a pre-enforcement challenge, it still requires plaintiffs demonstrate an actual impending harm:

> Because it would be both foolhardy and unfair to always force a plaintiff to break a law to challenge its legitimacy, the Supreme Court has outlined circumstances in which a party may advance a preenforcement challenge before suffering any injury—so long as the threatened enforcement is "sufficiently imminent." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2007). Meeting this standard

>requires allegations of both "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and "a credible threat of prosecution thereunder." *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 15-16 (2010) (explaining that a history of enforcement, threat of future enforcement, and intention to commit similar conduct in future created an imminent-enough injury to bring preenforcement challenge).

*Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021). With regard to the sole remaining individual plaintiff, Eva Davis, she cannot demonstrate any "sufficiently imminent" threat of enforcement. For starters, no agents or employees of the Kendall County defendants' respective offices have ever taken *any action* against her in connection with her desire to keep or bear a firearm. *See* CD UMF ¶¶ 48-50. In other words, plaintiff sued the Kendall County defendants simply because Davis resides in Kendall County—not because their offices have done anything to infringe upon her constitutional rights. But residing in Kendall County is not enough of a factual basis to demonstrate "a credible threat of prosecution" and instead, she must go further. Here, plaintiffs must identify other related criminal arrests or prosecutions by the Kendall County defendants to show a history of enforcement. *See Holder*, 561 U.S. at 15; *see also ACLU v. Alvarez*, 679 F.3d 583 (7th Cir. 2012) (standing where Illinois eavesdropping statute prohibited individuals from filming police officers in public plainly prohibited ACLU's proposed recording and ACLU had identified three recent prosecutions filed by Cook County State's Attorney). They cannot do so.

As such, there is no case or controversy between these parties because Davis can demonstrate neither an injury in fact nor causation by these defendants. *See Lujan*, 504 U.S. at 560-61 (injury in fact cannot be "the result of the independent action of some third party" because standing requires a "causal connection" between the injury and each defendant's conduct); *see also Sweeney*, 990 F.3d at 559 (injury must be "traceable to the defendant"). There is no dispute that the Kendall County defendants cannot issue a Concealed Carry License as that statutory task

7

belongs to the Director of the Illinois State Police. CD UMF ¶¶ 46-47. While this case no doubt involves an important question regarding plaintiffs' rights to keep and bear arms under the Second Amendment, the Kendall County defendants simply have nothing to do with the question or the answer. Because there is no causation *by these defendants*, plaintiffs' claims against them must fail. *See Sweeney*, 990 F.3d at 560-61 (no standing for pre-enforcement challenge where union "asked an important question" but did not allege Attorney General had "taken even a single step along the path to enforcement" and had not "taken any action risking or imposing any injury" on the plaintiff). As such, the Kendall County defendants are entitled to summary judgment.

WHEREFORE, the County Defendants request the Court grant summary judgment in their favor on all claims pursuant to Fed. R. Civ. P. 56.

| | |
|---|---|
| Bhairav Radia #6293600<br>Joseph D. Bracey, Jr. #6322428<br>OKGC Law, LLC<br>650 Dundee Road, Suite 475<br>Northbrook, IL 60062<br>Phone: 847-291-0200<br>Email: bradia@okgc.com<br>         jbracey@okgc.com | Respectfully submitted,<br><br>**Brenda Mathis, Fayette County State's Attorney; Ronnie Stevens, Fayette County Sheriff; Eric Weiss, Kendall County State's Attorney; and Dwight Baird, Kendall County Sheriff, each in his or her official capacity**<br><br>By: *s/ Joseph D. Bracey, Jr.* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, in his official capacity<br>as Attorney General of Illinois, et al.,<br><br>        Defendants. | No. 3:21-cv-00518-SMY<br><br>Hon. Staci M. Yandle |

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I caused the foregoing **Fayette and Kendall County Defendants' Motion for Summary Judgment & Memorandum of Law** to be electronically filed with the Clerk of Court using the CM/ECF system, pursuant to SDIL-LR 26.1(b)(1), which will send notification to the following registered participants:

**David Sigale**
Law Firm of David G. Sigale, P.C.
dsigale@sigalelaw.com
**David Thompson**
**Peter Patterson**
**William Bergstrom**
Cooper & Kirk, PLLC
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Attorneys for plaintiffs*

**Laura Bautista**
**Isaac Freilich Jones**
**Aaron Wenzloff**
Illinois Attorney General's Office
laura.bautista@ilag.gov
isaac.freilichjones@ilag.gov
aaron.wenzloff@ilag.gov
*Attorneys for defendants Brendan Kelly
and Kwame Raoul*

By: *s/ Joseph D. Bracey, Jr.*

9