# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| David H. Thompson<br>dthompson@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9600<br>Fax (202) 220-9601 |

April 10, 2023

**VIA CM/ECF**

Monica A. Stump
Clerk of Court
United States District Court for the Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

   **RE:** *Meyer, et al. v. Raoul, et al.*, No. 21-cv-518 (SMY)

Dear Ms. Stump,

  In *Worth v. Harrington*, No. 21-CV-1348, 2023 WL 2745673 (D. Minn. March 31, 2023), the court declared unconstitutional a Minnesota law that, like the laws at issue here, barred 18-to-20-year-olds from lawfully carrying handguns in public for self-defense. The decision faithfully applied the Supreme Court's decision in *Bruen* and is instructive on every point in this case.

  In applying the first part of the *Bruen* analysis, the *Worth* court correctly concluded that "the Second Amendment's plain text is better read to include adults 18 and older in its protections" on the same grounds that Plaintiffs have urged the Court to do so here. *Worth*, at *6–9; *see* Pls.' MSJ Br. 5–10, Doc. 99 (Jan. 1, 2023); Pls.' Resp. Br. 12–15, Doc. 119 (Feb. 6, 2023).

  Turning to history, *Worth* concluded that Minnesota "failed to identify analogous regulations that show a historical tradition … of depriving 18-20-year-olds the right to publicly carry a handgun for self-defense." *Worth*, at *9. In so doing, the court demonstrated the proper way to apply *Bruen*'s historical analysis in this case.

  *First*, *Worth* focused its analysis on the Founding period, explaining that *Bruen* gave "rather clear signs that the Supreme Court favors 1791 as the date for determining the historical snapshot of 'the people' whose understanding of the Second Amendment matters." *Worth*, at *10–12; *see also* Pls.' MSJ Br. at 11–13.

  *Second*, in examining Founding era analogues, *Worth* declined to rely on restrictions imposed by colleges on their students as well as expert testimony from Saul Cornell—also the State Defendants' expert in this case—which it could not "discern how to incorporate . . . into *Bruen*'s mandated approach to analogical reasoning." *Worth*, at *12–15; *see also* Pls.' Resp. at 18.

Cooper & Kirk
      Lawyers

Monica A. Stump
April 10, 2023
Page 2 of 2

     *Third*, in analyzing many of the same Reconstruction-era laws that Defendants have cited here, *Worth* found that none of the purported analogues "burden[ed] the Second Amendment right in a manner distinctly similar to the age requirement [in] Minnesota's permit-to-carry law." *Worth*, at *16; *see* Pls.' MSJ Br. 15–18; Pls.' Resp. at 20–25.

                                                        Sincerely,

                                                        *s/ David H. Thompson*
                                                        David H. Thompson
                                                        Counsel for Plaintiffs

cc: All counsel of record