UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, EVA DAVIS, SECOND AMENDMENT FOUNDATION, ILLINOIS STATE RIFLE ASSOCIATION, AND FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, JOSHUA C. MORRISON, in his official capacity as State's Attorney of Fayette County, Illinois  ERIC WEIS, in his official capacity as State's Attorney of Kendall County, Illinois, CHRISTOPHER PALMER, in his official capacity as Sheriff of Fayette County, Illinois, and DWIGHT A. BAIRD, in his official capacity as Sheriff of Kendall County, Illinois<br><br>Defendants. | 21-cv-518-SMY |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1. The State Defendants are seeking leave, pursuant to Local Rule 7.1(a)(6), to file supplemental authority in support of their motion for summary judgment (Doc. 101) and response in opposition to Plaintiffs' motion for summary judgment (Doc. 117).

2. Plaintiffs challenge four statutes (720 ILCS 5/24-1(a)(4)(iv); 720 ILCS 5/24-1(a)(10)(iv); 720 ILCS 5/24-1.6(a)(3)(I); and 430 ILCS 66/25(1)) (collectively, the "Challenged Statutes") that they allege prohibit 18-to-20 year olds from carrying firearms outside of the home, in violation of the Second Amendment.

3. On December 8, 2023, the District Court for the Southern District of California issued an opinion in *Jones v. Bonta*, 2023 U.S. Dist. LEXIS 219150 (S.D. Cal. Dec. 8, 2023). There, the District

Court denied plaintiffs' motion for preliminary injunction in favor of the State of California. Plaintiffs challenged two California Senate Bills ("SB"): (1) SB 1100, which restricts the sale, rental, delivery or transfer of long guns to any person under the age of 21, unless the individual has a valid, unexpired hunting license, is an active-duty member of the Armed Forces, is an active-duty peace-officer, or honorably discharged member of the Armed Forces; and (2) SB 61, which prohibited the sale of semiautomatic centerfire refiles by federally licensed firearms dealers to individuals under age 21 with exceptions for active duty or reserve law enforcement officers who are authorized to carry a firearm in the court of their employment, or active-duty or reserve members of the Armed Forces. *Jones*, 2023 U.S. Dist. LEXIS 219150, *2–3.

4. The District Court found historical analogues to support the age restrictions enacted by California, as evidenced by legal sources between the enactment of the Second Amendment (1791) and Fourteenth Amendment (1868), including that persons aged 18–20 were legally considered "infants" or "minors" in the Founding era; numerous states enacted age-based restrictions on the sale, gift, or loan of weapons including firearms; "University regulations of student gun ownership and possession during and after the Founding era confirm that the public understanding of the Second Amendment accepted age limitations"; and although 18-to-20-year-olds were part of the militia, this did not equate to a general right to independently commercially acquire firearms because militia service was supervised under color of law, and over a third of state militia statutes in the Founding Era enacted laws requiring parents or guardians to provide firearms to militia members under 21 who were under their charge. *Id*. at 19–24, 26, 28–29.

5. The *Jones* opinion's findings on historical firearms regulations of 18-to-20-year-olds (*19–24, 26, 28–29) directly applies to the Defendants' summary judgment motion Section III.C ("The Challenged Statutes' Restrictions on 18-to-20-Year-Olds Are Analogous To Longstanding Firearms Restrictions Throughout American History.") (Doc. 101 at 19–25); Defendants' response in opposition

to summary judgment Section II ("Compulsory Militia Service At the Founding Does Not Create A Right To Keep and Bear Arms For Those Younger Than 21.") (Doc. 117 at 7–10); and Defendants' response in opposition to summary judgment Section III ("The Historical Tradition of Regulating Minors' Possession of Firearms Supports the Constitutionality of Illinois' Concealed Carry Statutes.") (Doc. 117 at 10–13).

6. Defendants seek leave to submit *Jones* as supplemental authority, and are not requesting leave to submit further briefing as contemplated by Local Rule 7.1(a)(6). The *Jones* opinion is attached as Exhibit 1.

WHEREFORE, the State Defendants respectfully request that this Court grant them leave to submit supplemental authority in support of the State motion for summary judgment and response in opposition to Plaintiffs' motion for summary judgment.

Dated: January 25, 2024

Respectfully submitted,

KWAME RAOUL and BRENDAN F. KELLY,

Isaac Freilich Jones #6323915
Assistant Attorney General
Office of the Attorney General
115 S. LaSalle St., 31st Floor
Chicago, Illinois 60603
Isaac.FreilichJones@ilag.gov

By:/s/ Laura K. Bautista
Laura K. Bautista
Assistant Chief Deputy Attorney General
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706
Phone: (217) 782-5819
Fax: (217) 524-5091
Laura.Bautista@ilag.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, EVA DAVIS, SECOND AMENDMENT FOUNDATION, ILLINOIS STATE RIFLE ASSOCIATION, AND FIREARMS POLICY COALITION, INC.,<br><br>        Plaintiffs,<br>   v.<br>KWAME RAOUL, in his official capacity as Attorney General of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, JOSHUA C. MORRISON, in his official capacity as State's Attorney of Fayette County, Illinois  ERIC WEIS, in his official capacity as State's Attorney of Kendall County, Illinois, CHRISTOPHER PALMER, in his official capacity as Sheriff of Fayette County, Illinois, and DWIGHT A. BAIRD, in his official capacity as Sheriff of Kendall County, Illinois<br><br>        Defendants. | 21-cv-518-SMY |

## CERTIFICATE OF SERVICE

I certify that on January 25, 2024, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

            */s/ Laura K. Bautista*
            Laura K. Bautista
            Assistant Chief Deputy Attorney General