**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS**

DAVID MEYER, et al.,         )
                                 )
       Plaintiffs,         )
                                 )   CIVIL ACTION NO. 3:21-cv-
v.                         )   00518-SMY
                                 )
KWAME RAOUL, et al.,      )
                                 )
       Defendants.        )

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY
JUDGMENT RECORD**

Plaintiffs hereby respectfully move for leave to supplement the summary judgment record in this case with the attached Declaration of Jacob Fournie. Supplementation of the summary judgment record is appropriate because the claims of the Individual Plaintiffs are time-bound and may present a question of mootness when they turn 21. Plaintiffs seek to supplement the record with evidence showing the Organizational Plaintiffs have at least one other member who is an 18-to-20-year-old adult harmed by the Carry Ban and so this Court's jurisdiction is secure. Supplementation does not impact the merits of this case. In support of this motion, Plaintiffs state the following:

1.  This case involves a challenge to Illinois laws that prohibit 18-to-20-year-old adults from carrying firearms outside the home, in violation of the Second and Fourteenth Amendments to the United States Constitution.

2.  All parties have filed motions for summary judgment, which are currently pending before the Court. *See* Docs. 98, 99, 100, 101.

3.   Plaintiffs seek leave to supplement the summary judgment record with evidence of the continued standing of Plaintiffs Firearms Policy Coalition, Second Amendment Foundation, and Illinois State Rifle Association.

4.   Plaintiffs FPC, SAF, and ISRA have all asserted claims on behalf of their 18-to-20-year-old members who are adversely impacted by Defendants' enforcement of the challenged law.

5.   They have been accompanied in this suit by Individual Plaintiffs who are their members. The youngest of these is Eva Davis. Davis turns 21 later this month and the laws at issue here will cease to infringe her Second Amendment rights when she does.

6.   To avoid any suggestion of mootness in this case, Plaintiffs are submitting, along with this motion, a declaration from Jacob Fournie. *See* Decl. of Jacob Fournie (attached as Exhibit A) ("Fournie Decl.").

7.   Fournie is an 19-year-old member of Plaintiffs FPC, SAF, and ISRA, a United States citizen, and resident of St. Clair County, Illinois. He desires to carry a handgun in public for self-defense but has refrained from doing so because the law challenged in this case makes it illegal to do so and subjects him to the threat of criminal enforcement. *See generally* Fournie Decl.

8.   Fournie is in the same position as the Individual Plaintiffs, like Davis, who, as a result of the challenged law, similarly refrained from carrying a firearm in public despite a desire and intent to do so.

9.   Because Plaintiffs FPC, SAF, and ISRA all continue to have at least one member who is injured by the challenged law, Plaintiffs retain standing to litigate this case and it is not moot. *See, e.g.*, *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1037 (6th Cir. 2022) (An organization may show "associational standing with one named member in the complaint and then maintain[] a live controversy after the original member's claim is extinguished by identifying

2

some other named member who would have a live claim in his own right."); *see also Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 930 (7th Cir. 2013) (suggesting that organization would have maintained standing if it could have found "another member in th[e] particularized position" presented by the original plaintiff member); *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1117–18 (9th Cir. 2003).

10. Furthermore, because Plaintiffs have raised a facial Second Amendment challenge to an Illinois law, the individual situations of the Plaintiffs and their members are relevant only insofar as they inform the issue of standing. Supplementing the record to include the Fournie Declaration does not alter the analysis of the merits of Plaintiffs' claims in any way. *See Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant.").

11. In similar circumstances, two Courts of Appeals have recently expanded the record on appeal to include new member declarations. *See Lara v. Comm'r of Penn. State Police*, 91 F.4th 122, 138 n.22 (3d. Cir. 2024); Order Granting Mot. to Suppl. the Record, *Reese v. BATFE*, No. 23-30033 (5th Cir. Jan. 30, 2024), Doc. 92.

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion and supplement the summary judgment record with the attached declarations.

March 22, 2024                                        Respectfully submitted,

David G. Sigale (Atty. ID# 6238103)       /s/ David H. Thompson
LAW FIRM OF DAVID G. SIGALE, P.C.       David H. Thompson*
55 West 22nd Street, Suite 230              Peter A. Patterson*
Lombard, IL 60148                              William V. Bergstrom*
(630) 452-4547                                 COOPER & KIRK, PLLC
dsigale@sigalelaw.com                        1523 New Hampshire Avenue, N.W.
                                                   Washington, D.C. 20036

(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

4

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF ILLINOIS

DAVID MEYER, et al.,                   )
                                       )
     Plaintiffs,                )
                                       )   CIVIL ACTION NO. 3:21-cv-
v.                                     )   00518-SMY
                                       )
KWAME RAOUL, et al.,                   )
                                       )
     Defendants.                )

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I cause the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

| | |
|---|---|
| David G. Sigale (Atty. ID# 6238103) | /s/ David H. Thompson |
| LAW FIRM OF DAVID G. SIGALE, P.C. | David H. Thompson* |
| 55 West 22nd Street, Suite 230 | Peter A. Patterson* |
| Lombard, IL 60148 | William V. Bergstrom* |
| (630) 452-4547 | COOPER & KIRK, PLLC |
| dsigale@sigalelaw.com | 1523 New Hampshire Avenue, N.W. |
| | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | dthompson@cooperkirk.com |
| | ppatterson@cooperkirk.com |
| | wbergstrom@cooperkirk.com |

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*