IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:21-cv-<br>) 00518-SMY ) |
| KWAME RAOUL, et al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

1. Plaintiffs seek leave, pursuant to Local Rule 7.1(a)(6), to file supplemental authority in support of their motion for summary judgment, Pls'. Mot. Summ. J., Doc. 99 (Jan. 6, 2023), and response in opposition to Defendants' motions for summary judgment, Pls'. Resp., Doc. 119 (Feb. 6, 2023).

2. On July 16, 2024, the Eighth Circuit issued an opinion in *Worth v. Jacobson*, No. 23-2248, 2024 WL 3419668 (8th Cir. July 16, 2024). Like this case, *Worth* involved a challenge to a state law restricting the rights of 18-to-20-year-olds to carry firearms in public and the court's opinion is instructive on several issues relevant here.

3. Following *Bruen*'s instructions, *Worth* began with the question of whether 18-to-20-year-olds are "part of the people[.]" Slip Op. at 11. Under the "normal and ordinary meaning of the text," the court concluded the answer was yes. *Id.* at 12 (cleaned up). The court rejected Minnesota's argument, parallel to the State's in this case, *see* State Mot. Summ. J., Doc. 101 at 17–19 (Jan. 6, 2023), that 18-to-20-year-olds fall outside the Second Amendment's textual scope because they were below the "age of majority" at the Founding, reasoning that the Second Amendment's plain text extends to "all members of the political community," and that "[e]ven if

1

the 18 to 20-year-olds were not members of the political community at common law, they are today." *Worth*, Slip Op. at 14, 16 (cleaned up).

4. *Worth* next concluded that the government failed to show that its age-based restriction was consistent with history. It read *Bruen* as "strongly suggest[ing] that we should prioritize Founding-era history" and concluded that none of the Founding-era restrictions cited by the State—including several of the same types of laws cited by the State here—were relevantly similar to the challenged restriction. *Id.* at 18–23; *see* State Mot. Summ. J. at 20–21. Finally, while the *Worth* court found it "questionable whether the Reconstruction-era sources have much weight," Slip Op. at 24, it also rejected Minnesota's proffered analogues from this era as insufficient. These nineteenth-century laws, the court held, "have serious flaws even beyond their temporal distance from the founding"—including that many of them applied only to a certain manner of carry or "included exceptions for parental permission or self-defense." *Id.* at 25–26 (cleaned up). The catalog of nineteenth-century laws rejected by the Eighth Circuit includes the same sorts of laws relied upon by the Government in this case. *See* State Mot. Summ. J. at 21–24.

5. Plaintiffs seek leave to submit *Worth* as supplemental authority and are not requesting leave to submit further briefing as contemplated by Local Rule 7.1(a)(6). The *Worth* opinion is attached hereto as Exhibit A.

WHEREFORE, the Plaintiffs respectfully request that this Court grant them leave to submit supplemental authority in support of Plaintiffs' motion for summary judgment and response in opposition to Plaintiffs' motion for summary judgment.

| | |
|---|---|
| July 19, 2024 | Respectfully submitted, |
| David G. Sigale (Atty. ID# 6238103)<br>LAW FIRM OF DAVID G. SIGALE, P.C.<br>55 West 22nd Street, Suite 230<br>Lombard, IL 60148 | /s/ David H. Thompson<br>David H. Thompson*<br>Peter A. Patterson*<br>William V. Bergstrom* |

| | |
|---|---|
| 630.452.4547<br>dsigale@sigalelaw.com | COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com |

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*