IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:21-cv- ) 00518-SMY ) |
| KWAME RAOUL, et al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD**

Plaintiffs hereby respectfully move for leave to supplement the summary judgment record in this case with the attached Declaration of Austin Krebs. Supplementation of the summary judgment record is appropriate because the claims of any individual seeking to challenge the Carry Ban are time-bound and may present a question of mootness when they turn 21. Plaintiffs seek to supplement the record with evidence showing the Organizational Plaintiffs have at least one other member who is an 18-to-20-year-old adult harmed by the Carry Ban and so this Court's jurisdiction is secure. Supplementation does not impact the merits of this case. In support of this motion, Plaintiffs state the following:

1. This case involves a challenge to Illinois laws that prohibit 18-to-20-year-old adults from carrying firearms outside the home, in violation of the Second and Fourteenth Amendments to the United States Constitution.

2. All parties have filed motions for summary judgment, which are currently pending before the Court. *See* Docs. 98, 99, 100, 101.

1

3. Plaintiffs seek leave to supplement the summary judgment record with evidence of the continued standing of Plaintiffs Firearms Policy Coalition, Second Amendment Foundation, and Illinois State Rifle Association.

4. Plaintiffs FPC, SAF, and ISRA have all asserted claims on behalf of their 18-to-20-year-old members who are adversely impacted by Defendants' enforcement of the challenged law.

5. They have identified Jacob Fournie as a member with standing to challenge this law. *See* Pls.' Mot. to Suppl. the Summ. J. R., Doc. 134 (Mar. 22, 2024). Fournie turns 21 later this month and the laws at issue here will cease to infringe his Second Amendment rights when he does.

6. To avoid any suggestion of mootness in this case, Plaintiffs are submitting, along with this motion, a declaration from Austin Krebs. *See* Decl. of Austin Krebs (attached as Exhibit A) ("Krebs Decl.").

7. Krebs is a 19-year-old member of Plaintiffs FPC, SAF, and ISRA, a United States citizen, and a resident of Illinois. He desires to carry a handgun in public for self-defense but has refrained from doing so because the law challenged in this case makes it illegal to do so and subjects him to the threat of criminal enforcement. *See generally* Krebs Decl.

8. Krebs is in the same position as the original Individual Plaintiffs to this action, like Eva Davis, or the prior declarant, Fournie, who, as a result of the challenged law, similarly refrained from carrying a firearm in public despite a desire and intent to do so.

9. Because Plaintiffs FPC, SAF, and ISRA all continue to have at least one member who is injured by the challenged law, Plaintiffs retain standing to litigate this case and it is not moot. *See, e.g.*, *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1037 (6th Cir. 2022) (An organization may show "associational standing with one named member in the complaint and then maintain[] a live controversy after the original member's claim is extinguished by identifying

some other named member who would have a live claim in his own right."); *see also Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 930 (7th Cir. 2013) (suggesting that organization would have maintained standing if it could have found "another member in th[e] particularized position" presented by the original plaintiff member); *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1117–18 (9th Cir. 2003).

10. Furthermore, because in a challenge like this one, the individual situations of the Plaintiffs and their members are relevant only insofar as they inform the issue of standing, supplementing the record to include the Krebs Declaration does not alter the analysis of the merits of Plaintiffs' claims in any way. *See, e.g.*, *Worth v. Jacobson*, 108 F.4th 677, 686 (8th Cir. 2024).

11. In similar circumstances, three Courts of Appeals have expanded the record on appeal to include new member declarations. *See Worth*, 108 F.4th at 686–87; *Lara v. Comm'r of Penn. State Police*, 125 F.4th 428, 445 n.28 (3d. Cir. 2025); Order, *Reese v. BATFE*, No. 23-30033, Doc. 92 (5th Cir. Jan. 30, 2024).

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion and supplement the summary judgment record with the attached declarations.

June 5, 2025

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
(630) 452-4547
dsigale@sigalelaw.com

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

3

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MEYER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:21-cv-00518-SMY ) |
| KWAME RAOUL, et al., | ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, I cause the foregoing to be filed using the CM/ECF system, which will send notification of such filing to counsel of record, who are registered CM/ECF participants.

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
(630) 452-4547
dsigale@sigalelaw.com

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

5